No. 22-10511

# In the United States Court of Appeals for the Fifth Circuit

---

UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE

*v.*

HOLLIS MORRISON GREENLAW; BENJAMIN LEE WISSINK;
CARA DELIN OBERT; JEFFREY BRANDON JESTER,
DEFENDANTS-APPELLANTS

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS (CRIM. NO. 21-289)
(THE HONORABLE REED O'CONNOR, J.)*

---

**RECORD EXCERPTS**

---

PAUL E. PELLETIER
LAW OFFICES OF PAUL E. PELLETIER
  *3500 Morningside Drive*
  *Fairfax, VA 22031*

ROSE L. ROMERO
ROMERO KOZUB
  *325 N.E. Loop 820, Suite 310*
  *Hurst, TX 76053*

KANNON K. SHANMUGAM
BRIAN M. LIPSHUTZ
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, N.W.*
  *Washington, DC 20006*
  *(202) 223-7300*

HILLARY S. BLACK
DANIELLE J. MARRYSHOW
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *1285 Avenue of the Americas*
  *New York, NY 10019*

# TABLE OF CONTENTS

Page

1. District court docket sheet ...........................................................ROA.1-43

2. Notice of appeal (May 20, 2022).........................................ROA.7845-7846

3. Indictment (Oct. 15, 2021) ...........................................................ROA.44-69

4. Jury verdict (Jan. 21, 2022) ...................................................ROA.7037-7046

5. Judgment (May 23, 2022)......................................................ROA.7847-7850

6. Ruling on oral motion for acquittal (Jan. 18, 2022).....................ROA.9600

7. Ruling on second oral motion for acquittal (Jan. 19, 2022) ...........................................................................................ROA.9932

8. Order on motions for acquittal (May 18, 2022) .................ROA.7725-7726

9. Order on motions for new trial (May 18, 2022) .................ROA.7733-7741

10. Excerpts of defendants' proposed jury charge (Dec. 29, 2021) ......................................................................ROA.5705-5706

11. Excerpts of charge of the Court (Jan. 21, 2022) .....ROA.7023-7024, 7032

12. Excerpts of trial testimony ....... ROA.7936, 8594, 8649, 8664, 8672, 8675, 8701-8702, 9353, 9478-9479, 9481, 9485-9486, 9689, 9692-9696, 9923-9927, 10054

13. Excerpts of defendants' trial exhibits.............. ROA.85621, 95628, 95866, 125413

14. Certificate of service

# TAB 1

APPEAL,CLOSED,EXH-ADM

# U.S. District Court
# Northern District of Texas (Fort Worth)
# CRIMINAL DOCKET FOR CASE #: 4:21-cr-00289-O-1

Case title: USA v. Greenlaw et al

Date Filed: 10/15/2021
Date Terminated: 05/23/2022

Assigned to: Judge Reed C. O'Connor

### Defendant (1)

**Hollis Morrison Greenlaw**
*TERMINATED: 05/23/2022*

represented by **Paul E Pelletier**
Law Offices of Paul E Pelletier
3500 Morningside Drive
Fairfax, VA 22031
202-617-9151
Fax: 703-385-6718
Email: pepelletier3@gmail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Not Admitted*

**Elizabeth Ann Fitch**
Hallett & Perrin, P.C.
1445 Ross Avenue
Suite 2400
Dallas, TX 75202
214-922-4132
Fax: 214-922-4141
Email: efitch@hallettperrin.com
*TERMINATED: 12/02/2021*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

**Rose L Romero**
Law Offices of Romero | Kozub
235 NE Loop 820
Suite 310
Fort Worth, TX 76053
682-267-1351
Fax: 817-887-2288
Email: rose.romero@romerokozub.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

| **Pending Counts** | **Disposition** |
|---|---|
| | Pursuant to the Sentencing Reform Act of 1984, as amended, it is the judgment of the Court that the defendant, Hollis Morrison Greenlaw, in 4:21-CR-289-O(01), is hereby committed to the custody of the Federal Bureau of Prisons for a period of EIGHTY-FOUR (84) months as to Counts One through Ten, to run CONCURRENTLY for a TOTAL of EIGHTY-FOUR (84) months. The Court orders a fine in the amount of $50,000. It is further ordered that the defendant pay a special assessment of $1000. The Court does not order restitution. Supervised Release is Ordered for a term of FIVE (5) years, as to each count, to run concurrently, for a TOTAL of FIVE (5) years. The Court makes a non-binding recommendation to the BOP that Defendant, if appropriately classified, be allowed to serve his term of imprisonment as near as geographically possible to FCI Seagoville. The Defendant is ordered to voluntarily surrender to the designated BOP facility before 2:00 pm on Tuesday, July 5, 2022. |
| 18 U.S.C. §1349 (18 U.S.C. §1343) Conspiracy to Commit Wire Fraud Affecting a Financial Institution (1) | |
| 18 U.S.C. §1349 (18 U.S.C. §1348) Conspiracy to Commit Securities Fraud (2) | Pursuant to the Sentencing Reform Act of 1984, as amended, it is the judgment of the Court that the defendant, Hollis Morrison Greenlaw, in 4:21-CR-289-O(01), is hereby committed to the custody of the Federal Bureau of Prisons for a period of EIGHTY-FOUR (84) months as to Counts One through Ten, to run CONCURRENTLY for a TOTAL of EIGHTY-FOUR (84) months. The Court orders a fine in the amount of $50,000. It is further ordered that the defendant pay a special assessment of $1000. The Court does not order restitution. Supervised Release is Ordered for a term of FIVE (5) years, as to each count, to run concurrently, for a TOTAL of FIVE (5) years. The Court makes a non-binding recommendation to the BOP that Defendant, if appropriately classified, be allowed to serve his term of imprisonment as near as geographically possible to FCI Seagoville. The Defendant is ordered to voluntarily surrender to the designated BOP facility before 2:00 pm on Tuesday, July 5, 2022. |
| 18 U.S.C. §§1348 and 2 Securities Fraud and Aiding and Abetting (3-10) | Pursuant to the Sentencing Reform Act of 1984, as amended, it is the judgment of the Court that the defendant, Hollis Morrison Greenlaw, in 4:21-CR-289-O(01), is hereby committed to the custody of the Federal Bureau of Prisons for a period of EIGHTY-FOUR (84) months as to Counts One through Ten, to run CONCURRENTLY for a TOTAL of EIGHTY-FOUR (84) months. The Court orders a fine in the amount of $50,000. It is further ordered that the defendant pay a special assessment of $1000. The Court |

does not order restitution. Supervised Release is Ordered for a term of FIVE (5) years, as to each count, to run concurrently, for a TOTAL of FIVE (5) years. The Court makes a non-binding recommendation to the BOP that Defendant, if appropriately classified, be allowed to serve his term of imprisonment as near as geographically possible to FCI Seagoville. The Defendant is ordered to voluntarily surrender to the designated BOP facility before 2:00 pm on Tuesday, July 5, 2022.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Movant**

**United Development Funding III LP**        represented by    **Clayton L Falls**
*TERMINATED: 05/23/2022*                                        K&L Gates LLP
                                                               1717 Main Street
                                                               Suite 2800
                                                               Dallas, TX 75201
                                                               214-939-4958
                                                               Fax: 214-939-5849
                                                               Email: clayton.falls@klgates.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: Retained*
                                                               *Bar Status: Admitted/In Good Standing*

---

**Movant**

**United Development Funding IV**        represented by    **Clayton L Falls**
*TERMINATED: 05/23/2022*                                    (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Designation: Retained*
                                                           *Bar Status: Admitted/In Good Standing*

**Movant**

| | | |
|---|---|---|
| **United Development Funding Income Fund V**<br>*TERMINATED: 05/23/2022* | represented by | **Clayton L Falls**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br>*Bar Status: Admitted/In Good Standing* |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Tiffany Hope Eggers-DOJ**<br>U.S. Attorney's Office - NDTX<br>1100 Commerce Street<br>3rd Floor<br>Dallas, TX 75242<br>214-659-8600<br>Fax: 214-659-8805<br>Email: tiffany.eggers@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: US Attorney's Office*<br>*Bar Status: Not Admitted* |
| | | **Douglas Burton Brasher-DOJ**<br>United States Attorney's Office<br>NDTX, Dallas Division<br>1100 Commerce Street, Third Floor<br>Dallas, TX 75242-1699<br>214-659-8604<br>Email: douglas.brasher@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: US Attorney's Office*<br>*Bar Status: Admitted/In Good Standing* |
| | | **Elyse J Lyons-DOJ**<br>US Attorney's Office<br>Northern District of Texas<br>1100 Commerce Street<br>3rd Floor<br>Dallas, TX 75242<br>214-659-8774<br>Fax: 214-659-8805<br>Email: elyse.lyons@usdoj.gov<br>*ATTORNEY TO BE NOTICED*<br>*Designation: US Attorney's Office*<br>*Bar Status: Admitted/In Good Standing* |
| | | **Errin Martin-DOJ**<br>US Attorney's Office<br>1100 Commerce St |

Suite 300
Dallas, TX 75242
214-659-8838
Fax: 214-659-8803
Email: errin.martin@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney's Office*
*Bar Status: Admitted/In Good Standing*

**Leslie Rachael Jones-DOJ**
United States Attorney
1100 Commerce Street, 3rd Floor
Dallas, TX 75242
214-659-8614
Fax: 214-659-8803
Email: rachael.jones@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney's Office*
*Bar Status: Not Admitted*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/15/2021 | 1 | INDICTMENT with Forfeiture Notice as to Hollis Morrison Greenlaw (1) counts 1, 2, 3-10, Benjamin Lee Wissink (2) counts 1, 2, 3-10, Cara Delin Obert (3) counts 1, 2, 3-10, Jeffrey Brandon Jester (4) counts 1, 2, 3-10. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (bdb) (Entered: 10/18/2021) |
| 10/19/2021 | 7 | NOTICE OF ATTORNEY APPEARANCE by Paul E Pelletier appearing for Hollis Morrison Greenlaw (If sealed documents that you are authorized to see were previously filed by U.S. Pretrial Services or U.S. Probation, you will require assistance to gain access to them and any related filings. Please call the clerk at 214.753.2240 during business hours to request access.) (sre) (Entered: 10/20/2021) |
| 10/19/2021 | 8 | NOTICE OF ATTORNEY APPEARANCE by Elizabeth Ann Fitch appearing for Hollis Morrison Greenlaw. (If sealed documents that you are authorized to see were previously filed by U.S. Pretrial Services or U.S. Probation, you will require assistance to gain access to them and any related filings. Please call the clerk at 214.753.2240 during business hours to request access.) (sre) (Entered: 10/20/2021) |
| 10/19/2021 | 17 | Minute Entry for proceedings held before Magistrate Judge Jeffrey L. Cureton: Initial Appearance as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 10/19/2021. Date of Surrender: 10/19/2021 Location interval set to: LR. The judge issued the oral order required by Fed. R. Crim. P. 5(f)(1). Written order to follow. Attorney Appearances: AUSA - Tiffany Eggers; Defense - Paul Pelleiter, Elizabeth Fitch, Guy Lewis, Matthew Nielson, Neal Stephens, Madeline Smart, Jeff Ansley. (No exhibits) Time in Court - :15. (Court Reporter: Digital File) (Interpreter N/A.) (USPO Honstein.) (sre) Modified docket text on 10/25/2021 (bdb). (Entered: 10/20/2021) |
| 10/19/2021 | 18 | ORDER As to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: |

| | | |
|---|---|---|
| | | This written order is entered pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, and is entered by the court on the first scheduled court date when both the prosecutor and defense counsel are present.<br><br>By this order -- issued to the prosecution and defense counsel -- the court confirms the disclosure obligations of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under applicable law. Failure to do so may result in consequences such as the dismissal of the indictment or information, dismissal of individual charges, exclusion of evidence or witnesses, adverse jury instructions, contempt proceedings, and/or sanctions by the court. (Ordered by Magistrate Judge Jeffrey L. Cureton on 10/19/2021) (sre) (Entered: 10/20/2021) |
| 10/19/2021 | 19 | ORDER Setting Conditions of Release as to Hollis Morrison Greenlaw (1) PR. (Ordered by Magistrate Judge Jeffrey L. Cureton on 10/19/2021) (sre) (Main Document 19 replaced on 10/25/2021) (jah). (Entered: 10/20/2021) |
| 10/19/2021 | 23 | Minute Entry for proceedings held before Magistrate Judge Jeffrey L. Cureton: Arraignment as to Hollis Morrison Greenlaw (1) Count 1,2,3-10 and Benjamin Lee Wissink (2) Count 1,2,3-10 and Cara Delin Obert (3) Count 1,2,3-10 and Jeffrey Brandon Jester (4) Count 1,2,3-10 held on 10/19/2021. Plea entered by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Not Guilty on count(s) 1-10 Location interval set to: LR. The judge issued the oral order required by Fed. R. Crim. P. 5(f)(1). Written order to follow. Attorney Appearances: AUSA - Tiffany Hope Eggers; Defense - Paul Pelleiter, Elizabeth Fitch, Guy Lewis, Matthew Nielson, Neal Stephens, Madeline Smart, Jeff Ansley. (No exhibits) Time in Court - :06. (Court Reporter: Digital File) (Interpreter N/A.) (USPO N/A.) (sre) (Entered: 10/20/2021) |
| 10/19/2021 | 24 | PRETRIAL AND SCHEDULING ORDER FOR CRIMINAL TRIAL as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Jury Trial set for 12/6/2021 01:30 PM in US Courthouse, Courtroom 501, 501 W. 10th St., Fort Worth, TX 76102-3673 before Senior Judge Terry R Means. Motions due by 11/8/2021. Pretrial Conference set for 12/2/2021 03:00 PM before Senior Judge Terry R Means. (Ordered by Senior Judge Terry R Means on 10/19/2021) (sre) (Entered: 10/20/2021) |
| 10/20/2021 | 13 | (Document restricted to court users only) Receipt for Surrender of Passport as to Hollis Morrison Greenlaw. (bcr) (Entered: 10/20/2021) |
| 10/29/2021 | 29 | Designation of Experts by USA (Attachments: # 1 Exhibit(s) 1 - CV of T. Carocci, # 2 Exhibit(s) 2 - CV of S. Martinez, # 3 Exhibit(s) 3 - CV of T. Tedder) (Eggers-DOJ, Tiffany) (Entered: 10/29/2021) |
| 10/29/2021 | 30 | Certificate of Service by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re 29 Designation of Experts (Eggers-DOJ, Tiffany) (Entered: 10/29/2021) |
| 11/01/2021 | 32 | MOTION for Protective Order *Governing Disclosure of Certain Discovery Materials (Opposed)* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Eggers-DOJ, Tiffany) (Entered: 11/01/2021) |
| 11/01/2021 | 34 | MOTION to Suppress *Motion for Franks Hearing and Suppression of Evidence* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Additional Page(s) |

| | | |
|---|---|---|
| | | Appendix 1, # <u>2</u> Additional Page(s) Appendix 2, # <u>3</u> Additional Page(s) Appendix 3, # <u>4</u> Additional Page(s) Appendix 4, # <u>5</u> Declaration(s) of Neal J. Stephens, # <u>6</u> Exhibit(s) 1 thru 10, # <u>7</u> Exhibit(s) 11 thru 18, # <u>8</u> Exhibit(s) 19 thru 30, # <u>9</u> Exhibit(s) 31 thru 45, # <u>10</u> Exhibit(s) 46 thru 59, # <u>11</u> Exhibit(s) 60 thru 92, # <u>12</u> Declaration(s) of Hollis Greenlaw, # <u>13</u> Declaration(s) of Benjamin Wissink, # <u>14</u> Declaration(s) of Cara Obert, # <u>15</u> Declaration(s) of Brandon Jester, # <u>16</u> Declaration(s) of Ty Fowle, # <u>17</u> Proposed Order) (Stephens, Neal) (Entered: 11/01/2021) |
| 11/01/2021 | <u>35</u> | MOTION to Suppress *Motion for Suppression of Evidence Due to Overbroad Search Warrant* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # <u>1</u> Additional Page(s) Appendix 1, # <u>2</u> Additional Page(s) Appendix 2, # <u>3</u> Additional Page(s) Appendix 3, # <u>4</u> Proposed Order) (Stephens, Neal) (Entered: 11/01/2021) |
| 11/01/2021 | <u>36</u> | MOTION to Compel *Disclosure of Identity of Source of Information for Government's Warrant Affidavit* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # <u>1</u> Proposed Order) (Stephens, Neal) (Entered: 11/01/2021) |
| 11/02/2021 | <u>37</u> | Supplemental Document titled "Declaration(s) of Brandon Jester" as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: <u>34</u> MOTION to Suppress *Motion for Franks Hearing and Suppression of Evidence* (Stephens, Neal) (Entered: 11/02/2021) |
| 11/02/2021 | <u>38</u> | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Paul E. Pelletier (Filing fee $100; Receipt number 0539-12352239) filed by Hollis Morrison Greenlaw (Attachments: # <u>1</u> Exhibit(s) Certificate of Good Standing MA, # <u>2</u> Exhibit(s) Certificate of Good Standing DC, # <u>3</u> Proposed Order Order for Admission PHV of Paul Pelletier) (Fitch, Elizabeth) (Entered: 11/02/2021) |
| 11/03/2021 | 39 | ELECTRONIC ORDER deferring ruling on <u>32</u> Motion for Protective Order as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) and requiring a response no later than November 8, 2021. (Ordered by Judge Reed C. O'Connor on 11/3/2021) (Judge Reed C. O'Connor) (Entered: 11/03/2021) |
| 11/03/2021 | 40 | ELECTRONIC ORDER deferring ruling on <u>34</u> Motion to Suppress as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) and requiring Government to respond no later than November 8, 2021. Reply no later than November 10, 2021. (Ordered by Judge Reed C. O'Connor on 11/3/2021) (Judge Reed C. O'Connor) (Entered: 11/03/2021) |
| 11/03/2021 | 41 | ELECTRONIC ORDER deferring ruling on <u>35</u> Motion to Suppress as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) and requiring Government to respond no later than November 8, 2021 and Reply no later than November 10, 2021. (Ordered by Judge Reed C. O'Connor on 11/3/2021) (Judge Reed C. O'Connor) (Entered: 11/03/2021) |
| 11/03/2021 | 42 | ELECTRONIC ORDER deferring ruling on <u>36</u> Motion to Compel as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) and requiring Government to respond no later than November 8, 2021 and Reply do no later than November 10, 2021. (Ordered by Judge Reed C. O'Connor on 11/3/2021) (Judge Reed C. O'Connor) (Entered: 11/03/2021) |
| 11/03/2021 | <u>43</u> | RESPONSE by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: <u>32</u> MOTION for Protective Order *Governing Disclosure of Certain Discovery Materials (Opposed)* (Attachments: # <u>1</u> Additional Page(s) Appendix 1 |

| | | thru 6, # 2 Declaration(s) of Neal J. Stephens, # 3 Exhibit(s) Exhibits 1 thru 8) (Stephens, Neal) (Entered: 11/03/2021) |
|---|---|---|
| 11/03/2021 | 44 | Designation of Experts (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2) (Ansley, Jeffrey) (Entered: 11/03/2021) |
| 11/04/2021 | 45 | Unopposed MOTION for Leave to File Reply *to Defendants' Response to Government's Motion for Protective Order (Dkt. 43)* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 11/04/2021) |
| 11/04/2021 | 47 | ORDER OF TRANSFER: After review of the docket in this case and in light of several upcoming trials set before the undersigned judge, the Court concludes that this case should be and hereby is TRANSFERRED to the docket of Judge Reed O'Connor. All future filings in this cause shall bear at the end of the case number the suffix letter "O" instead of "Y." (Ordered by Senior Judge Terry R Means on 11/4/2021) (sre) (Entered: 11/04/2021) |
| 11/04/2021 | 48 | ELECTRONIC ORDER granting 5 Application for Admission Pro Hac Vice of Neal J. Stephens. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). as to Cara Delin Obert (3) (Ordered by Judge Reed C. O'Connor on 11/4/2021) (chmb) (Entered: 11/04/2021) |
| 11/04/2021 | 49 | ELECTRONIC ORDER granting 25 Application for Admission Pro Hac Vice of Vincent Doctor. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). as to Cara Delin Obert (3) (Ordered by Judge Reed C. O'Connor on 11/4/2021) (chmb) (cy mailed to cnsl) Modified on 11/4/2021 (npk). (Entered: 11/04/2021) |
| 11/04/2021 | 50 | ELECTRONIC ORDER granting 26 Application for Admission Pro Hac Vice of Kelsey Davidson. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). as to Cara Delin Obert (3) (Ordered by Judge Reed C. O'Connor on 11/4/2021) (chmb) (Entered: 11/04/2021) |
| 11/04/2021 | 51 | ELECTRONIC ORDER granting 27 Application for Admission Pro Hac Vice of Kyle A. Moreno. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). as to Cara Delin Obert (3) (Ordered by Judge Reed C. O'Connor on 11/4/2021) (chmb) (Entered: 11/04/2021) |
| 11/04/2021 | 52 | ELECTRONIC ORDER granting 28 Application for Admission Pro Hac Vice of Margaret A. Maloy. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). as to Cara Delin Obert (3) (Ordered by Judge Reed C. O'Connor on 11/4/2021) (chmb) (Entered: 11/04/2021) |
| 11/04/2021 | 53 | ELECTRONIC ORDER granting 31 Application for Admission Pro Hac Vice of Guy A. Lewis. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). as to Benjamin Lee Wissink (2) (Ordered by Judge Reed C. O'Connor on 11/4/2021) (chmb) (Entered: 11/04/2021) |
| 11/04/2021 | 54 | |

| | | |
|---|---|---|
| | | ELECTRONIC ORDER granting 38 Application for Admission Pro Hac Vice of Paul E. Pelletier. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). as to Hollis Morrison Greenlaw (1) (Ordered by Judge Reed C. O'Connor on 11/4/2021) (chmb) (Entered: 11/04/2021) |
| 11/04/2021 | 55 | ORDER granting the Government's 45 Unopposed Motion for Leave to File a Reply in Support of its 32 Motion for Protective Order as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester. The Government is ORDERED to file a reply on or before 11/5/2021 at 5:00 P.M. (Ordered by Judge Reed C. O'Connor on 11/4/2021) (twd) (Entered: 11/04/2021) |
| 11/05/2021 | 56 | REPLY filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 32 MOTION for Protective Order *Governing Disclosure of Certain Discovery Materials (Opposed)* (Eggers-DOJ, Tiffany) (Entered: 11/05/2021) |
| 11/08/2021 | 58 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 35 MOTION to Suppress *Motion for Suppression of Evidence Due to Overbroad Search Warrant* (Attachments: # 1 Unpublished Case - USA v Mokbel, # 2 Unpublished Case - USA v. USPLabs, # 3 Unpublished Case - USA v Vilar) (Eggers-DOJ, Tiffany) (Entered: 11/08/2021) |
| 11/08/2021 | 59 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 34 MOTION to Suppress *Motion for Franks Hearing and Suppression of Evidence* (Attachments: # 1 Unpublished Case - USA v Gunn) (Eggers-DOJ, Tiffany) (Entered: 11/08/2021) |
| 11/08/2021 | 60 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 36 MOTION to Compel *Disclosure of Identity of Source of Information for Government's Warrant Affidavit* (Eggers-DOJ, Tiffany) (Entered: 11/08/2021) |
| 11/08/2021 | 61 | MOTION in Limine filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Unpublished Case - USA v. Palumbo, # 2 Unpublished Case - USA v. Thompson) (Eggers-DOJ, Tiffany) (Entered: 11/08/2021) |
| 11/08/2021 | 62 | MOTION for Disclosure *and Identification of Exculpatory Evidence* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Declaration(s) of Neal J. Stephens, # 2 Exhibit(s) 1 thru 8, # 3 Proposed Order) (Stephens, Neal) (Entered: 11/08/2021) |
| 11/08/2021 | 63 | MOTION to Compel *Production of Grand Jury Colloquy Transcripts* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Stephens, Neal) (Entered: 11/08/2021) |
| 11/08/2021 | 64 | MOTION to Exclude Expert Testimony of Jeff Ferguson, Dale Kitchens, and Other Potential Experts re 44 Designation of Experts filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Eggers-DOJ, Tiffany) (Entered: 11/08/2021) |
| 11/08/2021 | 65 | RESPONSE AND OBJECTION by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 29 Designation of Experts (Ansley, Jeffrey) (Entered: 11/08/2021) |

| | | |
|---|---|---|
| 11/08/2021 | 66 | MOTION Bill of Particulars filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order Granting Defendants' Motion for Bill of Particulars) (Ansley, Jeffrey) (Entered: 11/08/2021) |
| 11/08/2021 | 67 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court is Defendants' Motion for Disclosure and Identification of Exculpatory Evidence 62 , file November 8, 2021. In order to more efficiently resolve the issues presented, the Court ORDERS the Government to respond on or before November 11, 2021 and Defendants to reply on or before November 15, 2021. (Ordered by Judge Reed C. O'Connor on 11/8/2021) (sre) (Entered: 11/09/2021) |
| 11/10/2021 | 68 | ORDER granting in part and denying in part 32 Motion for Protective Order as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4): For the reasons stated in this order, the Government's Motion for Protective Order Governing Disclosure ofCertain Discovery Materials 32 , is GRANTED in part and DENIED in part. Further, the Parties are ORDERED to comply with the Protective Order detailed in the order. (Ordered by Judge Reed C. O'Connor on 11/10/2021) (sre) (Entered: 11/10/2021) |
| 11/10/2021 | 69 | Unopposed Motion for Continuance of Trial and Request for Status Conference to Set Scheduling and Additional Pretrial Motion Deadlines filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order Order Granting Defendants' Unopposed Motion for Continuance and Request for Status Conference) (Fitch, Elizabeth) (Entered: 11/10/2021) |
| 11/10/2021 | 70 | ORDER granting 69 Motion to Continue as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). Trial set for January 3, 2022 at 9 am. (Ordered by Judge Reed C. O'Connor on 11/10/2021) (Judge Reed C. O'Connor) (Entered: 11/10/2021) |
| 11/10/2021 | 71 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 34 MOTION to Suppress *Motion for Franks Hearing and Suppression of Evidence* (Attachments: # 1 Declaration(s) of Neal J. Stephens, # 2 Exhibit(s) 1 thru 11) (Stephens, Neal) (Entered: 11/10/2021) |
| 11/10/2021 | 73 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 35 MOTION to Suppress *Motion for Suppression of Evidence Due to Overbroad Search Warrant* (Stephens, Neal) (Entered: 11/10/2021) |
| 11/10/2021 | 75 | SCHEDULING ORDER FOR CRIMINAL TRIAL AND PRETRIAL ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Jury Trial set for 1/3/2022 at 09:00 AM in US Courthouse, Courtroom 2nd Floor, 501 W. 10th St. Fort Worth, TX 76102-3673 before Judge Reed C. O'Connor. Any pretrial motions must be filed no later than December 13, 2021. (Ordered by Judge Reed C. O'Connor on 11/10/2021) (sre) (Entered: 11/12/2021) |
| 11/11/2021 | 74 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 62 MOTION for Disclosure *and Identification of Exculpatory Evidence* (Eggers-DOJ, Tiffany) (Entered: 11/11/2021) |
| 11/15/2021 | 76 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 62 MOTION for Disclosure *and Identification of Exculpatory Evidence* (Stephens, Neal) (Entered: 11/15/2021) |
| 11/15/2021 | 77 | ADDITIONAL ATTACHMENTS to 76 Reply by Defendants Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Stephens, Neal) |

| | | |
|---|---|---|
| | | (Entered: 11/15/2021) |
| 11/15/2021 | 78 | ORDER denying 35 Motion for Suppression of Evidence Due to Overbroad Search Warrant as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (Ordered by Judge Reed C. O'Connor on 11/15/2021) (npk) (Entered: 11/15/2021) |
| 11/17/2021 | 79 | ORDER denying Defendants' 34 Motion for Franks Hearing and Suppression of Evidence as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (Ordered by Judge Reed C. O'Connor on 11/17/2021) (twd) (Entered: 11/17/2021) |
| 11/19/2021 | 80 | NOTICE OF ATTORNEY APPEARANCE by Rose L Romero (Clerk to Set Designation as: Retained) appearing for Hollis Morrison Greenlaw (Filer confirms contact info in ECF is current.) (If sealed documents that you are authorized to see were previously filed by U.S. Pretrial Services or U.S. Probation, you will require assistance to gain access to them and any related filings. Please call the clerk at 214.753.2240 during business hours to request access.) (Romero, Rose) (Entered: 11/19/2021) |
| 11/21/2021 | 82 | Joint MOTION to Continue *Trial and Corresponding PreTrial Deadlines and for Complex Case Designation* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Ansley, Jeffrey) (Entered: 11/21/2021) |
| 11/22/2021 | 83 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 66 MOTION Bill of Particulars (Eggers-DOJ, Tiffany) (Entered: 11/22/2021) |
| 11/22/2021 | 84 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 63 MOTION to Compel *Production of Grand Jury Colloquy Transcripts* (Attachments: # 1 Exhibit(s) Buske Opinion, # 2 Exhibit(s) Defendant's Brief in Buske, # 3 Exhibit(s) Form 10-Ks) (Eggers-DOJ, Tiffany) (Entered: 11/22/2021) |
| 11/22/2021 | 85 | ORDER as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4): The Court finds the Defendants' Motion to Compel (ECF No. 36 ) MOOT. (Ordered by Judge Reed C. O'Connor on 11/22/2021) (bdb) (Entered: 11/22/2021) |
| 11/23/2021 | 88 | ORDER: Before the Court are Defendants' Motion to Compel Production of Grand Jury Colloquy Transcripts 63 , filed November 8, 2021, and Government's Response in Opposition to Defendants' Motion to Compel Production of Grand Jury Colloquy Transcripts 84 , filed November 22. For the following reasons, the Court finds this motion should be DENIED. (Ordered by Judge Reed C. O'Connor on 11/23/2021) (sre) (Entered: 11/23/2021) |
| 11/23/2021 | 89 | ORDER as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4): Before the Court are Defendants' Motion for Bill of Particulars 66 , filed November 8, 2021, and Government's Response in Opposition to Defendants' Motion for Bill of Particulars 83 , filed November 22. For the following reasons, the Court finds this motion should be DENIED. (Ordered by Judge Reed C. O'Connor on 11/23/2021) (sre) (Entered: 11/23/2021) |
| 11/23/2021 | 90 | ORDER granting in part and denying in part 62 Motion for Disclosure as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 11/23/2021) (Judge Reed C. O'Connor) |

| | | |
|---|---|---|
| | | (Entered: 11/23/2021) |
| 11/23/2021 | 91 | ORDER granting in part and denying in part 82 Motion to Continue as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 11/23/2021) (Judge Reed C. O'Connor) (Entered: 11/23/2021) |
| 11/23/2021 | | Hearing Modification: Jury Trial set for 1/12/2022 at 09:00 AM in US Courthouse, Courtroom 2nd Floor, 501 W. 10th St. Fort Worth, TX 76102-3673 before Judge Reed C. O'Connor per 91 . (sre) (Entered: 11/24/2021) |
| 11/24/2021 | 92 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court is Governments Motion in Limine 61 , filed November 8, 2021. Defendants' have filed a number of motions referencing and relying on improper influence by K.B. over the Government in indicting this case. To permit the Court to resolve these motions sufficiently in advance of the trial, Defendants are ORDERED to respond to the Governments Motion in Limine 61 and Motion to Exclude Experts 64 no later than December 3, 2021. The Government's reply is due no later than December 8, 2021. (Ordered by Judge Reed C. O'Connor on 11/24/2021) (sre) (Entered: 11/24/2021) |
| 11/30/2021 | 96 | MOTION to Compel *Production of Agent Notes* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Ansley, Jeffrey) Modified on 12/23/2021 (bdb). (Entered: 11/30/2021) |
| 11/30/2021 | 97 | ELECTRONIC ORDER deferring ruling on 96 Motion to Compel as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4), and requiring a response no later than December 3, 2021. (Ordered by Judge Reed C. O'Connor on 11/30/2021) (Judge Reed C. O'Connor) (Entered: 11/30/2021) |
| 11/30/2021 | 98 | MOTION to Amend/Correct 96 MOTION to Compel *Production of Agent Notes* filed by Jeffrey Brandon Jester, Cara Delin Obert, Benjamin Lee Wissink, Hollis Morrison Greenlaw filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Proposed Order) (Ansley, Jeffrey) (Entered: 11/30/2021) |
| 12/01/2021 | 99 | Unopposed MOTION to Withdraw as Attorney by Elizabeth Fitch filed by Hollis Morrison Greenlaw (Attachments: # 1 Proposed Order) (Fitch, Elizabeth) (Entered: 12/01/2021) |
| 12/02/2021 | 100 | ELECTRONIC ORDER granting 99 Motion to Withdraw as Attorney. Elizabeth Ann Fitch withdrawn from case as to Hollis Morrison Greenlaw (1). (Ordered by Judge Reed C. O'Connor on 12/2/2021) (chmb) (Entered: 12/02/2021) |
| 12/03/2021 | 103 | NOTICE *Pursuant to 18 USC APP. III, Section 2 Regarding CIPA* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Martin-DOJ, Errin) (Entered: 12/03/2021) |
| 12/03/2021 | 104 | RESPONSE (OPPOSITION BY THE UDF EXECUTIVES TO THE GOVERNMENTS MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE RELATED TO KYLE BASS AND HAYMAN CAPITAL) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 61 MOTION in Limine (Attachments: # 1 Declaration(s) of Neal J. Stephens, # 2 Exhibit(s) 1 - 13, # 3 Exhibit(s) 14 - 25, # 4 Exhibit(s) 26 - 38) (Stephens, Neal) Modified on 12/3/2021 (wxc). (Entered: 12/03/2021) |

| 12/03/2021 | 105 | NOTICE *(Corrected) Pursuant to 18 USC APP. III, Section 2 Regarding CIPA* re: 103 Notice (Other) filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Martin-DOJ, Errin) (Entered: 12/03/2021) |
|---|---|---|
| 12/03/2021 | 106 | RESPONSE by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 61 MOTION in Limine (Stephens, Neal) (Entered: 12/03/2021) |
| 12/03/2021 | 107 | RESPONSE by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 98 MOTION to Amend/Correct 96 MOTION to Compel *Production of Agent Notes* filed by Jeffrey Brandon Jester, Cara Delin Obert, Benjamin Lee Wissink, Hollis Morrison Greenlaw (Eggers-DOJ, Tiffany) (Entered: 12/03/2021) |
| 12/03/2021 | 108 | MOTION to Strike *Defendants' Responses to Government's Motions in Limine for Exceeding Page Limit (Opposed)* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 12/03/2021) |
| 12/03/2021 | 109 | RESPONSE by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 64 MOTION to Exclude Expert Testimony of Jeff Ferguson, Dale Kitchens, and Other Potential Experts re 44 Designation of Experts (Ansley, Jeffrey) (Entered: 12/03/2021) |
| 12/05/2021 | 110 | RESPONSE by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 108 MOTION to Strike *Defendants' Responses to Government's Motions in Limine for Exceeding Page Limit (Opposed)* (Romero, Rose) (Entered: 12/05/2021) |
| 12/05/2021 | 111 | First MOTION for Leave to File Reply to Government's Response to Defendant's Motion to Compel Production of Agent Notes filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order, # 2 Exhibit(s)) (Romero, Rose) (Entered: 12/05/2021) |
| 12/06/2021 | 112 | ELECTRONIC ORDER finding as moot 98 Motion to Amend/Correct as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 12/6/2021) (Judge Reed C. O'Connor) (Entered: 12/06/2021) |
| 12/06/2021 | 113 | ELECTRONIC ORDER deferring ruling on 111 Motion for Leave to File. as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). The Government shall respond by addressing the logistical issues raised in the attached Reply no later than December 9, 2021. (Ordered by Judge Reed C. O'Connor on 12/6/2021) (Judge Reed C. O'Connor) (Entered: 12/06/2021) |
| 12/06/2021 | | Deadline Modification: Deadline set per 113 Order. Responses due by 12/9/2021. (bdb) (Entered: 12/06/2021) |
| 12/06/2021 | 114 | MOTION in Limine *UDF EXECUTIVES MOTIONS IN LIMINE* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Declaration(s) of Neal J. Stephens, # 2 Exhibit(s) 1 - 10, # 3 Proposed Order) (Stephens, Neal) (Entered: 12/06/2021) |
| 12/08/2021 | 116 | ELECTRONIC ORDER granting sealed and/or ex parte motion 115 in case as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Clerk to enter the sealed and/or ex parte document as of the date of this order.) (Ordered by Judge Reed C. O'Connor on 12/8/2021) (Judge Reed C. O'Connor) (Entered: 12/08/2021) |

| 12/08/2021 | 117 | REPLY filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 104 Response/Objection, 106 Response/Objection (Eggers-DOJ, Tiffany) (Entered: 12/08/2021) |
| --- | --- | --- |
| 12/08/2021 | 118 | MOTION for Protective Order *Governing Disclosure of Grand Jury Transcripts* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Ansley, Jeffrey) (Entered: 12/08/2021) |
| 12/08/2021 | 119 | REPLY filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 109 Response/Objection, (Eggers-DOJ, Tiffany) (Entered: 12/08/2021) |
| 12/09/2021 | 121 | MOTION for Order Authorizing Alternative Procedures for Victim Notification (Opposed) filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Eggers-DOJ, Tiffany) (Entered: 12/09/2021) |
| 12/09/2021 | 122 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 111 First MOTION for Leave to File Reply to Government's Response to Defendant's Motion to Compel Production of Agent Notes (Eggers-DOJ, Tiffany) (Entered: 12/09/2021) |
| 12/10/2021 | 123 | MOTION to Compel *Disclosure of Exculpatory Evidence from the DOJ, FBI, and SEC* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Declaration(s) of Neal J. Stephens, # 2 Exhibit(s) 1 - 10, # 3 Proposed Order) (Stephens, Neal) (Entered: 12/10/2021) |
| 12/13/2021 | 126 | MOTION to Dismiss *Indictment for Vindictive Prosecution* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Declaration(s) of Neal J. Stephens, # 2 Exhibit(s) 1 - 8, # 3 Proposed Order) (Stephens, Neal) (Entered: 12/13/2021) |
| 12/13/2021 | 127 | MOTION for Leave to File Response in Excess of Page Limit (Unopposed) filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Exhibit(s) Government's Response in Opposition to Defendant's Motion in Limine, # 2 Exhibit(s) 1 - Form 8-Ks, # 3 Exhibit(s) 2 - Technical Issue Memorandum, # 4 Exhibit(s) 5 - SEC v Greenlaw et al Documents, # 5 Exhibit(s) 7 - PCAOB Order, # 6 Exhibit(s) 8 - PPT Slides, # 7 Exhibit(s) 9 - Bank Officer's Note, # 8 Exhibit(s) 10 - February 18th Letters, # 9 Exhibit(s) 12 - March 3rd Letter, # 10 Exhibit(s) 13 - April 11th Letter, # 11 Exhibit(s) 15 - Borrower's Letter, # 12 Exhibit(s) 16 - Loan Impairment Memo, # 13 Exhibit(s) 18 - Loan Committee Memo, # 14 Exhibit(s) 19 - Commitment Letter, # 15 Exhibit(s) 20 - Loan Agreement, # 16 Exhibit(s) 21 - UDF IV 10K) (Eggers-DOJ, Tiffany) (Entered: 12/13/2021) |
| 12/13/2021 | 128 | MOTION to Dismiss *the Indictment for Failure to State an Offense* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Stephens, Neal) (Entered: 12/13/2021) |
| 12/13/2021 | 129 | First MOTION to Dismiss *for Violations of Defendants Fourth, Fifth, and Sixth Amendment Rights* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Romero, Rose) (Entered: 12/13/2021) |
| 12/14/2021 | 131 | ELECTRONIC ORDER deferring ruling on 118 Motion for Protective Order as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon |

| | | |
|---|---|---|
| | | Jester (4) and requiring the Government to respond no later than December 17, 2021. (Ordered by Judge Reed C. O'Connor on 12/14/2021) (Judge Reed C. O'Connor) (Entered: 12/14/2021) |
| 12/14/2021 | 135 | ELECTRONIC ORDER deferring ruling on 126 Motion to Dismiss as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). The Government shall respond no later than December 20, 2021 and Defendants shall reply no later than December 24, 2021. (Ordered by Judge Reed C. O'Connor on 12/14/2021) (Judge Reed C. O'Connor) (Entered: 12/14/2021) |
| 12/14/2021 | 136 | ELECTRONIC ORDER deferring ruling on 128 Motion to Dismiss as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). The Government shall respond no later than December 20, 2021 and Defendants shall reply no later than December 24, 2021. (Ordered by Judge Reed C. O'Connor on 12/14/2021) (Judge Reed C. O'Connor) (Entered: 12/14/2021) |
| 12/14/2021 | 137 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court are the Government's Motion in Limine (ECF No. 61 ), filed November 8, 2021; Defendants' Responses (ECF Nos. 104 & 106 ), filed December 3, 2021; and the Government's Reply, (ECF No. 117 ) filed December 8, 2021. For the reasons discussed below, the Court finds the motion should be GRANTED in part and DENIED in part. The Court finds Defendant Wissink's Motion for Medical Accommodations (ECF No. 124 ), filed December 13, 2021, should be GRANTED in Part. (Ordered by Judge Reed C. O'Connor on 12/14/2021) (sre) (Entered: 12/14/2021) |
| 12/15/2021 | 139 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 118 MOTION for Protective Order *Governing Disclosure of Grand Jury Transcripts* (Attachments: # 1 Exhibit(s) A - List) (Eggers-DOJ, Tiffany) (Entered: 12/15/2021) |
| 12/15/2021 | 140 | ELECTRONIC ORDER deferring ruling on 129 Motion to Dismiss as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). The Government shall respond no later than December 20, 2021 and Defendants shall reply no later than December 24, 2021. (Ordered by Judge Reed C. O'Connor on 12/15/2021) (Judge Reed C. O'Connor) (Entered: 12/15/2021) |
| 12/15/2021 | 141 | ELECTRONIC ORDER finding as moot 108 Motion to Strike as to Hollis Morrison Greenlaw (1) (Ordered by Judge Reed C. O'Connor on 12/15/2021) (chmb) (Entered: 12/15/2021) |
| 12/15/2021 | 142 | NOTICE OF ATTORNEY APPEARANCE by Douglas Burton Brasher-DOJ appearing for USA *as Filter Counsel*. (Clerk to set designation as: Assistant US Attorney). (If sealed documents that you are authorized to see were previously filed by U.S. Pretrial Services or U.S. Probation, you will require assistance to gain access to them and any related filings. Please call the clerk at 214.753.2240 during business hours to request access.) (Brasher-DOJ, Douglas) (Entered: 12/15/2021) |
| 12/15/2021 | 143 | MOTION to Strike *Defendant's Motion to Dismiss, or Alternatively, to Provide Ex Parte and In Camera Submissions to Government's Filter Counsel* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) 1) (Brasher-DOJ, Douglas) (Entered: 12/15/2021) |
| 12/15/2021 | 144 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court is Government's Motion to Strike Defendants' Motion to Dismiss, or Alternatively, to Provide Ex Parte and In Camera Submissions to |

| | | Government's Filter Counsel 143 , filed December 15, 2021. The Court ORDERS the Defendants to respond and explain how the Court may resolve a dispositive motion without showing the Government all relevant documents on or before December 17, 2021. (Ordered by Judge Reed C. O'Connor on 12/15/2021) (sre) (Entered: 12/15/2021) |
|---|---|---|
| 12/15/2021 | 145 | ORDER granting in part and denying in part 64 Motion to Exclude Expert Testimony as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4)( Responses due by 12/17/2021.) (Ordered by Judge Reed C. O'Connor on 12/15/2021) (chmb) Modified on 12/16/2021 (sre). (Entered: 12/15/2021) |
| 12/16/2021 | 146 | MOTION for Protective Order *Governing Disclosure of Discovery Material (Sealed Notice)* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Eggers-DOJ, Tiffany) (Entered: 12/16/2021) |
| 12/16/2021 | 148 | ORDER granting Government's 127 Unopposed Motion for Leave to File Response in Excess of Page Limit as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Government is ORDERED to file the response on the docket. (Ordered by Judge Reed C. O'Connor on 12/16/2021) (twd) (Entered: 12/16/2021) |
| 12/16/2021 | 150 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 114 MOTION in Limine *UDF EXECUTIVES MOTIONS IN LIMINE* (Attachments: # 1 Exhibit(s) 1 - Form 8Ks, # 2 Exhibit(s) 2 - Technical issue Memo, # 3 Exhibit(s) 5 - SEC Case Documents, # 4 Exhibit(s) 7 - PCAOB Order, # 5 Exhibit(s) 8 - PPT, # 6 Exhibit(s) 9 - Bank Officer's Note, # 7 Exhibit(s) 10 - Letters, # 8 Exhibit(s) 12 - Email, # 9 Exhibit(s) 13 - Letter, # 10 Exhibit(s) 15 - Borrower's Letter, # 11 Exhibit(s) 16 - Impairment Memo, # 12 Exhibit(s) 18 - Bank 9 Memo, # 13 Exhibit(s) 19 - Commitment Letter, # 14 Exhibit(s) 20 - Loan Agreement, # 15 Exhibit(s) 21 - Form 10K) (Eggers-DOJ, Tiffany) (Entered: 12/16/2021) |
| 12/16/2021 | 151 | RESPONSE by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 121 MOTION for Order Authorizing Alternative Procedures for Victim Notification (Opposed) (Attachments: # 1 Exhibit(s) A - B) (Stephens, Neal) (Entered: 12/16/2021) |
| 12/16/2021 | 152 | First MOTION for Leave to File Reply in Support of Motions in Limine filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order, # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s)) (Romero, Rose) (Entered: 12/16/2021) |
| 12/17/2021 | 153 | First MOTION to Amend/Correct 152 First MOTION for Leave to File Reply in Support of Motions in Limine filed by Jeffrey Brandon Jester, Cara Delin Obert, Benjamin Lee Wissink, Hollis Morrison Greenlaw filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Romero, Rose) (Entered: 12/17/2021) |
| 12/17/2021 | 154 | ORDER as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4): Having considered the 152 motion and briefing, the Court finds the motion should be GRANTED. The Government is ORDERED to file a reply on or before December 20th, 2021 at 5:00 P.M. (Ordered by Judge Reed C. O'Connor on 12/17/2021) (bdb) (Entered: 12/17/2021) |
| 12/17/2021 | 155 | RESPONSE by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 152 First MOTION for Leave to File Reply in Support of Motions in Limine (Attachments: # 1 Exhibit(s) A - Email Chain) (Eggers-DOJ, Tiffany) |

| | | (Entered: 12/17/2021) |
|---|---|---|
| 12/17/2021 | 156 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court is Defendants Motion for Leave to File a Reply in Support of the UDF Executives Motion in Limine (ECF No. 152 ), file December 16, 2021. Having considered the motion and briefing, the Court finds the motion should be GRANTED. The Defendants are ORDERED to file a reply on or before December 20th, 2021 at 5:00 P.M. Further, the Court finds ECF No. 153 is MOOT. (Ordered by Judge Reed C. O'Connor on 12/17/2021) (sre) (Entered: 12/17/2021) |
| 12/17/2021 | 157 | Supplemental Document as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 145 Order on Motion for Miscellaneous Relief, 44 Designation of Experts (Stephens, Neal) (Entered: 12/17/2021) |
| 12/17/2021 | 158 | ***DISREGARD - PDF ILLEGIBLE - SEE DOC 160 FOR CORRECT IMAGE*** REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 143 MOTION to Strike *Defendant's Motion to Dismiss, or Alternatively, to Provide Ex Parte and In Camera Submissions to Government's Filter Counsel* (Romero, Rose) Modified on 1/11/2022 (bdb). (Entered: 12/17/2021) |
| 12/18/2021 | 159 | RESPONSE by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 143 MOTION to Strike *Defendant's Motion to Dismiss, or Alternatively, to Provide Ex Parte and In Camera Submissions to Government's Filter Counsel* (Ansley, Jeffrey) (Entered: 12/18/2021) |
| 12/18/2021 | 160 | Corrected RESPONSE by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 158 Reply, (Ansley, Jeffrey) Modified text on 12/20/2021 (pnp). (Entered: 12/18/2021) |
| 12/20/2021 | 161 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 114 MOTION in Limine *UDF EXECUTIVES MOTIONS IN LIMINE* (Attachments: # 1 Exhibit(s) A - D, # 2 Declaration(s) Neal Stephens, # 3 Exhibit(s) 1) (Stephens, Neal) (Entered: 12/20/2021) |
| 12/20/2021 | 162 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 128 MOTION to Dismiss *the Indictment for Failure to State an Offense* (Eggers-DOJ, Tiffany) (Entered: 12/20/2021) |
| 12/20/2021 | 163 | RESPONSE by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 129 First MOTION to Dismiss *for Violations of Defendants Fourth, Fifth, and Sixth Amendment Rights* (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 Exhibit(s) 11, # 12 Exhibit(s) 12, # 13 Exhibit(s) 13, # 14 Exhibit(s) 14) (Brasher-DOJ, Douglas) (Entered: 12/20/2021) |
| 12/20/2021 | 165 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 126 MOTION to Dismiss *Indictment for Vindictive Prosecution* (Attachments: # 1 Exhibit(s) 1 - Declaration, # 2 Exhibit(s) 2 - 1st ODAG Letter, # 3 Exhibit(s) 3 - ODAG Email, # 4 Exhibit(s) 4 - FPMC Settlement Agreement, # 5 Exhibit(s) 5 - UDF Counsel's Email with Reckitt NPA, # 6 Exhibit(s) 6 - Email Greenlaw's Counsel, # 7 Exhibit(s) 7 - 2nd ODAG Letter, # 8 Exhibit(s) 8 - 2nd ODAG Email, # 9 Exhibit(s) 9 - June 8, 2020 Letter Seeking Recusal of AUSA, # 10 Exhibit(s) 10 - August 31, 2020 ODAG Email re Recusal Request, # 11 Exhibit(s) 11 - Email between Jester's Counsel and USAO) (Eggers-DOJ, Tiffany) (Entered: 12/20/2021) |

| | | |
|---|---|---|
| 12/20/2021 | 166 | Designation of Experts (Attachments: # 1 Exhibit(s) 1) (Ansley, Jeffrey) (Entered: 12/20/2021) |
| 12/23/2021 | 168 | NOTICE *of Classified Filing* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 12/23/2021) |
| 12/23/2021 | 170 | MOTION to Exclude Expert Testimony of Tim McCormick re 166 Designation of Experts filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A - Email and Letter, # 2 Exhibit(s) B - FBI Serial 91, # 3 Exhibit(s) C - FBI Serial 156, # 4 Exhibit(s) C-1 - Chart, # 5 Exhibit(s) C-2 - Letter and Materials, # 6 Exhibit(s) D - In-House Review Table) (Eggers-DOJ, Tiffany) (Entered: 12/23/2021) |
| 12/23/2021 | 172 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester:Before the Court are Defendants' Motion to Compel Production of Agent Notes (ECF No. 96 ), filed November 30, 2021; Government's Response (ECF No. 107 ), filed December 3, 2021; Defendants' Motion for Protective Order Governing Disclosure of Grand Jury Transcripts (ECF No. 118 ), filed December 8, 2021; and Government's Response and Objection (ECF No. 139 ), filed December 15, 2021. Having considered the briefing and applicable law, theCourt finds Defendants' Motions (ECF No. 96 and ECF No. 118 ) should be and are GRANTED.The production SHALL BE subject to the restrictions imposed by the Court's Protective Order (ECF No. 68 ). Specifically, Defendants are to treat these items as Protected Information as set out in the Protective Order. (Ordered by Judge Reed C. O'Connor on 12/23/2021) (sre) (Entered: 12/23/2021) |
| 12/23/2021 | 173 | MOTION Exclude Opinions and Testimony of Proposed Government Expert Witness Scott N. Martinez re 29 Designation of Experts filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Ansley, Jeffrey) (Entered: 12/23/2021) |
| 12/23/2021 | 174 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court is Government's Motion to Exclude Expert Testimony of Tim McCormick (ECF No. 170 ), file December 23, 2021. The Court ORDERS Defendants to file a Response on or by December 30, 2021 and Government to file a Reply on or by January 3, 2022. (Ordered by Judge Reed C. O'Connor on 12/23/2021) (sre) (Entered: 12/23/2021) |
| 12/23/2021 | 176 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court is Defendants' Motion to Exclude Expert Testimony of Proposed Government Expert Witness Scott N. Martinez (ECF No. 173 ), filed December 23, 2021. The Court ORDERS Government to file a Response on or by December 30, 2021 and Defendants to file a Reply on or by January 3, 2022. (Ordered by Judge Reed C. O'Connor on 12/23/2021) (sre) (Entered: 12/23/2021) |
| 12/23/2021 | 177 | ELECTRONIC ORDER finding as moot 111 Motion for Leave to File. as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 12/23/2021) (chmb) (Entered: 12/23/2021) |
| 12/23/2021 | 179 | MOTION to Compel *Production of In-House Documents and SEC Investigation Communications* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Ansley, Jeffrey) (Entered: 12/23/2021) |
| 12/23/2021 | 180 | ELECTRONIC ORDER deferring ruling on 179 Motion to Compel as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) |

| | | |
|---|---|---|
| | | and requiring the government to respond no later than December 28, 2021. Any reply due no later than December 30, 2021. (Ordered by Judge Reed C. O'Connor on 12/23/2021) (Judge Reed C. O'Connor) (Entered: 12/23/2021) |
| 12/24/2021 | 181 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 126 MOTION to Dismiss *Indictment for Vindictive Prosecution* (Stephens, Neal) (Entered: 12/24/2021) |
| 12/24/2021 | 182 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 123 MOTION to Compel *Disclosure of Exculpatory Evidence from the DOJ, FBI, and SEC* (Eggers-DOJ, Tiffany) (Entered: 12/24/2021) |
| 12/24/2021 | 183 | MOTION for Leave to File Exhibits Under Seal *Pursuant to Court's Protective Order* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Stephens, Neal) (Entered: 12/24/2021) |
| 12/24/2021 | 184 | ELECTRONIC ORDER granting 183 Motion for Leave to File. (The requesting party must file the document with the clerk.) as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (The requesting party must file the document with the clerk.) (Ordered by Judge Reed C. O'Connor on 12/24/2021) (Judge Reed C. O'Connor) (Entered: 12/24/2021) |
| 12/24/2021 | 185 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 128 MOTION to Dismiss *the Indictment for Failure to State an Offense* (Stephens, Neal) (Entered: 12/24/2021) |
| 12/24/2021 | 186 | ORDER denying 126 Motion to Dismiss as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 12/24/2021) (Judge Reed C. O'Connor) (Entered: 12/24/2021) |
| 12/24/2021 | 187 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 140 Order on Motion to Dismiss, (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s)) (Romero, Rose) (Entered: 12/24/2021) |
| 12/26/2021 | 190 | Third MOTION to Continue *the Trial Setting* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Romero, Rose) (Entered: 12/26/2021) |
| 12/26/2021 | 191 | ELECTRONIC ORDER deferring ruling on 190 Motion to Continue as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4)Government Response due by 12/28/2021. (Ordered by Judge Reed C. O'Connor on 12/26/2021) (Judge Reed C. O'Connor) (Entered: 12/26/2021) |
| 12/27/2021 | 193 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 190 Third MOTION to Continue *the Trial Setting* (Attachments: # 1 Exhibit(s) A - Discovery Request Letter, # 2 Exhibit(s) B - Emails with Filter AUSA, # 3 Exhibit(s) C - Receipts, # 4 Exhibit(s) D - Email, # 5 Exhibit(s) E - Email and Letter) (Eggers-DOJ, Tiffany) (Entered: 12/27/2021) |
| 12/28/2021 | 194 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 179 MOTION to Compel *Production of In-House Documents and SEC Investigation Communications* (Attachments: # 1 Exhibit(s) A - Email and Letter, # 2 Exhibit(s) B - List and Unsealed |

| | | Items, # 3 Exhibit(s) D - Email) (Eggers-DOJ, Tiffany) (Entered: 12/28/2021) |
|---|---|---|
| 12/29/2021 | 198 | Proposed Jury Charge filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 12/29/2021) |
| 12/29/2021 | 199 | ORDER denying 190 Motion to Continue as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 12/29/2021) (Judge Reed C. O'Connor) (Entered: 12/29/2021) |
| 12/30/2021 | 200 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 173 MOTION Exclude Opinions and Testimony of Proposed Government Expert Witness Scott N. Martinez re 29 Designation of Experts (Attachments: # 1 Exhibit(s) A - Summary, # 2 Exhibit(s) B - Serial 134, # 3 Exhibit(s) C - Serial 68, # 4 Exhibit(s) D - Serial 400, # 5 Exhibit(s) E-1 to E-3 - Serials 424, 426 and 427, # 6 Exhibit(s) F-1 and F-2 - Serials 414 and 402) (Eggers-DOJ, Tiffany) (Entered: 12/30/2021) |
| 12/30/2021 | 201 | MOTION Joint Request to Provide Jury Questionnaire filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s)) (Romero, Rose) (Entered: 12/30/2021) |
| 12/30/2021 | 202 | RESPONSE by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 170 MOTION to Exclude Expert Testimony of Tim McCormick re 166 Designation of Experts (Ansley, Jeffrey) (Entered: 12/30/2021) |
| 12/31/2021 | 203 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 123 MOTION to Compel *Disclosure of Exculpatory Evidence from the DOJ, FBI, and SEC* (Attachments: # 1 Proposed Order) (Stephens, Neal) (Entered: 12/31/2021) |
| 12/31/2021 | 205 | RESPONSE AND OBJECTION by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 168 Notice (Other) (Attachments: # 1 Proposed Order) (Stephens, Neal) (Entered: 12/31/2021) |
| 01/01/2022 | 206 | ORDER denying 129 Motion to Dismiss as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 1/1/2022) (Judge Reed C. O'Connor) (Entered: 01/01/2022) |
| 01/03/2022 | 207 | ELECTRONIC ORDER granting 204 Application for Admission Pro Hac Vice of James E. Herdman. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). as to Cara Delin Obert (3) (Ordered by Judge Reed C. O'Connor on 1/3/2022) (chmb) (Entered: 01/03/2022) |
| 01/03/2022 | 208 | REPLY filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 170 MOTION to Exclude Expert Testimony of Tim McCormick re 166 Designation of Experts (Eggers-DOJ, Tiffany) (Entered: 01/03/2022) |
| 01/03/2022 | 212 | ELECTRONIC ORDER granting 210 Application for Admission Pro Hac Vice of Justin E. Herdman. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). as to Cara Delin Obert (3) (Ordered by Judge Reed C. O'Connor on 1/3/2022) (chmb) (Entered: 01/03/2022) |

| | | |
|---|---|---|
| 01/03/2022 | 213 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 173 MOTION Exclude Opinions and Testimony of Proposed Government Expert Witness Scott N. Martinez re 29 Designation of Experts (Ansley, Jeffrey) (Entered: 01/03/2022) |
| 01/03/2022 | 214 | NOTICE *of Intent to Offer Intrinsic Evidence or Evidence Potentially Requiring Notice Pursuant to Rule 404(b)* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 01/03/2022) |
| 01/04/2022 | 215 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court are Defendants' Motions in Limine (ECF No. 114 ), filed December 6, 2021; Government's Responses (ECF No. 150 ), filed December 16, 2021; and Defendants' Reply, (ECF No. 161 ) filed December 20, 2021. For the reasons discussed below, the Court finds the motion should be GRANTED in part, found MOOT in part, and DENIED in part. (Ordered by Judge Reed C. O'Connor on 1/4/2022) (sre) (Entered: 01/04/2022) |
| 01/05/2022 | 218 | ORDER denying 173 Motion Motion to Exclude as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (Ordered by Judge Reed C. O'Connor on 1/5/2022) (sre) (Entered: 01/05/2022) |
| 01/05/2022 | 221 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: It is ORDERED that the jury in the above styled and numbered cause be sequestered from the time they report to the jury room each day until released by the court at the end of each day. This partial sequestration will continue until a verdict is reached and the jury is formally discharged by the court or until further order of the court. Pursuant to this order, while the jury is kept together and not allowed to separate, the reasonable cost of meals incurred by the jury during court recesses will be paid by the clerk of court in compliance with juror fee regulations issued by the Judicial Conference of the United States. (Ordered by Judge Reed C. O'Connor on 1/5/2022) (twd) (Entered: 01/05/2022) |
| 01/05/2022 | 222 | ELECTRONIC ORDER finding as moot 143 Motion to Strike as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 1/5/2022) (chmb) (Entered: 01/05/2022) |
| 01/06/2022 | 226 | WITNESS LIST by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 01/06/2022) |
| 01/06/2022 | 227 | WITNESS LIST by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Romero, Rose) (Entered: 01/06/2022) |
| 01/06/2022 | 228 | EXHIBIT LIST by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Romero, Rose) (Entered: 01/06/2022) |
| 01/06/2022 | 229 | EXHIBIT LIST by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 01/06/2022) |
| 01/06/2022 | 230 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Trial will begin at 9:00 am on January 12, 2022. The Court will conduct initial voir dire of the prospective jurors and each party will then be given 5 minutes to ask any follow up questions. The Government will have 15 hours to present its case and cross examine the Defendants' case. The Defendants will share 15 hours to present their case and cross examine the Government's case. The Government will have 10 minutes to make its opening statement. Each Defendant will have 10 minutes to make |

| | | |
|---|---|---|
| | | an opening statement. The time for closing arguments will be set at the end of the trial. (Ordered by Judge Reed C. O'Connor on 1/6/2022) (sre) (Entered: 01/06/2022) |
| 01/06/2022 | 231 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Defendants, as well as UDF, may file a pleading in this cause identifying any ethical rules they contend were breached. Any pleading filed shall specify the offending individuals, how any such individual committed the violation, and include any supporting documentation. Defendants and UDF's pleading must be filed no later than January 24, 2022. (Ordered by Judge Reed C. O'Connor on 1/6/2022) (sre) (Entered: 01/06/2022) |
| 01/07/2022 | 233 | ORDER granting in part 170 Motion Exclude Expert Testimony of Tim McCormick as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (Ordered by Judge Reed C. O'Connor on 1/7/2022) (sre) (Entered: 01/07/2022) |
| 01/07/2022 | 234 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: For the reasons stated in the order, ECF No. 123 is DENIED as MOOT. Additionally, ECF No. 179 is DENIED. (Ordered by Judge Reed C. O'Connor on 1/7/2022) (sre) (Entered: 01/07/2022) |
| 01/07/2022 | 235 | MOTION to Exclude Defendants' Exhibits Not Produced in Discovery filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A - Letter Requesting Discovery, # 2 Exhibit(s) B - Email with Letter Requesting Discovery, # 3 Exhibit(s) C - Defense Counsel's Email, # 4 Exhibit(s) D - List of Exhibits) (Eggers-DOJ, Tiffany) (Entered: 01/07/2022) |
| 01/08/2022 | 236 | ELECTRONIC ORDER deferring ruling on 235 Motion as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) Responses due by 1/10/2022. (Ordered by Judge Reed C. O'Connor on 1/8/2022) (chmb) (Entered: 01/08/2022) |
| 01/09/2022 | 237 | NOTICE *of Supplement of Government's List of Defendants' Exhibits Not Produced in Discovery* re: 235 MOTION to Exclude Defendants' Exhibits Not Produced in Discovery filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Exhibit(s) E - Additional Exhibits) (Eggers-DOJ, Tiffany) (Entered: 01/09/2022) |
| 01/10/2022 | 238 | First MOTION for Leave to File Defendants's Joint Amended Witness List filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) Defendants' Joint Amended Exhibit List) (Romero, Rose) (Entered: 01/10/2022) |
| 01/10/2022 | 239 | ORDER denying 128 Motion to Dismiss as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (Ordered by Judge Reed C. O'Connor on 1/10/2022) (sre) (Main Document 239 replaced on 1/10/2022) (sre). (Entered: 01/10/2022) |
| 01/10/2022 | 240 | ELECTRONIC ORDER deferring ruling on 238 Motion for Leave to File. as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). The government objects to the motion. Accordingly, the government's response to this motion is due no later than 11 am on January 11, 2022. (Ordered by Judge Reed C. O'Connor on 1/10/2022) (Judge Reed C. O'Connor) (Entered: 01/10/2022) |
| 01/10/2022 | 241 | |

| | | |
|---|---|---|
| | | MOTION for Prospective Juror Information [Unopposed] filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Ansley, Jeffrey) (Entered: 01/10/2022) |
| 01/10/2022 | 242 | NOTICE *of UDF Executives' Intent to Introduce Certain Exhibits Pursuant to Federal Rule of Evidence 902(11)* as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Exhibit(s) Certificate of Authenticity) (Ansley, Jeffrey) (Entered: 01/10/2022) |
| 01/10/2022 | 243 | RESPONSE by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 235 MOTION to Exclude Defendants' Exhibits Not Produced in Discovery (Romero, Rose) (Entered: 01/10/2022) |
| 01/10/2022 | 244 | MOTION for Reconsideration re 230 Order,,, *Regarding Courts January 6, 2022 Order Regarding Time Limits* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Stephens, Neal) (Entered: 01/10/2022) |
| 01/10/2022 | 245 | MOTION in Limine *UDF Executives' Supplemental Motions in Limine* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Stephens, Neal) (Entered: 01/10/2022) |
| 01/11/2022 | 246 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 238 First MOTION for Leave to File Defendants's Joint Amended Witness List (Eggers-DOJ, Tiffany) (Entered: 01/11/2022) |
| 01/11/2022 | 247 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: For the reasons stated in the order, the Court finds this ECF No. 235 is DENIED and ECF No. 238 is GRANTED, so long as Defendants comply with the instructions in the order. (Ordered by Judge Reed C. O'Connor on 1/11/2022) (sre) (Entered: 01/11/2022) |
| 01/11/2022 | 249 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: The Defendants must file a brief in support of their proposed language on the issues stated in the order no later than January 17, 2022 at 3 p.m. and the Government must respond no later than January 18, 2022. (Ordered by Judge Reed C. O'Connor on 1/11/2022) (sre) (Entered: 01/11/2022) |
| 01/11/2022 | 251 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 247 Order Setting Deadline/Hearing,, Terminate Motions, (Attachments: # 1 Declaration(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s), # 7 Exhibit(s), # 8 Exhibit(s), # 9 Exhibit(s), # 10 Exhibit(s), # 11 Exhibit(s)) (Romero, Rose) (Entered: 01/11/2022) |
| 01/11/2022 | 252 | NOTICE *Regarding the Court's January 11, 2022* re: 247 Order Setting Deadline/Hearing,, Terminate Motions, filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Exhibit(s) A - Email from Counsel, # 2 Exhibit(s) B - Email to Counsel) (Eggers-DOJ, Tiffany) (Entered: 01/11/2022) |
| 01/11/2022 | 253 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester regarding notice on late filed documents and the government's notice of noncompliance. (Ordered by Judge Reed C. O'Connor on 1/11/2022) (Judge Reed C. O'Connor) (Entered: 01/11/2022) |

| | | |
|---|---|---|
| 01/12/2022 | 258 | ELECTRONIC Minute Entry for proceedings held before Judge Reed C. O'Connor: Jury Trial Day #1 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 1/12/2022. Jury Trial to resume 1/13/2022 at 9:00 am. Attorney Appearances: AUSA - Tiffany Eggers, Elyse Lyons, Rachael Jones; Defense - Paul Pelletier, Rose Romero for Hollis Greenlaw; Guy Lewis for Benjamin Wissink; Neal Stephens, Kelsey Davidson for Cara Obert; Jeffrey Ansley, Arianna Goodman for Jeffrey Jester. (Exhibits admitted) Time in Court - 8:45. (Court Reporter: Zoie Williams, Kelli Ann Willis) (Interpreter N/A.) (chmb) Modified on 1/31/2022 (chmb/tjc). Modified on 1/31/2022 (chmb). Modified on 1/31/2022 (chmb). (Entered: 01/13/2022) |
| 01/13/2022 | <u>257</u> | NOTICE *re Filing Exhibits for Record Purposes* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # <u>1</u> Exhibit(s) A - COA for Whitley Penn, # <u>2</u> Exhibit(s) B - COA of T Fowle, # <u>3</u> Exhibit(s) C - List of Exhibits via S Chung) (Eggers-DOJ, Tiffany) (Entered: 01/13/2022) |
| 01/13/2022 | <u>259</u> | NOTICE *Regarding Witnesses Testifying and 801(D) Statements* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 01/13/2022) |
| 01/13/2022 | 262 | ELECTRONIC Minute Entry for proceedings held before Judge Reed C. O'Connor: Jury Trial Day #2 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 1/13/2022. Jury Trial to resume 1/14/2022 at 9:00 am. Attorney Appearances: AUSA - Tiffany Eggers, Elyse Lyons, Rachael Jones; Defense - Paul Pelletier, Rose Romero for Hollis Greenlaw; Guy Lewis for Benjamin Wissink; Neal Stephens, Kelsey Davidson for Cara Obert; Jeffrey Ansley, Arianna Goodman for Jeffrey Jester. (Exhibits admitted) Time in Court - 8:50. (Court Reporter: Zoie Williams, Kelli Ann Willis) (Interpreter N/A.) (chmb) Modified on 1/31/2022 (chmb). Modified on 1/31/2022 (chmb/tjc). Modified on 1/31/2022 (chmb). (Entered: 01/14/2022) |
| 01/14/2022 | <u>260</u> | NOTICE *re Filing Exhibits for Record Purposes* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # <u>1</u> Exhibit(s) D - List of Exhibits Received by SEC) (Eggers-DOJ, Tiffany) (Entered: 01/14/2022) |
| 01/14/2022 | <u>261</u> | NOTICE *Regarding Witnesses* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 01/14/2022) |
| 01/14/2022 | <u>264</u> | NOTICE *Regarding Witnesses and 801(D) Statements* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 01/14/2022) |
| 01/14/2022 | 277 | ELECTRONIC Minute Entry for proceedings held before Judge Reed C. O'Connor: Jury Trial Day #3 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 1/14/2022. Jury Trial to resume 1/18/2022 at 9:00 am. Attorney Appearances: AUSA - Tiffany Eggers, Elyse Lyons, Rachael Jones; Defense - Paul Pelletier, Rose Romero for Hollis Greenlaw; Guy Lewis for Benjamin Wissink; Neal Stephens, Kelsey Davidsonn for Cara Obert; Jeffrey Ansley, Arianna Goodman for Jeffrey Jester. (Exhibits admitted) Time in Court - 6:52. (Court Reporter: Zoie Williams, Kelli Ann Willis) (Interpreter N/A.) (chmb) Modified on 1/31/2022 (chmb/tjc). Modified on 1/31/2022 (chmb). (Entered: 01/18/2022) |
| 01/16/2022 | <u>265</u> | MOTION Introduction of Evidence filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # <u>1</u> Declaration(s) Neal |

| | | J. Stephens, # 2 Proposed Order) (Stephens, Neal) (Entered: 01/16/2022) |
|---|---|---|
| 01/16/2022 | 266 | ELECTRONIC ORDER deferring ruling on 265 Motion as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) Response due by 1/17/2022. (Ordered by Judge Reed C. O'Connor on 1/16/2022) (Judge Reed C. O'Connor) (Entered: 01/16/2022) |
| 01/17/2022 | 267 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 265 MOTION Introduction of Evidence (Attachments: # 1 Exhibit(s) 1 - NASDAQ Transcript, # 2 Exhibit(s) 2 - NASDAQ Letter, # 3 Exhibit(s) 3 - SEC Opinion of the Commission) (Eggers-DOJ, Tiffany) (Entered: 01/17/2022) |
| 01/17/2022 | 268 | MOTION to Exclude Defense Exhibit 8280 filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Eggers-DOJ, Tiffany) (Entered: 01/17/2022) |
| 01/17/2022 | 269 | Supplemental Document as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 249 Order Setting Deadline/Hearing, (Stephens, Neal) (Entered: 01/17/2022) |
| 01/17/2022 | 270 | ORDER denying 265 Motion as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 1/17/2022) (Judge Reed C. O'Connor) (Entered: 01/17/2022) |
| 01/17/2022 | 272 | NOTICE *Regarding Witnesses and 801(D) Statements (Amended)* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 01/17/2022) |
| 01/17/2022 | 274 | NOTICE *of UDF Executives of Intent to Introduce Certain Exhibits Pursuant to Federal Rule of Evidence 902(11) and 902(13)* as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Ansley, Jeffrey) (Entered: 01/17/2022) |
| 01/17/2022 | 275 | First MOTION for Reconsideration re 206 Order on Motion to Dismiss filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Declaration(s), # 2 Exhibit(s)) (Romero, Rose) (Entered: 01/17/2022) |
| 01/18/2022 | 276 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 269 Supplemental Document (Eggers-DOJ, Tiffany) (Entered: 01/18/2022) |
| 01/18/2022 | 278 | NOTICE *of Government's Proposed Search Terms* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Exhibit(s) Government's Proposed Search Terms) (Eggers-DOJ, Tiffany) (Entered: 01/18/2022) |
| 01/18/2022 | 280 | ELECTRONIC Minute Entry for proceedings held before Judge Reed C. O'Connor: Jury Trial Day #4 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 1/18/2022. Jury Trial to resume 1/19/2022 at 8:45 am. Attorney Appearances: AUSA - Tiffany Eggers, Elyse Lyons, Rachael Jones; Defense - Paul Pelletier, Rose Romero for Hollis Greenlaw; Guy Lewis for Benjamin Wissink; Neal Stephens, Kelsey Davidson for Cara Obert; Jeffrey Ansley, Arianna Goodman for Jeffrey Jester. (Exhibits admitted) Time in Court - 9 (Court Reporter: Zoie Williams, Kelli Ann Willis) (Interpreter N/A.) (chmb) Modified on 1/31/2022 (chmb/tjc). Modified on |

| | | |
|---|---|---|
| | | 1/31/2022 (chmb). (Entered: 01/19/2022) |
| 01/19/2022 | 281 | ELECTRONIC Minute Entry for proceedings held before Judge Reed C. O'Connor: Jury Trial Day #5 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 1/19/2022. Jury Trial to resume 1/20/2022 at 9:00 am. Attorney Appearances: AUSA - Tiffany Eggers, Elyse Lyons, Rachael Jones; Defense - Paul Pelletier, Rose Romero for Hollis Greenlaw; Guy Lewis for Benjamin Wissink; Neal Stephens, Kelsey Davidson for Cara Obert; Jeffrey Ansley, Arianna Goodman for Jeffrey Jester. (Exhibits admitted) Time in Court - 5:37. (Court Reporter: Zoie Williams, Kelli Ann Willis) (Interpreter N/A.) (chmb) Modified on 1/31/2022 (chmb/tjc). Modified on 1/31/2022 (chmb). (Entered: 01/19/2022) |
| 01/20/2022 | <u>282</u> | EXHIBIT LIST by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 01/20/2022) |
| 01/20/2022 | 283 | ELECTRONIC Minute Entry for proceedings held before Judge Reed C. O'Connor: Jury Trial Day #6 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 1/20/2022. Jury Trial to resume 1/21/2022 at 9:00 am. Attorney Appearances: AUSA - Tiffany Eggers, Elyse Lyons, Rachael Jones; Defense - Paul Pelletier, Rose Romero for Hollis Greenlaw; Guy Lewis for Benjamin Wissink; Neal Stephens, Kelsey Davidson for Cara Obert; Jeffrey Ansley, Arianna Goodman for Jeffrey Jester. (Exhibits admitted) Time in Court - 3:30. (Court Reporter: Zoie Williams) (Interpreter N/A.) (chmb) Modified on 1/31/2022 (chmb/tjc). Modified on 1/31/2022 (chmb). (Entered: 01/21/2022) |
| 01/20/2022 | <u>295</u> | Jury Note #1 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester. (sre) (Entered: 01/24/2022) |
| 01/21/2022 | 284 | ELECTRONIC Minute Entry for proceedings held before Judge Reed C. O'Connor: Jury Trial Day #7 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 1/21/2022. Jury Verdict Rendered. Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Guilty Counts 1-10. Sentencing Scheduling Order to follow. Defendants remanded to the custody of the US Marshal. Attorney Appearances: AUSA - Tiffany Eggers, Elyse Lyons, Rachael Jones; Defense - Paul Pelletier, Rose Romero for Hollis Greenlaw; Guy Lewis for Benjamin Wissink; Neal Stephens, Kelsey Davidson for Cara Obert; Jeffrey Ansley, Arianna Goodman for Jeffrey Jester. (Exhibits admitted) Time in Court - :15. (Court Reporter: Zoie Williams) (Interpreter N/A.) (chmb) Modified on 1/31/2022 (chmb/tjc). Modified on 1/31/2022 (chmb). (Entered: 01/21/2022) |
| 01/21/2022 | <u>296</u> | Jury Note #2 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester. (sre) (Main Document 296 replaced on 1/24/2022) (sre). (Entered: 01/24/2022) |
| 01/21/2022 | <u>297</u> | Jury Charge as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester. Signed by Judge Reed C. O'Connor on 1/20/2022. (sre) (Entered: 01/24/2022) |
| 01/21/2022 | <u>298</u> | JURY VERDICT as to Hollis Morrison Greenlaw (1) Guilty on Count 1,2,3-10 and Benjamin Lee Wissink (2) Guilty on Count 1,2,3-10 and Cara Delin Obert (3) Guilty on Count 1,2,3-10 and Jeffrey Brandon Jester (4) Guilty on Count 1,2,3-10. (sre) (Entered: 01/24/2022) |
| 01/24/2022 | 292 | ELECTRONIC ORDER granting sealed and/or ex parte motion 291 in case as to Hollis Morrison Greenlaw (1) (Clerk to enter the sealed and/or ex parte document as of the date of this order.) (Ordered by Judge Reed C. O'Connor on 1/24/2022) (Judge Reed C. |

| | | |
|---|---|---|
| | | O'Connor) (Entered: 01/24/2022) |
| 01/24/2022 | <u>299</u> | ORDER SETTING SCHEDULE FOR SENTENCING as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Presentence Investigation Report due by 3/15/2022. Objections to Presentence Investigation Report due by 3/29/2022. Presentence Investigation Addendum due by 4/12/2022. Objections to Presentence Investigation Addendum due by 4/19/2022. Sentencing set for 5/20/2022 at 09:00 AM in US Courthouse, Courtroom 2nd Floor, 501 W. 10th St. Fort Worth, TX 76102-3673 before Judge Reed C. O'Connor. (Ordered by Judge Reed C. O'Connor on 1/24/2022) (sre) (Entered: 01/24/2022) |
| 01/24/2022 | 300 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Jeffrey L. Cureton: Motion Hearing as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 1/24/2022 re 294 Motion for Release Pending Sentencing as to Hollis Morrison Greenlaw, 289 , 290 MOTIONS for Release Pending Sentencing as to Cara Delin Obert and Benjamin Lee Wissink, 287 Motion for Release Pending Sentencing as to Jeffrey Brandon Jester; Gov't witnesses Scott Martinez and Samuel Levy sworn & testified; Gov't exhibits 106A, 106G, 106H and A admitted; Defense witnesses Michael Stockham & Angela Greenlaw sworn & testified as to Deft Greenlaw; Defense proffered testimony as to Deft Wissink; Defense proffered testimony & witness Cloe Obert sworn & testified as to Deft Obert; Defense witnesses Buffy Jester and Brad Taylor sworn & testified as to Deft Jester; Motions granted; Conditions of release reinstated as to all defts; Deft Greenlaw will have an additional condition that his signature authority to be removed from all UDF Entity bank accounts; all defts released from custody and back onto conditions of release pending sentencing. Attorney Appearances: AUSA - Tiffany Eggers; Defense - Paul Pelletier and Rose Romero; Guy Lewis and Matt Nelson; Neil Stephens and Kelsey Davidson; Jeff Ansley and Arianna Goodman. (Exhibits admitted) Time in Court - 1:30. (Court Reporter: Zoie Williams) (USPO Bradford.) (jah) (Entered: 01/24/2022) |
| 01/26/2022 | <u>301</u> | MOTION [Defendants' Joint Motion to Extend Deadlines to File Motions for Judgment of Acquittal and for New Trial] filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # <u>1</u> Proposed Order) (Ansley, Jeffrey) (Entered: 01/26/2022) |
| 01/29/2022 | <u>302</u> | Notice of Filing of Official Electronic Transcript of Jury Trial - Volume 2 Proceedings as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 01-12-2022 before Judge Reed O'Connor. Parties are notified of their duty to review and request redaction of the transcript. See <u>Misc Order (MO) 61</u> and <u>Special Order (SO) 19-1</u>. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a <u>Redaction Request - Transcript</u> within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (50 pages) Court Reporter/Transcriber Zoie Williams, Telephone number 817-850-6630. A copy of the transcript may be purchased from the office of the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 2/22/2022. Redacted Transcript Deadline set for 3/1/2022. Release of Transcript Restriction set for 4/29/2022. (kaw) (Entered: 01/29/2022) |
| 01/29/2022 | <u>303</u> | |

| | | |
|---|---|---|
| | | Notice of Filing of Official Electronic Transcript of Jury Trial - Volume 3 Proceedings as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 01-13-2022 before Judge Reed O'Connor. Parties are notified of their duty to review and request redaction of the transcript. See Misc Order (MO) 61 and Special Order (SO) 19-1. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (312 pages) Court Reporter/Transcriber Zoie Williams/Kelli Ann Willis, Telephone number 817-850-6630. A copy of the transcript may be purchased from the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 2/22/2022. Redacted Transcript Deadline set for 3/1/2022. Release of Transcript Restriction set for 4/29/2022. (kaw) (Entered: 01/29/2022) |
| 01/29/2022 | 304 | Notice of Filing of Official Electronic Transcript of Jury Trial - Volume 4 Proceedings as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 01-14-2022 before Judge Reed O'Connor. Parties are notified of their duty to review and request redaction of the transcript. See Misc Order (MO) 61 and Special Order (SO) 19-1. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (457 pages) Court Reporter/Transcriber Zoie Williams/Kelli Ann Willis, Telephone number 817-850-6630. A copy of the transcript may be purchased from the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 2/22/2022. Redacted Transcript Deadline set for 3/1/2022. Release of Transcript Restriction set for 4/29/2022. (kaw) (Entered: 01/29/2022) |
| 01/29/2022 | 305 | Notice of Filing of Official Electronic Transcript of Jury Trial - Volume 5 Proceedings as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 01-18-2022 before Judge Reed O'Connor. Parties are notified of their duty to review and request redaction of the transcript. See Misc Order (MO) 61 and Special Order (SO) 19-1. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (417 pages) Court Reporter/Transcriber Zoie Williams/Kelli Ann Willis, Telephone number 817-850-6630. A copy of the transcript may be purchased from the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 2/22/2022. Redacted Transcript Deadline set for 3/1/2022. Release of Transcript Restriction set for 4/29/2022. (kaw) (Entered: 01/29/2022) |

| 01/29/2022 | 306 | Notice of Filing of Official Electronic Transcript of Jury Trial - Volume 6 Proceedings as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 01-19-2022 before Judge Reed O'Connor. Parties are notified of their duty to review and request redaction of the transcript. See Misc Order (MO) 61 and Special Order (SO) 19-1. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (493 pages) Court Reporter/Transcriber Zoie Williams/Kelli Ann Willis, Telephone number 817-850-6630. A copy of the transcript may be purchased from the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 2/22/2022. Redacted Transcript Deadline set for 3/1/2022. Release of Transcript Restriction set for 4/29/2022. (kaw) (Entered: 01/29/2022) |
| 01/29/2022 | 307 | Notice of Filing of Official Electronic Transcript of Jury Trial - Volume 7 Proceedings as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 01-19-2022 before Judge Reed O'Connor. Parties are notified of their duty to review and request redaction of the transcript. See Misc Order (MO) 61 and Special Order (SO) 19-1. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (339 pages) Court Reporter/Transcriber Zoie Williams/Kelli Ann Willis, Telephone number 817-850-6630. A copy of the transcript may be purchased from the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 2/22/2022. Redacted Transcript Deadline set for 3/1/2022. Release of Transcript Restriction set for 4/29/2022. (kaw) (Entered: 01/29/2022) |
| 01/29/2022 | 308 | Notice of Filing of Official Electronic Transcript of Jury Trial - Volume 8 Proceedings as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 01-20-2022 before Judge Reed O'Connor. Parties are notified of their duty to review and request redaction of the transcript. See Misc Order (MO) 61 and Special Order (SO) 19-1. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (181 pages) Court Reporter/Transcriber Zoie Williams, Telephone number 817-850-6630. A copy of the transcript may be purchased from the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 2/22/2022. Redacted Transcript Deadline set for 3/1/2022. Release of Transcript Restriction set for 4/29/2022. (kaw) (Entered: 01/29/2022) |

| | | |
|---|---|---|
| 01/29/2022 | 309 | Notice of Filing of Official Electronic Transcript of Jury Trial - Volume 9 Proceedings as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 01-21-2022 before Judge Reed O'Connor. Parties are notified of their duty to review and request redaction of the transcript. See Misc Order (MO) 61 and Special Order (SO) 19-1. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (20 pages) Court Reporter/Transcriber Zoie Williams, Telephone number 817-850-6630. A copy of the transcript may be purchased from the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 2/22/2022. Redacted Transcript Deadline set for 3/1/2022. Release of Transcript Restriction set for 4/29/2022. (kaw) (Entered: 01/29/2022) |
| 01/29/2022 | 310 | Notice of Filing of Official Electronic Transcript of Detention Hearing Proceedings as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester held on 01-24-2022 before Judge Jeffrey Cureton. Parties are notified of their duty to review and request redaction of the transcript. See Misc Order (MO) 61 and Special Order (SO) 19-1. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (122 pages) Court Reporter/Transcriber Zoie Williams, Telephone number 817-850-6630. A copy of the transcript may be purchased from the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 2/22/2022. Redacted Transcript Deadline set for 3/1/2022. Release of Transcript Restriction set for 4/29/2022. (kaw) (Entered: 01/29/2022) |
| 02/03/2022 | 312 | Supplemental MOTION for Extension of Time *to File Respective Motions for Judgment of Acquittal and for New Trial* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Romero, Rose) (Entered: 02/03/2022) |
| 02/03/2022 | 314 | ORDER granting 312 Motion for Extension of Time as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4): Before the Court is Defendants' Joint Supplemental Motion to Extend Deadline to File Motions for Judgment of Acquittal and For a New Trial (ECF No. 312 ), filed February 3, 2022. Having considered the Motion, the Court finds that it should be and is GRANTED. Defendants have until Monday, February 7, 2022 to file their Motion. (Ordered by Judge Reed C. O'Connor on 2/3/2022) (sre) (Entered: 02/03/2022) |
| 02/06/2022 | 315 | First MOTION for Leave to File Exceed Page Limit of Motion for Judgment of Acquittal filed by Hollis Morrison Greenlaw with Brief/Memorandum in Support. (Romero, Rose) (Entered: 02/06/2022) |
| 02/07/2022 | 316 | |

| | | |
|---|---|---|
| | | ORDER granting 315 Motion for Leave to File as to Hollis Morrison Greenlaw (1). (Ordered by Judge Reed C. O'Connor on 2/7/2022) (sre) (Entered: 02/07/2022) |
| 02/07/2022 | 321 | First MOTION to Set Aside Verdict filed by Hollis Morrison Greenlaw with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s)) (Romero, Rose) (Entered: 02/07/2022) |
| 02/07/2022 | 323 | First MOTION for Acquittal *Pursuant to Rule 29* filed by Hollis Morrison Greenlaw with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s)) (Romero, Rose) (Entered: 02/07/2022) |
| 02/09/2022 | 328 | NOTICE *[Defendant Hollis Greenlaw's Notice of Joinder in Co-Defendants' Motions for Judgment of Acquittal Pursuant to Rule 29 and Motions for New Trial Pursuant to Rule 33]* as to Hollis Morrison Greenlaw (Romero, Rose) (Entered: 02/09/2022) |
| 02/10/2022 | 332 | MOTION for Order Authorizing Alternative Procedures for Victim Notification (Opposed) - Amended filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A - Notice) (Eggers-DOJ, Tiffany) (Entered: 02/10/2022) |
| 02/10/2022 | 333 | ORDER granting 332 Motion Motion for Order Authorizing Alternative Procedures for Victim Notification as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (Ordered by Judge Reed C. O'Connor on 2/10/2022) (sre) (Entered: 02/10/2022) |
| 02/16/2022 | 334 | Unopposed MOTION for Extension of Time *to File Responses to Defendants' Motions for Judgment of Acquittal and Motions for New Trial (Dkts. 317 - 324)* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 02/16/2022) |
| 02/17/2022 | 335 | ORDER granting 334 Motion for Extension of Time as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4): The Government has until Friday, February 25, 2022 to file its Responses. (Ordered by Judge Reed C. O'Connor on 2/17/2022) (sre) (Entered: 02/17/2022) |
| 02/18/2022 | 336 | MOTION for Leave to File Individual Replies in Support of Their Motions for Judgment of Acquittal and Motions for New Trial filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Stephens, Neal) (Entered: 02/18/2022) |
| 02/22/2022 | 337 | ORDER granting 336 Motion for Leave to File. (The requesting party must file the document with the clerk.) as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (The requesting party must file the document with the clerk.) (Ordered by Judge Reed C. O'Connor on 2/22/2022) (sre) (Entered: 02/22/2022) |
| 02/24/2022 | 338 | MOTION for Leave to File Response in Excess of Page Limit filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 02/24/2022) |
| 02/24/2022 | 339 | ORDER granting 338 Motion for Leave to File. (The requesting party must file the document with the clerk.) as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (The requesting party must file the document with the clerk.) (Ordered by Judge Reed C. O'Connor on 2/24/2022) (sre) (Entered: 02/24/2022) |

| | | |
|---|---|---|
| 02/25/2022 | 340 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 318 MOTION for Acquittal *for Cara Obert Pursuant to Rule 29*, 322 MOTION for Acquittal *[Defendant Brandon Jester's Rule 29 Motion for Judgment of Acquittal and Request for Argument and a Hearing]*, 319 MOTION for Acquittal *Pursuant to Rule 29*, 323 First MOTION for Acquittal *Pursuant to Rule 29* (Eggers-DOJ, Tiffany) (Entered: 02/25/2022) |
| 02/25/2022 | 341 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 320 MOTION to Set Aside Verdict *Benjamin Wissink's Motion for a New Trial Pursuant to Rule 33*, 321 First MOTION to Set Aside Verdict , 324 MOTION to Set Aside Verdict *[Defendant Brandon Jester's Rule 33 Motion for New Trial]*, 317 MOTION to Set Aside Verdict *Cara Obert's Motion for a New Trial Pursuant to Rule 33* (Eggers-DOJ, Tiffany) (Entered: 02/25/2022) |
| 03/04/2022 | 348 | REPLY filed by Hollis Morrison Greenlaw re: 321 First MOTION to Set Aside Verdict (Attachments: # 1 Declaration(s)) (Romero, Rose) (Entered: 03/04/2022) |
| 03/04/2022 | 349 | REPLY filed by Hollis Morrison Greenlaw re: 323 First MOTION for Acquittal *Pursuant to Rule 29* (Romero, Rose) (Entered: 03/04/2022) |
| 03/18/2022 | 356 | NOTICE *UDF Executives' Notice of Intent to File Supplemental Rule 33 Motion Based on Newly Discovered Evidence* as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Stephens, Neal) (Entered: 03/18/2022) |
| 04/07/2022 | 374 | NOTICE *(Defendants' Second Notice of Intent to File Supplemental Rule 33 Motions Based on Newly Discovered Evidence)* as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Ansley, Jeffrey) (Entered: 04/07/2022) |
| 04/08/2022 | 375 | MOTION for Leave to File Responses to Government's Responses to the Defendants' Respective Objections to the Presentence Investigation Reports filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Ansley, Jeffrey) (Entered: 04/08/2022) |
| 04/11/2022 | 376 | MOTION for Extension of Time *to Deliver Victim Impact Statements* filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 04/11/2022) |
| 04/11/2022 | 377 | ORDER...Before the Court is Defendants Motion for Leave to File Responses to Governments Responses to the Defendants Respective Objection to the Presentence Investigation Reports (ECF No. 375 ), filed April 8, 2022. Having considered the motion, briefing, and applicable law, the Court finds the Motion should be GRANTED in part. The Court ORDERS Defendants to file a combined response addressing any objections not accepted by the Addendum no later than 7 days after the Addendum is released. (Ordered by Judge Reed C. O'Connor on 4/11/2022) (wxc) (Entered: 04/11/2022) |
| 04/13/2022 | 383 | ELECTRONIC ORDER granting 376 Motion for Extension of Time as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Ordered by Judge Reed C. O'Connor on 4/13/2022) (Judge Reed C. O'Connor) (Entered: 04/13/2022) |
| 04/22/2022 | 394 | NOTICE *(Defendants Supplemental Notice of Intent to File Rule 33 Motions Based on Newly Discovered Evidence)* filed by Jeffrey Brandon Jester as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Exhibit(s) 1) (Ansley, Jeffrey) (Entered: 04/22/2022) |

| | | |
|---|---|---|
| 04/26/2022 | 399 | MOTION for Leave to File Reply to Defendant Greenlaw and Jester's Responses to Goverment's Sentencing Memorandum Regarding Restitution filed by USA as to Hollis Morrison Greenlaw, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 04/26/2022) |
| 04/27/2022 | 403 | ORDER granting 399 Motion for Leave to File. (The requesting party must file the document with the clerk.) as to Hollis Morrison Greenlaw (1), Jeffrey Brandon Jester (4) Reply due by 4/27/2022. (Ordered by Judge Reed C. O'Connor on 4/27/2022) (sre) (Entered: 04/27/2022) |
| 05/04/2022 | 407 | MOTION for Leave to File Victim Share Data and Additional Victim Impact Statements filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 05/04/2022) |
| 05/05/2022 | 414 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court is Government's 407 Motion for Leave to File Victim Share Data and Additional Victim Impact Statements. To more timely resolve the issues before the Court, the Court ORDERS Defendants to file and responses and objections by May 6 at 11:00 a.m. and the Government to file any replies by May 6 at 7:00 p.m. (Ordered by Judge Reed C. O'Connor on 5/5/2022) (mmw) (Entered: 05/05/2022) |
| 05/06/2022 | 419 | MOTION Defendants' Consolidated Rule 33 Motion for New Trial Based on Newly Discovered Evidence, Supporting Brief, and Request for Evidentiary Hearing filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5) (Ansley, Jeffrey) (Entered: 05/06/2022) |
| 05/09/2022 | 420 | MOTION (Amended) Defendants Amended Consolidated Rule 33 Motion for New Trial Based on Newly Discovered Evidence, Supporting Brief, and Request for Evidentiary Hearing filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5) (Ansley, Jeffrey) (Entered: 05/09/2022) |
| 05/09/2022 | 421 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court is Defendants' Consolidated Rule 33 Motion for New Trial Based on Newly Discovered Evidence, Supporting Brief, and Request for Evidentiary Hearing (ECF No. 419 ), filed May 6, 2022. To more timely resolve the issues before the Court, the Court ORDERS the Government to file any response by May 13 at 5:00 p.m. (Ordered by Judge Reed C. O'Connor on 5/9/2022) (sre) (Entered: 05/09/2022) |
| 05/10/2022 | 422 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: To more timely resolve the issues before the Court, the Court ORDERS the Government to respond, either jointly or separately, to each Defendant's arguments, by May 13 at 5:00 p.m. (Ordered by Judge Reed C. O'Connor on 5/10/2022) (sre) (Entered: 05/10/2022) |
| 05/11/2022 | 424 | MOTION to Continue *Sentencing Hearing* filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Ansley, Jeffrey) (Entered: 05/11/2022) |
| 05/12/2022 | 427 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 420 MOTION (Amended) Defendants Amended Consolidated Rule 33 Motion for New Trial Based on Newly Discovered Evidence, Supporting Brief, and Request for Evidentiary Hearing (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2A, # 3 Exhibit(s) 2B, # 4 Exhibit(s) 2C, # 5 |

| | | |
|---|---|---|
| | | Exhibit(s) 2E, # 6 Exhibit(s) 2F, # 7 Exhibit(s) 2G, # 8 Exhibit(s) 3, # 9 Exhibit(s) 4, # 10 Exhibit(s) 83.1 at pgs. 465-466, # 11 Exhibit(s) 83.1 at pgs. 690-91 (Eggers-DOJ, Tiffany) (Entered: 05/12/2022) |
| 05/12/2022 | 428 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Jeffrey Brandon Jester re: 424 MOTION to Continue *Sentencing Hearing*, 426 Supplemental MOTION to Continue *Sentencing Hearing*, 425 Supplemental MOTION to Continue *Sentencing Hearing* (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4) (Eggers-DOJ, Tiffany) (Entered: 05/12/2022) |
| 05/13/2022 | 430 | Unopposed MOTION for Leave to File Response in Excess of 25 Pages filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 05/13/2022) |
| 05/13/2022 | 431 | ORDER granting 430 Motion for Leave to File. (The requesting party must file the document with the clerk.) as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (The requesting party must file the document with the clerk.) (Ordered by Judge Reed C. O'Connor on 5/13/2022) (sre) (Entered: 05/13/2022) |
| 05/15/2022 | 433 | Unopposed MOTION for Leave to File Reply to the Governments Response to their Amended Consolidated Rule 33 Motion for New Trial filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Ansley, Jeffrey) (Entered: 05/15/2022) |
| 05/16/2022 | 434 | ORDER granting 433 Motion for Leave to File. Upon due consideration and good cause, the Court GRANTS the Defendants' Motion and ORDERS the Defendants to Reply by May 17, 2022 at 5:00 pm. as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (The requesting party must file the document with the clerk.) (Ordered by Judge Reed C. O'Connor on 5/16/2022) (sre) (Entered: 05/16/2022) |
| 05/17/2022 | 435 | MOTION to Quash *of Non-Parties* filed by United Development Funding Income Fund V, United Development Funding IV, United Development Funding III LP as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) 1, # 4 Exhibit(s) 2, # 5 Exhibit(s) 3, # 6 Exhibit(s) C, # 7 Proposed Order) (Falls, Clayton) (Entered: 05/17/2022) |
| 05/17/2022 | 436 | REPLY filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 420 MOTION (Amended) Defendants Amended Consolidated Rule 33 Motion for New Trial Based on Newly Discovered Evidence, Supporting Brief, and Request for Evidentiary Hearing (Attachments: # 1 Exhibit(s) A) (Ansley, Jeffrey) (Entered: 05/17/2022) |
| 05/17/2022 | 437 | RESPONSE AND OBJECTION by USA, United Development Funding Income Fund V, United Development Funding IV, United Development Funding III LP as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 435 MOTION to Quash *of Non-Parties* (Eggers-DOJ, Tiffany) (Entered: 05/17/2022) |
| 05/18/2022 | 439 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: The Court DENIES Defendants' Motions for Acquittal (ECF Nos. 318, 319, 322, 323). See order for additional details. (Ordered by Judge Reed C. O'Connor on 5/18/2022) (sre) (Entered: 05/18/2022) |
| 05/18/2022 | 440 | Order in case as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester. (Ordered by Judge Reed C. O'Connor on 5/18/2022) (sre) |

| | | Modified on 5/19/2022 (sre). (Entered: 05/18/2022) |
|---|---|---|
| 05/18/2022 | 441 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: The Court finds the Motions (ECF Nos. 317 , 320 , 321 , 324 , 420 ) should be, and are, DENIED. (Ordered by Judge Reed C. O'Connor on 5/18/2022) (sre) (Entered: 05/18/2022) |
| 05/19/2022 | 443 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Before the Court are Defendants' Motions to Continue Sentencing Hearing (ECF Nos. 424 , 425 , 426 ), filed May 11, 2022; and the Government's Response and Objection (ECF No. 428 ), filed May 12. Having reviewed the Motions, briefing, and applicable law, the Court DENIES the Motions to Continue Sentencing. (Ordered by Judge Reed C. O'Connor on 5/19/2022) (sre) (Entered: 05/19/2022) |
| 05/19/2022 | 446 | Sealed Motion for Leave to File Under Seal Motion to Disqualify Prosecution Team and Fort Worth Probation Office and Continue Sentencing (Sealed pursuant to motion to seal) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester filed by Defendant. (Attachments: # 1 Proposed Order, # 2 Exhibit(s) Motion to Disqualify, # 3 Exhibit(s) Proposed Order) (Romero, Rose) (Entered: 05/19/2022) |
| 05/20/2022 | 447 | Sealed Motion to File Under Seal - Response in Opposition (Sealed pursuant to motion to seal) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester filed by USA. (Attachments: # 1 Response in Opposition, # 2 Exhibit(s) 1, # 3 Exhibit(s) 2, # 4 Exhibit(s) 3, # 5 Exhibit(s) 4) (Eggers-DOJ, Tiffany) (Entered: 05/20/2022) |
| 05/20/2022 | 448 | ELECTRONIC ORDER granting sealed and/or ex parte motion 446 in case as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Clerk to enter the sealed and/or ex parte document as of the date of this order.) (Ordered by Judge Reed C. O'Connor on 5/20/2022) (Judge Reed C. O'Connor) (Entered: 05/20/2022) |
| 05/20/2022 | 449 | ELECTRONIC ORDER granting sealed and/or ex parte motion 447 in case as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4) (Clerk to enter the sealed and/or ex parte document as of the date of this order.) (Ordered by Judge Reed C. O'Connor on 5/20/2022) (Judge Reed C. O'Connor) (Entered: 05/20/2022) |
| 05/20/2022 | 450 | ORDER DENYING 451 as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester denying motion to recuse/continue (Ordered by Judge Reed C. O'Connor on 5/20/2022) (Judge Reed C. O'Connor) Modified on 5/20/2022 (sre). (Main Document 450 replaced on 5/20/2022) (sre). (Entered: 05/20/2022) |
| 05/20/2022 | 451 | Sealed MOTION as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester filed by Defendant. (Notice: Any required service of this document is the responsibility of the filer.) (sre) (Entered: 05/20/2022) |
| 05/20/2022 | 452 | Sealed and/or Ex Parte Response re: 451 Sealed and/or Ex Parte Motion as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester filed by USA. (Notice: Any required service of this document is the responsibility of the filer.) (sre) (Entered: 05/20/2022) |
| 05/20/2022 | 453 | ELECTRONIC Minute Entry for proceedings held before Judge Reed C. O'Connor: Sentencing held on 5/20/2022 for Hollis Morrison Greenlaw (1), Count(s) 1 through 10. Pursuant to the Sentencing Reform Act of 1984, as amended, it is the judgment of the |

| | | |
|---|---|---|
| | | Court that the defendant, Hollis Morrison Greenlaw, in 4:21-CR-289-O(01), is hereby committed to the custody of the Federal Bureau of Prisons for a period of EIGHTY-FOUR (84) months as to Counts One through Ten, to run CONCURRENTLY for a TOTAL of EIGHTY-FOUR (84) months. The Court orders a fine in the amount of $50,000. It is further ordered that the defendant pay a special assessment of $1000. The Court does not order restitution. Supervised Release is Ordered for a term of FIVE (5) years, as to each count, to run concurrently, for a TOTAL of FIVE (5) years. The Court makes a non-binding recommendation to the BOP that Defendant, if appropriately classified, be allowed to serve his term of imprisonment as near as geographically possible to FCI Seagoville. The Defendant is ordered to voluntarily surrender to the designated BOP facility before 2:00 pm on Tuesday, July 5, 2022. Attorney Appearances: AUSA - Tiffany Eggers, Leslie Jones, Elyse Lyons, Beverly Chapman; Defense - Paul Pelletier, Rose Romero. (Exhibits admitted: Defense exhibits 1 (printout of presentation); 2 (printout of presentation); 3 (printout of objectives); 4 (copy of email from Kyle Bass); 5 (copy of FD-302 dated 5/6/2021); 6 (copy of FD-302 dated 3/29/2018); 7 (bound book of housing developments) Time in Court - 1:39. (Court Reporter: Zoie Williams) (Interpreter N/A.) (chmb) (Entered: 05/20/2022) |
| 05/20/2022 | 458 | Notice of Right to Appeal Sentence and Sentence After Sentence Has Been Imposed in a Case Which has Gone to Trial on a Plea of Not Guilty as to Hollis Morrison Greenlaw. (sre) (Entered: 05/20/2022) |
| 05/20/2022 | | Document unsealed per Chambers as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester 446 , 447 , 450 451 , 452 . (sre) (Entered: 05/20/2022) |
| 05/20/2022 | 460 | MOTION Relief Related to Bond Motion filed by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Burnham, James) (Entered: 05/20/2022) |
| 05/20/2022 | 464 | MOTION Continued Release Pending Appeal filed by Hollis Morrison Greenlaw with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Romero, Rose) (Entered: 05/20/2022) |
| 05/20/2022 | 465 | NOTICE OF APPEAL to the Fifth Circuit by Hollis Morrison Greenlaw. Filing fee $505, receipt number 0539-12840567. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a Defendant proceeding pro se.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Romero, Rose) (Entered: 05/20/2022) |
| 05/23/2022 | 467 | JUDGMENT as to Hollis Morrison Greenlaw (1), Count(s) 1-10, BOP- 84 months as to Counts One through Ten, to run CONCURRENTLY for a TOTAL of EIGHTY-FOUR (84) months; S/R- FIVE (5) years, as to each count, to run concurrently, for a TOTAL of FIVE (5) years; Fine- $50,000; MSA- $1000. (Ordered by Judge Reed C. O'Connor on 5/23/2022) (sre) (Entered: 05/23/2022) |
| 05/23/2022 | 475 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 460 MOTION Relief Related to Bond Motion (Eggers-DOJ, Tiffany) (Entered: 05/23/2022) |

| | | |
|---|---|---|
| 05/23/2022 | <u>476</u> | ORDER granting in part and denying in part <u>460</u> Motion as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4)( Responses due by 6/3/2022., Replies due by 6/10/2022.) (Ordered by Judge Reed C. O'Connor on 5/23/2022) (sre) (Entered: 05/23/2022) |
| 05/25/2022 | <u>479</u> | NOTICE *of Right to Appeal Conviction and Sentence After Sentence has been Imposed in a Case Which has Gone to Trial on a Plea of Not Guilty* as to Hollis Morrison Greenlaw (Romero, Rose) (Entered: 05/25/2022) |
| 05/26/2022 | <u>483</u> | NOTICE *of Payment of Fine and Special Assessment* re: <u>467</u> Judgment, as to Hollis Morrison Greenlaw (Attachments: # <u>1</u> Exhibit(s), # <u>2</u> Exhibit(s)) (Romero, Rose) (Entered: 05/26/2022) |
| 06/02/2022 | <u>486</u> | MOTION for Leave to File an Omnibus Response in Opposition to the Defendants Motions for Release Pending Appeal and for Leave to Exceed the Response Page Limit filed by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Eggers-DOJ, Tiffany) (Entered: 06/02/2022) |
| 06/03/2022 | <u>487</u> | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, <u>465</u> Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # <u>1</u> Cover Sheet Supplement Index of Sealed Admitted Exhibits Available for Viewing at Clerk's Office, # <u>2</u> Exhibit(s) 25, # <u>3</u> Exhibit(s) 30 Part 1, # <u>4</u> Exhibit(s) 30 Part 2, # <u>5</u> Exhibit(s) 30 Part 3, # <u>6</u> Exhibit(s) 30 Part 4, # <u>7</u> Exhibit(s) 33 Part 1, # <u>8</u> Exhibit(s) 33 Part 2, # <u>9</u> Exhibit(s) 34 Part 1, # <u>10</u> Exhibit(s) 34 Part 2) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | <u>488</u> | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, <u>465</u> Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # <u>1</u> Exhibit(s) 34 Part 3, # <u>2</u> Exhibit(s) 35-38, # <u>3</u> Exhibit(s) 39-42, # <u>4</u> Exhibit(s) 43 Part 1, # <u>5</u> Exhibit(s) 43 Part 2, # <u>6</u> Exhibit(s) 43 Part 3, # <u>7</u> Exhibit(s) 43 Part 4, # <u>8</u> Exhibit(s) 46 Part 1, # <u>9</u> Exhibit(s) 46 Part 2, # <u>10</u> Exhibit(s) 46 Part 3) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | <u>489</u> | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, <u>465</u> Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # <u>1</u> Exhibit(s) 47 Part 1, # <u>2</u> Exhibit(s) 47 Part 2, # <u>3</u> Exhibit(s) 47 Part 3, # <u>4</u> Exhibit(s) 48-50, # <u>5</u> Exhibit(s) 51 Part 1, # <u>6</u> Exhibit(s) 51 Part 2, # <u>7</u> Exhibit(s) 52A, # <u>8</u> Exhibit(s) 52B, 53A, # <u>9</u> Exhibit(s) 53B, 53C, # <u>10</u> Exhibit(s) 57) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | <u>490</u> | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, <u>465</u> Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # <u>1</u> Exhibit(s) 58, # <u>2</u> Exhibit(s) 59-60, # <u>3</u> Exhibit(s) 61A Part 1, # <u>4</u> Exhibit(s) 61A Part 2, # <u>5</u> Exhibit(s) 61A Part 3, # <u>6</u> Exhibit(s) 61B, 64A, # <u>7</u> Exhibit(s) 64B, # <u>8</u> Exhibit(s) 64C Part 1, # <u>9</u> Exhibit(s) 64C Part 2, # <u>10</u> Exhibit(s) 76) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |

| 06/03/2022 | 491 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 77 Part 1, # 2 Exhibit(s) 77 Part 2, # 3 Exhibit(s) 79 Part 1, # 4 Exhibit(s) 79 Part 2, # 5 Exhibit(s) 81 Part 1, # 6 Exhibit(s) 81 Part 2, # 7 Exhibit(s) 81 Part 3, # 8 Exhibit(s) 101-102, # 9 Exhibit(s) 111, # 10 Exhibit(s) 112 Part 1) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| --- | --- | --- |
| 06/03/2022 | 492 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 112 Part 2, # 2 Exhibit(s) 112 Part 3, # 3 Exhibit(s) 112 Part 4, # 4 Exhibit(s) 113-116, 118-122, 125-127, # 5 Exhibit(s) 129A-129D, # 6 Exhibit(s) 144-145, 147-148, 150-157, # 7 Exhibit(s) 165-166, 168, 171, 174-176, # 8 Exhibit(s) 180 Part 1, # 9 Exhibit(s) 180 Part 2, # 10 Exhibit(s) 180 Part 3) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 493 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 180 Part 4, # 2 Exhibit(s) 180 Part 5, # 3 Exhibit(s) 181 Part 1, # 4 Exhibit(s) 181 Part 2, # 5 Exhibit(s) 181 Part 3, # 6 Exhibit(s) 181 Part 4, # 7 Exhibit(s) 182, 192, 195-198, # 8 Exhibit(s) 202, 204-206, 208-212, 214, # 9 Exhibit(s) 218-225, 229, 231, 234-239, # 10 Exhibit(s) 241-245, 248-249, 252-259) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 494 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 262, 266, 270, # 2 Exhibit(s) 272B, 273B, 273C, 274-278, # 3 Exhibit(s) 280-281, 283, 286, 289-290, # 4 Exhibit(s) 292, 294-296, 298, # 5 Exhibit(s) 301-304, 306-309, 311-312, 314, # 6 Exhibit(s) 321 Part 1, # 7 Exhibit(s) 321 Part 2, # 8 Exhibit(s) 321 Part 3, # 9 Exhibit(s) 324, # 10 Exhibit(s) 325) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 495 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 326, # 2 Exhibit(s) 328, # 3 Exhibit(s) 340-341, # 4 Exhibit(s) 350-352, # 5 Exhibit(s) 353-355, # 6 Exhibit(s) 356-358, # 7 Exhibit(s) 359-361, # 8 Exhibit(s) 362-363, # 9 Exhibit(s) 364, # 10 Exhibit(s) 365-366) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 496 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 367-368, # 2 Exhibit(s) 369, # 3 Exhibit(s) 370, # 4 Exhibit(s) 371, # 5 Exhibit(s) 372-374, # 6 Exhibit(s) 375-376, # 7 Exhibit(s) 377, # 8 |

| | | |
|---|---|---|
| | | Exhibit(s) 378-379, # 9 Exhibit(s) 380-381, # 10 Exhibit(s) 382) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 497 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 383-384, # 2 Exhibit(s) 385, # 3 Exhibit(s) 386, # 4 Exhibit(s) 387-389, # 5 Exhibit(s) 390-392, # 6 Exhibit(s) 393, # 7 Exhibit(s) 394 Part 1, # 8 Exhibit(s) 394 Part 2, # 9 Exhibit(s) 395, # 10 Exhibit(s) 396 Part 1) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 498 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 396 Part 2, # 2 Exhibit(s) 397-398, # 3 Exhibit(s) 399, # 4 Exhibit(s) 400, # 5 Exhibit(s) 401-403, # 6 Exhibit(s) 404, # 7 Exhibit(s) 405, # 8 Exhibit(s) 406, # 9 Exhibit(s) 407, # 10 Exhibit(s) 408) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 499 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 409, # 2 Exhibit(s) 411, 415A-415C, 416-419, # 3 Exhibit(s) 420-423, # 4 Exhibit(s) 424, # 5 Exhibit(s) 425 Part 1, # 6 Exhibit(s) 425 Part 2, # 7 Exhibit(s) 426, # 8 Exhibit(s) 427, # 9 Exhibit(s) 442, 445, 455-457, 459-460, # 10 Exhibit(s) 462-465, 468, 471-476, 478-479) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 500 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 485-489, 491, 493, 496-497, # 2 Exhibit(s) 499-504, 506-507, 509-513, # 3 Exhibit(s) 514-519, 521, 522A, # 4 Exhibit(s) 525-528, 533-534, 535B, 535C, 536, # 5 Exhibit(s) 537-540A, 541A-541B, # 6 Exhibit(s) 544A-544B, 546-547A, 552A-552B, 554, # 7 Exhibit(s) 558-560, 562, 567-568, 571, 575, # 8 Exhibit(s) 576, 579D-579F, 587, # 9 Exhibit(s) 590, 593-597, 599, # 10 Exhibit(s) 617 Part 1) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 501 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 617 Part 2, # 2 Exhibit(s) 617 Part 3, # 3 Exhibit(s) 617 Part 4, # 4 Exhibit(s) 618 Part 1, # 5 Exhibit(s) 618 Part 2, # 6 Exhibit(s) 618 Part 3, # 7 Exhibit(s) 618 Part 4, # 8 Exhibit(s) 619-620, # 9 Exhibit(s) 621 Part 1, # 10 Exhibit(s) 621 Part 2) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 502 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 477 Notice of Appeal,,,, 463 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by USA. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) 621 Part 3, # 2 Exhibit(s) 621 Part 4, # 3 Exhibit(s) 621 Part |

| | | |
|---|---|---|
| | | 5, # <u>4</u> Exhibit(s) 622 Part 1, # <u>5</u> Exhibit(s) 622 Part 2) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | <u>503</u> | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, <u>465</u> Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # <u>1</u> Exhibit(s) DX 1-20, # <u>2</u> Exhibit(s) DX 21-63, # <u>3</u> Exhibit(s) DX 64-88, # <u>4</u> Exhibit(s) DX 89, # <u>5</u> Exhibit(s) DX 90-106, # <u>6</u> Exhibit(s) DX 107-120, # <u>7</u> Exhibit(s) DX 121 Part 1, # <u>8</u> Exhibit(s) DX 121 Part 2, # <u>9</u> Exhibit(s) DX 122-165, # <u>10</u> Exhibit(s) DX 2000-2132) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | <u>504</u> | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, <u>465</u> Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # <u>1</u> Cover Sheet Supplement Index of Public Exhibits Available for Viewing at the Clerk's Office, # <u>2</u> Exhibit(s) 1-5, # <u>3</u> Exhibit(s) 6 Part 1, # <u>4</u> Exhibit(s) 6 Part 2, # <u>5</u> Exhibit(s) 7A-7I, # <u>6</u> Exhibit(s) 8-12, # <u>7</u> Exhibit(s) 13 Part 1, # <u>8</u> Exhibit(s) 13 Part 2, # <u>9</u> Exhibit(s) 14-18, # <u>10</u> Exhibit(s) 28-29, 32, 44-45, 52A) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | <u>505</u> | ORDER granting <u>486</u> Motion as to Hollis Morrison Greenlaw (1), Benjamin Lee Wissink (2), Cara Delin Obert (3), Jeffrey Brandon Jester (4). (Ordered by Judge Reed C. O'Connor on 6/3/2022) (sre) (Entered: 06/03/2022) |
| 06/03/2022 | <u>506</u> | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, <u>465</u> Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # <u>1</u> Exhibit(s) 54, 56, 63, 66-70, # <u>2</u> Exhibit(s) 71-74, # <u>3</u> Exhibit(s) 90, # <u>4</u> Exhibit(s) 91-92, # <u>5</u> Exhibit(s) 93, # <u>6</u> Exhibit(s) 94, # <u>7</u> Exhibit(s) 95-97, 107, # <u>8</u> Exhibit(s) 108-110, 117, 123-124B, 128, # <u>9</u> Exhibit(s) 146, 167, 170, 183-185, # <u>10</u> Exhibit(s) 186-187, 200-201, 216-217, 226-227) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | <u>507</u> | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, <u>465</u> Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # <u>1</u> Exhibit(s) DX 3000-3038, # <u>2</u> Exhibit(s) DX 3039-3077, # <u>3</u> Exhibit(s) DX 3078-3112, # <u>4</u> Exhibit(s) DX 3113-3147, # <u>5</u> Exhibit(s) DX 3148-3210, # <u>6</u> Exhibit(s) DX 3213-3247, # <u>7</u> Exhibit(s) DX 3248-3281, # <u>8</u> Exhibit(s) DX 3282-3316, # <u>9</u> Exhibit(s) DX 3319-3378, # <u>10</u> Exhibit(s) DX 3379-3419) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | <u>508</u> | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, <u>465</u> Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # <u>1</u> Exhibit(s) DX 3420-3457, # <u>2</u> Exhibit(s) DX 3460-3495, # <u>3</u> Exhibit(s) DX 3496-3535, # <u>4</u> Exhibit(s) DX 3536-3602, # <u>5</u> Exhibit(s) DX 3603-3636, # <u>6</u> Exhibit(s) DX 3637-3645, # <u>7</u> Exhibit(s) DX 3646-3662, # <u>8</u> Exhibit(s) DX 3663-3740, # <u>9</u> Exhibit(s) DX |

| | | |
|---|---|---|
| | | 3741-3791, # <u>10</u> Exhibit(s) DX 3792-3829) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | <u>509</u> | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, <u>465</u> Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # <u>1</u> Exhibit(s) DX 3830-3844, # <u>2</u> Exhibit(s) DX 3845-3867, # <u>3</u> Exhibit(s) DX 3868-3879, # <u>4</u> Exhibit(s) DX 3882-3907, # <u>5</u> Exhibit(s) DX 3908-3924, # <u>6</u> Exhibit(s) DX 3925-3962, # <u>7</u> Exhibit(s) DX 3963-3981, # <u>8</u> Exhibit(s) DX 4005-4026, # <u>9</u> Exhibit(s) DX 4027-4076, # <u>10</u> Exhibit(s) DX 4077-4099) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | <u>510</u> | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, <u>465</u> Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # <u>1</u> Exhibit(s) 230, 232-233, 240, 260-261, 263-265, 267-269, 271, # <u>2</u> Exhibit(s) 279, 282, 284-285, 288, 291, 297, 299-300, # <u>3</u> Exhibit(s) 310, 313, 323, 327, 345, # <u>4</u> Exhibit(s) 346-349, # <u>5</u> Exhibit(s) 410, 412-414, 429, 431, 434-435, # <u>6</u> Exhibit(s) 437, 441, 443-444, 446-454, 458, 467, # <u>7</u> Exhibit(s) 477, 480-484, 492, 494-495, 505, 505A, # <u>8</u> Exhibit(s) 508, 520, 522, 522B-524, 529-532, 540B, # <u>9</u> Exhibit(s) 542-543B, 545, 555-557, 561, 563-564, # <u>10</u> Exhibit(s) 566, 569-570, 570A-570B, 572, 577, 579A-579C, 579G-579J) (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | <u>511</u> | Notice of Filing of Official Electronic Transcript of Sentencing Proceedings as to Hollis Morrison Greenlaw held on 5.20.22 before Judge Reed C. O'Connor. Parties are notified of their duty to review and request redaction of the transcript. See <u>Misc Order (MO) 61</u> and <u>Special Order (SO) 19-1</u>. If the transcript contains information that should be redacted under SO 19-1, contact the Operations Assistance Team at (214)753-2240 immediately. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a <u>Redaction Request - Transcript</u> within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (88 pages) Court Reporter/Transcriber Zoie Williams, Telephone number 817.850.6630. A copy of the transcript may be purchased from the court reporter or viewed at the office of the clerk. Redaction Request under SO 19-1, due immediately. Redaction Request due 6/24/2022. Redacted Transcript Deadline set for 7/5/2022. Release of Transcript Restriction set for 9/1/2022. (zow) (Entered: 06/03/2022) |
| 06/03/2022 | <u>513</u> | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, <u>465</u> Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # <u>1</u> Exhibit(s) DX 4100-4137, # <u>2</u> Exhibit(s) DX 4144-4171, # <u>3</u> Exhibit(s) DX 4172-4223, # <u>4</u> Exhibit(s) DX 4229-4250, # <u>5</u> Exhibit(s) DX 4251-4285, # <u>6</u> Exhibit(s) DX 4286-4311, # <u>7</u> Exhibit(s) DX 4312-4353, # <u>8</u> Exhibit(s) DX 4354-4376, # <u>9</u> Exhibit(s) DX 4377-4397, # <u>10</u> Exhibit(s) DX 4398-4430) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | <u>516</u> | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of |

| | | |
|---|---|---|
| | | Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, 465 Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # 1 Exhibit(s) DX 4431-4444, # 2 Exhibit(s) DX 4445-4482, # 3 Exhibit(s) DX 4483-4492, # 4 Exhibit(s) DX 4493-4529, # 5 Exhibit(s) DX 4530-4557, # 6 Exhibit(s) DX 4558-4589, # 7 Exhibit(s) DX 5002-5025, # 8 Exhibit(s) DX 5026-5052, # 9 Exhibit(s) DX 5054-5074, # 10 Exhibit(s) DX 5076-5126) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | 517 | Electronic Copy of Admitted Hearing or Trial Exhibit(s) by Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 477 Notice of Appeal,,,, filed by Jeffrey Brandon Jester, 463 Notice of Appeal,,,, filed by Cara Delin Obert, Benjamin Lee Wissink, 465 Notice of Appeal,,,, filed by Hollis Morrison Greenlaw. Exhibits are available for public inspection at the clerk's office (Attachments: # 1 Exhibit(s) DX 5127-5160, # 2 Exhibit(s) DX 6000-6109, # 3 Exhibit(s) DX 6110-6187, # 4 Exhibit(s) DX 6188-6236, # 5 Exhibit(s) DX 7011-7025, 8247, # 6 Exhibit(s) Obert Sentencing Hearing, # 7 Exhibit(s) Greenlaw Sentencing Hearing Part 1, # 8 Exhibit(s) Greenlaw Sentencing Hearing Part 2) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | 518 | RESPONSE AND OBJECTION by USA as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 466 MOTION for Release Pending Appeal, 461 MOTION Cara Obert and Ben Wissink's Motion for Continued Release Pending Appeal re 460 MOTION Relief Related to Bond Motion, 464 MOTION Continued Release Pending Appeal (Eggers-DOJ, Tiffany) (Entered: 06/03/2022) |
| 06/03/2022 | 519 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by Defendant. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) DX 1000-1029, # 2 Exhibit(s) DX 1030-1048, # 3 Exhibit(s) DX 1049-1063, # 4 Exhibit(s) DX 1064-1075, # 5 Exhibit(s) DX 1076-1090, # 6 Exhibit(s) DX 1091-1101, # 7 Exhibit(s) DX 1102-1115, # 8 Exhibit(s) DX 1116-1128, # 9 Exhibit(s) DX 1129-1139, # 10 Exhibit(s) DX 1140-1149) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | 520 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by Defendant. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) DX 1150-1154, # 2 Exhibit(s) DX 1155-1171, # 3 Exhibit(s) DX 1172-1190, # 4 Exhibit(s) DX 1191-1192, # 5 Exhibit(s) DX 2086-3049, # 6 Exhibit(s) DX 3050-3537, # 7 Exhibit(s) DX 3538-3623, # 8 Exhibit(s) DX 3626-3736, # 9 Exhibit(s) DX 3747-3932, # 10 Exhibit(s) DX 4010-4231) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | 521 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester re: 463 Notice of Appeal,,,, 477 Notice of Appeal,,,, 465 Notice of Appeal,,,, filed by Defendant. Sealed exhibits are available for access only through the Electronic Record on Appeal. (Attachments: # 1 Exhibit(s) DX 4257-4362, # 2 Exhibit(s) DX 5037-5073, # 3 Exhibit(s) DX 7026-8306, # 4 Exhibit(s) Obert Sentencing Hearing Exhibits, # 5 Exhibit(s) Wissink Sentencing Hearing Exhibit, # 6 Exhibit(s) Greenlaw Sentencing Hearing Exhibit) (Stephens, Neal) (Entered: 06/03/2022) |
| 06/03/2022 | 522 | Transcript Order Form: re 463 Notice of Appeal , transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form |

| | | |
|---|---|---|
| | | with the appeals court. (Stephens, Neal) (Entered: 06/03/2022) |
| 06/05/2022 | 523 | Transcript Order Form: re 465 Notice of Appeal, transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Romero, Rose) (Entered: 06/05/2022) |
| 06/06/2022 | 524 | NOTICE of Manual Filing as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester by USA *Public Exhibits 82-89, 143, 213, 228, 272A, 273A, 287, 305, 410, 432, 433, 436, 573, 583-586, 600-615...Sealed Exhibits 19-24, 26-27, 31, 52-53, 55, 61-62, 64-65, 75, 78, 80, 103, 149, 246-247, 280, 293, 318-320, 322, 430, 461, 492, 498, 535A, 551, 574, 598, 616, 623* (Attachments: # 1 Attachment A - Index of Public Exhibits Available for Viewing at Clerk's Office, # 2 Attachment B - Index of Sealed Exhibits Available for Viewing at Clerk's Office) (Eggers-DOJ, Tiffany) (Entered: 06/06/2022) |
| 06/10/2022 | 528 | REPLY filed by Hollis Morrison Greenlaw re: 486 MOTION for Leave to File an Omnibus Response in Opposition to the Defendants Motions for Release Pending Appeal and for Leave to Exceed the Response Page Limit, 464 MOTION Continued Release Pending Appeal (Romero, Rose) (Entered: 06/10/2022) |
| 06/22/2022 | 530 | ORDER as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester: Defendants have failed to present any substantial question of law or fact that will result in a reversal or new trial. Thus, the Defendants' Motions are DENIED. (Ordered by Judge Reed C. O'Connor on 6/22/2022) (sre) (Entered: 06/22/2022) |
| 06/24/2022 | 531 | ORDER of USCA No. 22-10511 as to Hollis Morrison Greenlaw re 465 Notice of Appeal. IT IS ORDERED that the opposed motion of appellant Hollis Greenlaw for bail pending appeal is DENIED. IT IS FURTHER ORDERED that the opposed motion of appellant Hollis Greenlaw for the appellee to file a response by June 24, 2022, is DENIED. IT IS FURTHER ORDERED that the opposed alternative motion of appellant Hollis Greenlaw for a temporary stay of his surrender to FCI Seagoville pending a decision on the motion for bail pending appeal is DENIED. (Attachments: # 1 USCA5 Cover Letter) (tle) (Entered: 06/24/2022) |
| 06/24/2022 | 532 | ORDER of USCA No. 22-10511 as to Hollis Morrison Greenlaw re 465 Notice of Appeal. IT IS ORDERED that the unopposed motion of appellant Hollis Greenlaw to place the appendix under seal is GRANTED. (Attachments: # 1 USCA5 Cover Letter) (tle) (Entered: 06/24/2022) |
| 06/24/2022 | 533 | MOTION for Extension of Time *of Voluntary Surrender Date* filed by Jeffrey Brandon Jester as to Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester (Attachments: # 1 Proposed Order) (Ansley, Jeffrey) (Entered: 06/24/2022) |

**TAB 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

HOLLIS MORRISON GREENLAW (01)

Defendant.

Case No. 4:21-cr-289-O-1

## NOTICE OF APPEAL

Defendant Hollis Greenlaw appeals to the United States Court of Appeals for the Fifth Circuit from the final judgment entered on May 20, 2022.

Dated:  May 20, 2022

Respectfully submitted,

/s/ Paul E. Pelletier
Paul E. Pelletier
District of Columbia Bar No. 997145
3500 Morningside Drive
Fairfax, VA 22031
Telephone: 202.617.9151
pepelletier3@gmail.com

/s/ Rose L. Romero
Rose L. Romero
Texas Bar No. 17224700
Law Offices of Romero | Kozub
235 N.E. Loop 820, Suite 310
Hurst, Texas 76053
Telephone: 682.267.1351
Rose.Romero@romerokozub.com

*Attorneys for Defendant Hollis Greenlaw*

22-10511.7845

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 20th day of May, 2022, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Northern District of Texas.

*/s/ Rose L. Romero*
Rose L. Romero

22-10511.7846

# TAB 3

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2021 OCT 15  PM 4: 06

DEPUTY CLERK___MS_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

HOLLIS MORRISON GREENLAW (01)
BENJAMIN LEE WISSINK (02)
CARA DELIN OBERT (03)
JEFFREY BRANDON JESTER (04)
  a/k/a Brandon Jester

Case No.   **4:21-cr-289-Y**

## INDICTMENT

The Grand Jury charges:

At all times material to this Indictment:

### General Allegations

### Summary of the Scheme

1.       From on or about January 1, 2011, through on or about December 29, 2015,

the defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert,**

and **Jeffrey Brandon Jester**, and others, led by **Greenlaw**, engaged in a scheme to

defraud using investment fund entities ("Fund entities"), that is, Fund III, Fund IV, and

Fund V.  As part of the scheme, the defendants offered and caused others to offer various

Fund entities to the public for investment.  The Fund entities were presented as

companies that would provide loans to residential housing developers who needed funds

to build residential developments.  Utilizing money obtained from investors and financial

institutions, **Greenlaw, Wissink**, and others caused loans to be issued to developers for

residential developments.  As part of the Fund entities' investment opportunity, investors

22-10511.44

were led to believe that the residential housing developers, who obtained loans from the Fund entities, would be required to pay back the loans with interest, which money would then serve as the source of distributions paid to the investors.

2.      Almost from inception, Fund III paid monthly distributions to its investors using money purportedly from revenues derived from Fund III's loan portfolio. However, developers were not repaying loans obtained from Fund III quickly enough, thereby leaving Fund III without sufficient cash to pay distributions to investors from its own revenues. At the direction of the defendants, a subsequent entity, Fund IV, began raising money from investors using representations that the funds would be used to provide loans to developers. However, cash raised from the Fund IV investors was used to repay loans previously issued to developers by Fund I and Fund III. Further, money raised from Fund IV's investors was used to pay distributions to Fund III's investors and to pay other Fund III financial obligations.

3.      In or around 2014, defendants **Hollis Morrison Greenlaw** and **Benjamin Lee Wissink** began the process of forming a subsequent Fund entity, Fund V. Third party firms and investors were led to believe that Fund V would not engage in affiliate transactions with the other Fund entities. However, beginning in or around December 2014, because developers were not repaying Fund III and Fund IV loans quickly enough to meet the obligations of Fund III and Fund IV, Fund V began issuing loans to developers for developments that previously had loans with Fund III and Fund IV. The Fund V loans were then used to repay the loans previously issued to developers by Fund III and Fund IV. Further, beginning in or around December 2014, Fund V's investors'

money was used to pay distributions to Fund III and Fund IV's investors and to pay other

Fund III financial obligations, contrary to representations made to Fund V's investors.

4.    Between on or about January 24, 2011, and on or about November 24,

2015, approximately $65 million in Fund IV investors' money was used to pay Fund III

investors a purported return on their investment and pay other Fund III financial

obligations.  Likewise, in or about December 2014, approximately $2.7 million in Fund

V investors' money and money obtained by Fund V from a financial institution was used

to pay Fund IV investors a purported return on their investment, contrary to

representations made to Fund V investors.  Further, between on or about July 23, 2015

and December 29, 2015, approximately $4.7 million in Fund V investors' money was

used to pay Fund III investors a purported return on their investment and to pay other

Fund III financial obligations, contrary to representations made to Fund V investors.

### The Fund Entities

5.    Corporation 1 was a Delaware corporation.  Defendant **Hollis Morrison**

**Greenlaw** owned 33.75% of Corporation 1.

6.    Fund I was a Delaware private limited partnership.  Corporation 1 was the

general partner of Fund I.

7.    Corporation 2 was a Delaware corporation.  Defendant **Hollis Morrison**

**Greenlaw** owned 50% of Corporation 2.

8.    Fund II was a Delaware private limited partnership.  Corporation 2 was the

general partner of Fund II.

9.    Fund III was a Delaware limited partnership with its principal executive

offices located in Grapevine, Texas. Fund III's stated principal business purpose was to originate, acquire, service, and otherwise manage a portfolio of mortgage loans that were secured by real property, or equity interests that held real property already subject to other mortgages, and to issue and acquire an interest in credit enhancements for the benefit of borrowers. Fund III raised approximately $350 million from investors by selling units that were registered with the United States Securities and Exchange Commission ("SEC") pursuant to Section 12 of the Securities Exchange Act of 1934. As of on or about December 31, 2014, Fund III had originated loans with an aggregate principal amount of approximately $636.9 million.

10.     Fund IV was a Maryland real estate investment trust ("REIT") with its principal executive offices located in Grapevine, Texas. Fund IV's stated purpose was to primarily originate, purchase, participate in, and hold for investment secured loans made by Fund IV, or indirectly through its affiliates, to persons and entities for the acquisition and development of parcels of real property as single-family residential lots, or mixed-use master planned residential communities, for the construction of single-family homes. Fund IV had various subsidiaries including, Fund IV Limited Partnership I through Fund IV Limited Partnership IX. Fund IV raised approximately $651 million from investors by selling shares that were registered with the SEC pursuant to Section 12 of the Securities Exchange Act of 1934. On or about June 4, 2014, Fund IV's shares were listed on the NASDAQ Global Select Market. As of December 31, 2014, Fund IV had originated loans with an aggregate principal amount of approximately $618 million.

11.     Limited Partnership 1 was a Delaware limited partnership. Limited

Partnership 1 was the general partner and advisor of Fund IV.

12.     Corporation 3 was a Delaware corporation.  Defendant **Hollis Morrison Greenlaw** owned one-half of the equity interests in Corporation 3.  Corporation 3 was the general partner of Limited Partnership 1 and owned 0.1% of Limited Partnership 1.

13.     Limited Partnership 2 was a Delaware limited partnership.  Defendant **Hollis Morrison Greenlaw** owned 30% of Limited Partnership 2.  Defendants **Benjamin Lee Wissink** and **Cara Delin Obert** owned 10.09% and 4.82% respectively of Limited Partnership 2.  Corporation 3 was the general partner of Limited Partnership 2.  Limited Partnership 2 was a limited partner and owned 99.9% of Limited Partnership 1.

14.     Limited Partnership 3 was a Delaware limited partnership.  Corporation 3 was the general partner of Limited Partnership 3 and owned 0.1% of Limited Partnership 3.  Limited Partnership 2 was a limited partner and owned 99.9% of Limited Partnership 3.  Limited Partnership 3 was the asset manager of Fund I, Fund II, and Fund IV, and was the general partner of Fund III.  Limited Partnership 4, a Delaware limited partnership, was a wholly owned subsidiary of Limited Partnership 3.

15.     Fund V was a Maryland REIT with its principal executive offices located in Grapevine, Texas.  Fund V's stated purpose was to originate, purchase, and hold for investment secured loans for the acquisition of land and development of parcels of real property into single-family residential lots, and to make direct investments in land acquisitions for development into single-family lots and provide credit enhancements to real estate developers, land bankers, and other real estate investors.  According to Fund V's Prospectus filed with the SEC on April 30, 2015, the maximum total offering to

22-10511.48

investors was $1 billion for Fund V. As of on or about September 30, 2015, Fund V

raised approximately $42.9 million from investors by selling shares that were registered

with the SEC pursuant to Section 12 of the Securities Exchange Act of 1934. As of on or

about September 30, 2015, Fund V originated loans with an aggregate principal amount

of approximately $45 million.

16.     Limited Partnership 5 was a Delaware limited partnership.

17.     Limited Partnership 6 was a Delaware limited partnership. Defendant

**Hollis Morrison Greenlaw** owned 37% of Limited Partnership 6. Defendants **Benjamin**

**Lee Wissink, Cara Delin Obert,** and **Jeffrey Brandon Jester** owned 12.75%, 4%, and

2% respectively of Limited Partnership 6. Limited Partnership 6 was a co-sponsor of the

Fund V offering. Limited Partnership 6 owned 100% of the limited partnership interests

of Limited Partnership 5.

18.     Limited Partnership 7 was a Delaware limited partnership. Limited

Partnership 7 was the asset manager of Fund V. Limited Partnership 6 owned 100% of

the limited partnership interests of Limited Partnership 7.

22-10511.49

## The Defendants

19.     Defendant **Hollis Morrison Greenlaw** was the President and Chief Executive Officer of Fund III and Limited Partnership 3. **Greenlaw** was also the President, Chief Executive Officer, and Director of Corporation 3. **Greenlaw** was further the Chief Executive Officer and Chairman of the Board of Trustees of Fund IV and Fund V. **Greenlaw** was one of three voting members of the investment committees for Fund III, Fund IV, and Fund V. **Greenlaw** signed the Forms 10-K, 10-Q, and 8-K filed with the SEC for Fund III, Fund IV, and Fund V.

20.     Defendant **Benjamin Lee Wissink** was the President of Limited Partnership 7 and one of three voting members of the investment committees for Fund III, Fund IV, and Fund V. **Wissink** was the Chief Operating Officer of Corporation 3.

21.     Defendant **Cara Delin Obert** was the Chief Financial Officer of Limited Partnership 3, Fund IV, Fund V, and Limited Partnership 7. **Obert** signed the Forms 10-K and 10-Q filed with the SEC for Fund III, Fund IV, and Fund V.

22.     Defendant **Jeffrey Brandon Jester** was the Director of Asset Management of Limited Partnership 3 and Limited Partnership 7.

## The Federal Securities Laws, SEC Rules and Regulations, and Filings with the SEC

23.     The SEC is an independent agency of the United States government that was charged by law with preserving honest and efficient markets in securities. The federal securities laws, regulations, and rules were designed to ensure that the financial information of publicly traded companies was accurately recorded and disclosed to the investing public. Publicly traded companies and their directors, officers, and employees

22-10511.50

are required to comply with federal securities laws, regulations, and rules.

24.     Under federal securities laws and regulations, Fund III, Fund IV, and Fund V, issuers with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78*l*), were required to file reports under Section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78*o*(d)).

25.     Under federal securities laws and regulations, Fund III, Fund IV, and Fund V were required, among other things, to file with the SEC annual reports (known as SEC Forms 10-K), quarterly reports (known as SEC Forms 10-Q), and other periodic reports that included accurate and reliable financial statements.

Third Party Transfer Agent, Financial Institutions, and Residential Developments

26.     Corporation 4 was a third-party company, with offices in Kansas City, Missouri, that received investors' funds and disbursed distributions to investors for Fund III, Fund IV, and Fund V.

27.     Bank 1 was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"), and had a location in the Northern District of Texas. Fund III had bank accounts at multiple financial institutions, which included accounts at Bank 1 ending in 3401 (operating account) and 3266 (deposit control account). In or about October 2015, Bank 1 changed its name to Bank 2. Bank 2 was a financial institution, the deposits of which were insured by the FDIC.

28.     Bank 3 was a financial institution, the deposits of which were insured by the FDIC, and had a location in the Northern District of Texas. In or about December 2013, Fund IV Limited Partnership VIII obtained a $15 million loan from Bank 3.

22-10511.51

29.    Bank 4 was a financial institution, the deposits of which were insured by the FDIC.  Fund III had bank accounts at multiple financial institutions, which included an account at Bank 4 ending in 5251.  In or about December 2010, Fund IV Limited Partnership II obtained a $5 million loan from Bank 4.  In or about April 2014, Bank 5 acquired by merger Bank 4.  Bank 5 was a financial institution, the deposits of which were insured by the FDIC.

30.    Bank 6 was a financial institution, the deposits of which were insured by the FDIC.  In or about March 2014, Fund III obtained a term loan and a revolving line of credit from Bank 6.  Pursuant to the terms of the loans, Fund III was required to make quarterly principal payments (March, June, September, and December) in the amount of $1.25 million on the term loan, and accrued interest payments on a monthly basis.  Fund III had bank accounts at multiple financial institutions, which included an account at Bank 6 ending in 6871.  Fund V had bank accounts at multiple financial institutions, which included Bank 6 accounts ending in 4241 (operating account) and 6863 (clearing account).  In or about November 2019, Bank 5 acquired by merger Bank 6.

31.    Bank 7 was a financial institution, the deposits of which were insured by the FDIC.  Corporation 4 had a bank account ending in 9607 with Bank 7.

32.    Bank 8 was a financial institution, the deposits of which were insured by the FDIC, and had locations in the Northern District of Texas.  Fund V had bank accounts at multiple financial institutions, which included an account at Bank 8 ending in 0282.  On or about November 14, 2014, Fund V obtained a $10 million loan from Bank 8.  On or about July 15, 2015, Bank 8 issued a $16,275,000 development loan to Development

22-10511.52

6, a residential development project. Defendant **Hollis Morrison Greenlaw** executed a $4 million limited guaranty on the Bank 8 loan issued to Development 6.

33.     Bank 9 was a financial institution, the deposits of which were insured by the FDIC. In or around October 2014, Fund IV Limited Partnership IX obtained an $8 million loan from Bank 9. A covenant of the loan stated the "facility will only be used to finance lot loans, interim construction and land development in Texas." Defendant **Hollis Morrison Greenlaw** accepted and agreed to the covenants. In or around June 2017, Bank 10 acquired by merger Bank 9. Bank 10 was a financial institution, the deposits of which were insured by the FDIC.

34.     Between in or around December 2014 and in or around October 2015, Fund V originated eight loans totaling approximately $132,062,200, for eight residential developments located in the Dallas and Houston, Texas areas.

22-10511.53

Count One
Conspiracy to Commit Wire Fraud Affecting a Financial Institution
[Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343)]

35.     Paragraphs 1 through 34 of this Indictment are realleged and incorporated

by reference as though fully set forth herein.

36.     From on or about January 1, 2011, through on or about December 29, 2015,

in the Fort Worth Division of the Northern District of Texas and elsewhere, defendants

**Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert,** and **Jeffrey**

**Brandon Jester**, did knowingly and willfully conspire, combine, confederate, and agree

together and with others known and unknown to the Grand Jury, to violate 18 U.S.C. §

1343, that is, did knowingly execute and attempt to execute a scheme and artifice to

defraud the investing public, and shareholders of Fund III, Fund IV, and Fund V, and to

obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises, and for the purpose of executing the scheme and artifice,

caused to be transmitted by means of wire communication in interstate and foreign

commerce, writings, signs, signals, pictures and sounds, thereby, affecting a financial

institution.

22-10511.54

## Purpose of the Conspiracy

37.     The purpose of the conspiracy was to: (a) conceal from Fund III, Fund IV, and Fund V's shareholders, the investing public, due diligence entities, external auditors, and the SEC the true performance of Fund III's business; (b) conceal from Fund III, Fund IV, and Fund V's shareholders, the investing public, due diligence entities, external auditors, and the SEC Fund III's financial condition, in order to encourage investment in later funds, e.g., Fund IV and Fund V; and (c) enrich defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester**, and others through the continued receipt of compensation.

## Manner and Means

38.     The manner and means by which defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester**, and others sought to accomplish the purpose of the conspiracy including, among other things:

39.     Beginning at least on or about March 31, 2010, defendants **Hollis Morrison Greenlaw, Cara Delin Obert**, and others caused filings to be submitted to the SEC, and disclosed to the public, that stated Fund III paid monthly distributions to limited partners at an annualized rate of return of 9.75%. **Greenlaw, Obert**, and others further caused filings to be submitted to the SEC, and disclosed to the public, which stated that "cash available for distributions are the funds received by [Fund III] from operations."

40.     Beginning in or around January 2011, Fund III had insufficient cash available in its bank accounts to pay distributions to Fund III's investors. Upon learning

that Fund III had insufficient funds available to pay distributions, defendants **Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester**, and others caused money to be transferred from a Fund IV bank account to a Fund III bank account. **Wissink, Obert**, and others then caused the money to be transferred to Corporation 4's bank account to pay Fund III's investors' distributions.

41.     Beginning on or about February 26, 2014, and continuing through on or about November 13, 2015, defendants **Hollis Morrison Greenlaw, Cara Delin Obert**, and others caused filings to be submitted to the SEC, and disclosed to the public, that claimed the following about Fund V:

(a)     Fund V was "formed to generate current interest income by investing in secured loans and producing profits from investments in residential real estate;"

(b)     Fund V would "derive a significant portion of [its] income by originating, purchasing and holding for investment secured loans for the acquisition and/or development of parcels of real property into single-family residential lots;"

(c)     Fund V would "make direct investments in land for development into single-family lots; however, [it] [would] not independently develop land;"

(d)     Fund V would "not participate in any investments with [its] advisor entities or any of their affiliates, including any prior program sponsored by affiliates" of Limited Partnership 6;

(e)     Fund V would "not participate in any investments with [its] advisor

22-10511.56

entities or any of their affiliates, including any prior [Fund entity] program;"

(f)    Fund V "shall not (i) sell any loan to, (ii) acquire any loan from, or (iii) participate in any loan with any" of Limited Partnership 3, Limited Partnership 7, or any other Fund entity;

(g)    Fund V "shall not (i) sell any asset to, (ii) acquire any asset from, (iii) participate in any asset with, or (iv) invest jointly in any asset with any" of Limited Partnership 3, Limited Partnership 7, or any other Fund entity;

(h)    Fund V "will not make loans to, participate in real estate investments with, or provide credit enhancements for, [its] affiliates or affiliates of [its] co-sponsors, [its] Advisor Entities or [its] asset manager, including other [Fund entity] funds;"

(i)    Fund V "intends to use substantially all of the net proceeds from the Offering (as defined in Note C) to originate, purchase and hold for investment secured loans for the acquisition of land and/or development of parcels of real property into single-family residential lots;" and

(j)    Fund V "also intends to make direct investments in land acquisitions for development into single-family lots and provide credit enhancements to real estate developers, land bankers and other real estate investors."

42.    Beginning on or about May 15, 2014, defendants **Hollis Morrison Greenlaw, Cara Delin Obert**, and others caused Forms 10-Q and 10-K for Fund III to be submitted to the SEC, and disclosed to the public, which claimed that the proceeds from the operations of Fund III would be used to repay the Bank 6 loans.

22-10511.57

43.     Beginning in or about July 2014, Fund III had insufficient cash available in bank accounts to pay the Fund III loan held at Bank 6.  Upon learning that Fund III had insufficient funds available to pay the $1.25 million quarterly principal payment due and owing, defendants **Benjamin Lee Wissink, Jeffrey Brandon Jester**, and others caused money to be transferred from other Fund entities' bank accounts, e.g. Fund IV, to a Fund III bank account.  **Wissink** then caused the loan payments to be made to Bank 6.

44.     Beginning at least in or around August 2014, defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert**, and others caused presentations to be made to financial advisors, brokers, dealers, third party due diligence entities, and sales personnel that claimed, unlike Fund IV, Fund V would not participate in "affiliate transactions."

45.     Beginning in or around December 2014, defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink**, and another individual, approved and caused Fund V to issue loans to borrowers for developments that already had loans with Fund III and Fund IV, namely, Development 1, Development 3, and Development 5 through Development 8.  Defendants **Wissink, Jeffrey Brandon Jester**, and others then caused the Fund III and Fund IV loans to be paid off by causing wire transfers: (a) from a Fund V bank account to title companies; (b) from a Fund V bank account to Fund III and Fund IV's bank accounts; and (c) from a Fund V bank account to the borrower entities which then transferred the money to Fund III and Fund IV's bank accounts.

46.     Beginning in or around December 2014, Fund IV had insufficient cash available in its bank accounts to pay distributions to its investors in a manner consistent

22-10511.58

with its past track record. Upon learning that there was insufficient funds available to pay these distributions, Fund entity personnel and others caused money to be transferred from Fund V's bank account to a borrower entity's bank account. A portion of the money transferred was from the Bank 8 loan that Fund V obtained, and a portion of the money transferred was Fund V's investors' money. At the direction of Fund entity personnel, the borrower entity then transferred the money to Fund IV's bank account. In addition, Fund entity personnel caused the transfer of money from the Fund IV Limited Partnership IX loan obtained from Bank 9 to Fund IV's bank account. Defendant **Benjamin Lee Wissink** and others then caused the money to be transferred to Corporation 4's bank account to pay Fund IV's investors' purported distributions.

47.    In or around June 2015, personnel acting on behalf of Fund III requested from Bank 6 a delay in making its quarterly principal payment of $1.25 million on the term loan with Bank 6 until September. The request was granted by Bank 6; however, the quarterly principal payment was not made in September. Thereafter, in or around November 2015, Fund III requested a second delay in making the $1.25 million quarterly principal payment originally due in June 2015, and the requested delay was denied.

48.    Beginning in or around July 2015, Fund III and Fund IV had insufficient cash available in bank accounts to pay distributions to Fund III's investors. Upon learning that there were insufficient funds available to pay distributions, defendants **Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester**, and others caused money to be transferred from Fund IV and Fund V's bank accounts to Fund III's bank accounts. **Wissink** and others then caused the money to be transferred to a Corporation 4

22-10511.59

bank account to pay Fund III's investors' distributions.

49.     On or about December 3, 2015, a representative of Fund III scheduled a call between the Fund III representative, defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink**, and Bank 6 personnel to discuss Fund III's delinquent loan status.  During the call, Bank 6 personnel informed the Fund III representative, **Greenlaw,** and **Wissink** that the bank would consider restructuring payments once the delinquent quarterly payment was made to the bank.  The Fund III representative, **Greenlaw**, and **Wissink** represented that the delinquent quarterly principal payment would be paid before December 10, 2015.

50.     On or about December 9, 2015, a Bank 6 employee emailed defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink**, and the Fund III representative, and asked if the outstanding payment would be wired to the bank.  **Wissink** notified the Bank 6 employee that payment should be wired later that day.  Thereafter, because Fund III had insufficient funds available to pay the $1.25 million quarterly principal payment due and owing from its own accounts, defendants **Wissink, Jeffrey Brandon Jester**, and others caused a borrower to execute an advance request on a loan held with Fund V.  Following execution of the advance request, **Wissink, Jester**, and others caused money to be transferred from Fund V's bank account to a Fund III bank account.  **Wissink** and others then caused the loan payment to be made to Bank 6 purportedly from Fund III, but in reality using funds derived from Fund V investors contrary to representations made to Fund V's investors as to how their money would be used.

51.     Defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara**

22-10511.60

**Delin Obert, Jeffrey Brandon Jester**, and others acting in furtherance of the scheme to defraud, caused Fund III and Fund V to file Forms 10-K and 10-Q with the SEC containing false and fraudulent representations concerning:

       (a)    the source of funds used to pay Fund III distributions;

       (b)    the source of funds used to pay the Fund III Bank 6 loans;

       (c)    the use of funds with respect to loans funded by Fund V; and

       (d)    the use of Fund V investors' money.

All in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1343).

22-10511.61

Count Two
Conspiracy to Commit Securities Fraud
[Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1348)]

52.     Paragraphs 1 through 34 and 37 through 51 of this Indictment are realleged

and incorporated by reference as though fully set forth herein.

53.     From on or about January 1, 2011, through on or about December 29, 2015,

in the Fort Worth Division of the Northern District of Texas and elsewhere, defendants

**Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert,** and **Jeffrey**

**Brandon Jester**, did knowingly and willfully conspire, combine, confederate, and agree

together and with others known and unknown to the Grand Jury, to violate 18 U.S.C. §

1348, that is, to knowingly and intentionally execute a scheme and artifice (a) to defraud

any person in connection with any security of Fund III, Fund IV, and Fund V, issuers

with a class of securities registered under Section 12 of the Securities Exchange Act of

1934 (15 U.S.C. § 78*l*) and that is required to file reports under Section 15(d) of the

Securities Exchange Act of 1934 (15 U.S.C. § 78*o*(d)), and (b) to obtain, by means of

materially false and fraudulent pretenses, representations, and promises, any money and

property in connection with the purchase and sale of any security of Fund III, Fund IV,

and Fund V, issuers with a class of securities registered under Section 12 of the Securities

Exchange Act of 1934 (15 U.S.C. § 78*l*) and that is required to file reports under Section

15(d) of the Securities Exchange Act of 1934.

All in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1348).

22-10511.62

Counts Three through Ten
Securities Fraud and Aiding and Abetting
[Violation of 18 U.S.C. §§ 1348 and 2]

54.     The General Allegations in paragraphs 1 through 34 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

55.     From on or about January 1, 2011, through on or about December 29, 2015, the defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert,** and **Jeffrey Brandon Jester** engaged in a scheme to defraud.

56.     As a part of the scheme, the defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert,** and **Jeffrey Brandon Jester**, aided and abetted by one another, did knowingly and intentionally execute and attempted to execute, a scheme and artifice (a) to defraud any person in connection with securities registered under Section 12 of the Securities Exchange Act of 1934, and (b) to obtain, by means of materially false and fraudulent pretenses, representations, and promises, any money and property in connection with the purchase and sale of any such security.

Purpose of the Scheme and Artifice

57.     The purpose of the scheme was to: (a) conceal from Fund III, Fund IV, and Fund V's shareholders, the investing public, due diligence entities, external auditors, and the SEC the true performance of Fund III's business; (b) conceal from Fund III, Fund IV, and Fund V's shareholders, the investing public, due diligence entities, external auditors, and the SEC Fund III's financial condition, in order to encourage investment in later funds, e.g., Fund IV and Fund V; and (c) enrich defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert, Jeffrey Brandon Jester**, and others through

22-10511.63

the continued receipt of compensation.

The Scheme and Artifice

58.     The Manner and Means paragraphs in 38 through 51 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

Executions of the Scheme and Artifice

59.     On or about the dates listed below for each count, the defendants **Hollis Morrison Greenlaw, Benjamin Lee Wissink, Cara Delin Obert,** and **Jeffrey Brandon Jester**, and others, for the purpose of executing and in furtherance of the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly execute and cause the execution of the following acts as more particularly described in each count below:

| Count | Approximate Date | Act in Execution of Scheme and Artifice |
|-------|------------------|-----------------------------------------|
| Three | March 31, 2015 | Causing Fund III to report to public investors, through its 2014 Form 10-K Annual Report, false and misleading information concerning the source of the funds used to pay distributions and the Bank 6 loan, while concealing that the funds were derived from Fund IV investors. |
| Four | March 31, 2015 | Causing Fund V to report to public investors, through its 2014 Form 10-K Annual Report, false and misleading information concerning loans originated and funded by Fund V, while concealing that the loans were made to developments that had previously obtained loans from an earlier Fund entity, and that the Fund V loans were used to pay off loans from an earlier Fund entity. |

| Count | Approximate Date | Act in Execution of Scheme and Artifice |
|-------|------------------|------------------------------------------|
| Five | May 15, 2015 | Causing Fund III to report to public investors, through its Form 10-Q Quarterly Report for the period ending March 31, 2015, false and misleading information concerning the source of the funds used to pay distributions and to pay the Bank 6 loan, while concealing that the funds were derived from Fund IV investors. |
| Six | May 15, 2015 | Causing Fund V to report to public investors, through its Form 10-Q Quarterly Report for period ending March 31, 2015, false and misleading information concerning loans originated and funded by Fund V, while concealing that the loans made to developments that had previously obtained loans from an earlier Fund entity, and that the Fund V loans were used to pay off loans from an earlier Fund entity. |
| Seven | August 14, 2015 | Causing Fund III to report to public investors, through its Form 10-Q Quarterly Report for the period ending June 30, 2015, false and misleading information concerning the source of the funds used to pay distributions and the Bank 6 loan, while concealing that the funds were derived from Fund IV investors. |
| Eight | August 14, 2015 | Causing Fund V to report to public investors, through its Form 10-Q Quarterly Report for period ending June 30, 2015, false and misleading information concerning loans originated and funded by Fund V, while concealing that the loans were made to developments that had previously obtained loans from an earlier Fund entity, and that the Fund V loans were used to pay off loans from an earlier Fund entity. |
| Nine | November 16, 2015 | Causing Fund III to report to public investors, through its Form 10-Q Quarterly Report for the period ending September 30, 2015, false and misleading information concerning the source of the funds used to pay distributions and the Bank 6 loan, while concealing that the funds were derived from Fund IV and Fund V investors. |

22-10511.65

| Count | Approximate Date | Act in Execution of Scheme and Artifice |
|-------|-----------------|------------------------------------------|
| Ten | November 13, 2015 | Causing Fund V to report to public investors, through its Form 10-Q Quarterly Report for period ending September 30, 2015, false and misleading information concerning loans originated and funded by Fund V, and the use of Fund V's investors' money, while concealing that the loans were made to developments that had previously obtained loans from an earlier Fund entity, that the Fund V loans were used to pay off loans from an earlier Fund entity, and that Fund V's investors' money was being used to pay purported distributions to Fund III investors. |

In violation of 18 U.S.C. §§ 1348 and 2.

22-10511.66

Forfeiture Notice
[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

60.     Upon conviction of any of the offenses alleged in Counts One through Ten

of this Indictment, and pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28

U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A), the defendants **Hollis Morrison**

**Greenlaw, Benjamin Lee Wissink, Cara Delin Obert,** and **Jeffrey Brandon Jester,**

shall forfeit to the United States of America all property constituting or derived from

proceeds traceable to the respective offenses, including a money judgment in the amount

of U.S. currency constituting the proceeds traceable to the scheme alleged in the offense.

61.     Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if

any of the above property subject to forfeiture, as a result of any act or omission of the

defendant, cannot be located upon the exercise of due diligence; has been transferred or

sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the

Court; has been substantially diminished in value; or has been commingled with other

property which cannot be subdivided without difficulty, it is the intent of the United

States of America to seek forfeiture of any other property of the defendant up to the value

of the above described property subject to forfeiture.

22-10511.67

A TRUE BILL

FOREPERSON

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

TIFFANY M. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600; Fax: 214-659-8805
Email: Tiffany.Eggers@usdoj.gov

ERRIN MARTIN
Assistant United States Attorney
Texas Bar No. 24032572
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600; Fax: 214-659-8805
Email: Errin.Martin@usdoj.gov

L. RACHAEL JONES
Assistant United States Attorney
Texas Bar No. 24032481
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600; Fax: 214-659-8803
Email: Rachael.Jones@usdoj.gov

ELYSE LYONS
Assistant United States Attorney
Texas Bar No. 24092735
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600; Fax: 214-659-8803
Email: Elyse.Lyons@usdoj.gov

22-10511.68

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THE UNITED STATES OF AMERICA

v.

HOLLIS MORRISON GREENLAW (01)
BENJAMIN LEE WISSINK (02)
CARA DELIN OBERT (03)
JEFFREY BRANDON JESTER (04)

INDICTMENT

18 U.S.C. § 1349 (18 U.S.C. § 1343)
Conspiracy to Commit Wire Fraud Affecting a Financial Institution
(Count 1)

18 U.S.C. § 1349 (18 U.S.C. § 1348)
Conspiracy to Commit Securities Fraud
(Count 2)

18 U.S.C. §§ 1348 and 2
Securities Fraud and Aiding and Abetting
(Counts 3, 4, 5, 6, 7, 8, 9, and 10)

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)
Forfeiture Notice

10 Counts

A true bill rendered

-------------------------------------------------------------------------
                                                          FOREPERSON
DALLAS

Filed in open court this 15th day of October, 2021.

-------------------------------------------------------------------------

**Warrant to be Issued for all Defendants**

-------------------------------------------------------------------------

UNITED STATES MAGISTRATE JUDGE

No Criminal Matter Pending

22-10511.69

# TAB 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HOLLIS GREENLAW (01)** | § | **Case No. 4:21-cr-289-O** |
| **BENJAMIN WISSINK (02)** | § | |
| **CARA OBERT (03)** | § | |
| **JEFFREY BRANDON JESTER (04)** | § | |
| a/k/a Brandon Jester | § | |

## VERDICT

Count One: Conspiracy to Commit Wire Fraud Affecting a Financial Institution

We the jury find the defendant **Hollis Morrison Greenlaw**, ___Guilty___ as

to Count One of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, ___Guilty___ as to

Count One of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, ___Guilty___ as to Count

One of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, ___Guilty___ as to

Count One of the Indictment.    (Answer "Not Guilty" or "Guilty").

If you find any of the defendants guilty of Count One, did you find that the

scheme to defraud affected a financial institution?

___✓___ Yes            _____ No

**Form of Verdict**

Count Two: Conspiracy to Commit Securities Fraud

We the jury find the defendant **Hollis Morrison Greenlaw**, _Guilty_ as to Count Two of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, _Guilty_ as to Count Two of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, _Guilty_ as to Count Two of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, _Guilty_ as to Count Two of the Indictment.    (Answer "Not Guilty" or "Guilty").

**Form of Verdict**

Count Three: Aiding and Abetting Securities Fraud – UDF III – March 31, 2015

The Defendants are charged in Count Three with aiding and abetting the commission of securities fraud.   In particular, Count Three charges that each defendant purposefully participated in the criminal venture by "[c]ausing Fund III to report to public shareholders, through its 2014 Form 10-K Annual Report, false and misleading information concerning the source of the funds used to pay distributions and the Bank 6 loans, while concealing that the funds were derived from Fund IV shareholders."

We the jury find the defendant **Hollis Morrison Greenlaw**, _Guilty_ as to Count Three of the Indictment.   (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, _Guilty_ as to Count Three of the Indictment.   (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, _Guilty_ as to Count Three of the Indictment.   (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, _Guilty_ as to Count Three of the Indictment.   (Answer "Not Guilty" or "Guilty").

**Form of Verdict**

Count Four: Aiding and Abetting Securities Fraud – UDF V – March 31, 2015

The Defendants are charged in Count Four with aiding and abetting the commission of securities fraud. In particular, Count Four charges that each defendant purposefully participated in the criminal venture by "[c]ausing Fund V to report to public shareholders, through its 2014 Form 10-K Annual Report, false and misleading information concerning loans originated and funded by Fund V, while concealing that the loans were made to developments that had previously obtained loans from an earlier Fund entity, and that the Fund V loans were used to pay off loans from an earlier Fund entity."

We the jury find the defendant **Hollis Morrison Greenlaw**, ___Guilty___ as to Count Four of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, ___Guilty___ as to Count Four of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, ___Guilty___ as to Count Four of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, ___Guilty___ as to Count Four of the Indictment.    (Answer "Not Guilty" or "Guilty").

**Form of Verdict**

Count Five: Aiding and Abetting Securities Fraud – UDF III – May 15, 2015

The Defendants are charged in Count Five with aiding and abetting the commission of securities fraud. In particular, Count Five charges that each defendant purposefully participated in the criminal venture by "[c]ausing Fund III to report to public shareholders, through its Form 10-Q Quarterly Report for the period ending March 31, 2015 false and misleading information concerning the source of the funds used to pay distributions and to pay the Bank 6 loan, while concealing that the funds were derived from Fund IV shareholders."

We the jury find the defendant **Hollis Morrison Greenlaw**, ___Guilty___ as to Count Five of the Indictment.   (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, ___Guilty___ as to Count Five of the Indictment.   (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, ___Guilty___ as to Count Five of the Indictment.   (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, ___Guilty___ as to Count Five of the Indictment.   (Answer "Not Guilty" or "Guilty").

**Form of Verdict**

Count Six: Aiding and Abetting Securities Fraud – UDF V – May 15, 2015

The Defendants are charged in Count Six with aiding and abetting the commission of securities fraud. In particular, Count Six charges that each defendant purposefully participated in the criminal venture by "[c]ausing Fund V to report to public shareholders, through its 10-Q Quarterly Report for period ending in March 31, 2015, false and misleading information concerning loans originated and funded by UDF V, while concealing that the loans made to developments that had previously obtained loans from an earlier Fund entity, and that the Fund V loans were used to pay off loans from an earlier Fund entity."

We the jury find the defendant **Hollis Morrison Greenlaw**, _Guilty_ as to Count Six of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, _Guilty_ as to Count Six of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, _Guilty_ as to Count Six of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, _Guilty_ as to Count Six of the Indictment.    (Answer "Not Guilty" or "Guilty").

**Form of Verdict**

Count Seven: Aiding and Abetting Securities Fraud – UDF III – August 14, 2015

The Defendants are charged in Count Seven with aiding and abetting the commission of securities fraud. In particular, Count Seven charges that each defendant purposefully participated in the criminal venture by "[c]ausing Fund III to report to public shareholders, through Form 10-Q Quarterly Report for the period ending June 30, 2015, false and misleading information concerning the source of the funds used to pay distributions and the Bank 6 loan, while concealing that the funds were derived from Fund IV shareholders."

We the jury find the defendant **Hollis Morrison Greenlaw**, _Guilty_ as to Count Seven of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, _Guilty_ as to Count Seven of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, _Guilty_ as to Count Seven of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, _Guilty_ as to Count Seven of the Indictment.    (Answer "Not Guilty" or "Guilty").

**Form of Verdict**

Count Eight: Aiding and Abetting Securities Fraud – UDF V – August 14, 2015

The Defendants are charged in Count Eight with aiding and abetting the commission of securities fraud. In particular, Count Eight charges that each defendant purposefully participated in the criminal venture by "[c]ausing Fund V to report to public shareholders, through Form 10-Q Quarterly Report for the period ending June 30, 2015, false and misleading information concerning loans originated and funded by Fund V, while concealing that the loans were made to developments that had previously obtained loans from an earlier Fund entity, and that the Fund V loans were used to pay off loans from an earlier Fund entity."

We the jury find the defendant **Hollis Morrison Greenlaw**, _Guilty_ as to Count Eight of the Indictment. (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, _Guilty_ as to Count Eight of the Indictment. (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, _Guilty_ as to Count Eight of the Indictment. (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, _Guilty_ as to Count Eight of the Indictment. (Answer "Not Guilty" or "Guilty").

**Form of Verdict**

Count Nine: Aiding and Abetting Securities Fraud – UDF III – November 16, 2015

The Defendants are charged in Count Nine with aiding and abetting the commission of securities fraud. In particular, Count Nine charges that each defendant purposefully participated in the criminal venture by "[c]ausing Fund III to report to public shareholders, through its Form 10-Q Quarterly Report for the period ending September 30, 2015, false and misleading information concerning the source of the funds used to pay distributions and the Bank 6 loan, while concealing that the funds were derived from Fund IV and Fund V shareholders."

We the jury find the defendant **Hollis Morrison Greenlaw**, ___Guilty___ as to Count Nine of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, ___Guilty___ as to Count Nine of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, ___Guilty___ as to Count Nine of the Indictment.    (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, ___Guilty___ as to Count Nine of the Indictment.    (Answer "Not Guilty" or "Guilty").

**Form of Verdict**

Count Ten: Aiding and Abetting Securities Fraud – UDF V – November 13, 2015

The Defendants are charged in Count Ten with aiding and abetting the commission of securities fraud. In particular, Count Ten charges that each defendant purposefully participated in the criminal venture by "[c]ausing Fund V to report to public shareholders, through its Form 10-Q Quarterly Report for the period ending September 30, 2015, false and misleading information concerning loans originated and funded by Fund V, and the use of Fund V's shareholders' money, while concealing that the loans were made to developments that had previously obtained loans from an earlier Fund entity, that the Fund V loans were used to pay off loans from an earlier Fund entity, and that Fund V's shareholders' money was being used to pay purported distributions to Fund III shareholders."

We the jury find the defendant **Hollis Morrison Greenlaw**, _Guilty_ as to Count Ten of the Indictment.   (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Benjamin Lee Wissink**, _Guilty_ as to Count Ten of the Indictment.   (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Cara Delin Obert**, _Guilty_ as to Count Ten of the Indictment.   (Answer "Not Guilty" or "Guilty").

We the jury find the defendant **Jeffrey Brandon Jester**, _Guilty_ as to Count Ten of the Indictment.   (Answer "Not Guilty" or "Guilty").

Presiding Juror: _ REDACTED              Date: _1/21/2022_

**Form of Verdict**

22-10511.7046

# TAB 5

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:21-CR-00289-O(01) |
| | U.S. Marshal's No.: 70142-509 |
| HOLLIS MORRISON GREENLAW | Tiffany Eggers, Assistant U.S. Attorney |
| | Paul Pelletier, Attorney for the Defendant |

On January 21, 2022 the defendant, HOLLIS MORRISON GREENLAW, was found guilty by jury verdict rendered as to Counts One through Ten of the Indictment filed on October 15, 2021.  Accordingly, the defendant is adjudged guilty of such Counts, which involves the following offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1349 (18 U.S.C. §1343) | Conspiracy to Commit Wire Fraud Affecting a Financial Institution | 12/29/2015 | One |
| 18 U.S.C. §1349 (18 U.S.C. §1348) | Conspiracy to Commit Securities Fraud | 12/29/2015 | Two |
| 18 U.S.C. §§1348 and 2 | Securities Fraud and Aiding and Abetting | 3/31/2015 | Three, Four |
| 18 U.S.C. §§1348 and 2 | Securities Fraud and Aiding and Abetting | 5/15/2015 | Five, Six |
| 18 U.S.C. §§1348 and 2 | Securities Fraud and Aiding and Abetting | 8/14/2015 | Seven, Eight |
| 18 U.S.C. §§1348 and 2 | Securities Fraud and Aiding and Abetting | 11/16/2015 | Nine |
| 18 U.S.C. §§1348 and 2 | Securities Fraud and Aiding and Abetting | 11/13/2015 | Ten |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $1,000.00 ($100 per Count) as to Counts One through Ten of the Indictment filed on October 15, 2021.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed May 19, 2022.

REED O'CONNOR
U.S. DISTRICT JUDGE

Signed May 23, 2022.

Judgment in a Criminal Case                                                     Page **2** of 4
 Defendant:  HOLLIS MORRISON GREENLAW
 Case Number:  4:21-CR-00289-O(1)

## IMPRISONMENT

The defendant, HOLLIS MORRISON GREENLAW, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of EIGHTY-FOUR (84) MONTHS as to Counts One through Ten of the Indictment filed on October 15, 2021, to run CONCURRENT for a TOTAL of **EIGHTY-FOUR (84) MONTHS**.

The Court makes a non-binding recommendation to the BOP that Defendant, if appropriately classified, be allowed to serve his term of imprisonment as near as geographically possible to FCI Seagoville.

The Defendant is ordered to voluntarily surrender to the designated BOP facility before 2:00 pm on Tuesday, July 5, 2022.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of FIVE (5) YEARS as to Counts One through Ten of the Indictment filed on October 15, 2021, to run CONCURRENT for a TOTAL of **FIVE (5) YEARS**.

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

( 1)   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

( 2)   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

( 3)   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

( 4)   You must answer truthfully the questions asked by your probation officer.

( 5)   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

( 6)   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

( 7)   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If

Judgment in a Criminal Case                                                              Page **3** of **4**
Defendant:  HOLLIS MORRISON GREENLAW
Case Number:  4:21-CR-00289-O(1)

notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

( 8)    You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

( 9)    If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10)    You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11)    You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12)    If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

(13)    You must follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not illegally possess controlled substances;

cooperate in the collection of DNA as directed by the probation officer;

not possess a firearm, ammunition, destructive device, or any dangerous weapon;

refrain from any unlawful use of a controlled substance; the following drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse: You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

pay the assessment imposed in accordance with 18 U.S.C. § 3013;

not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of financial investments and securities without the probation officer's approval;

not incur new credit charges or open additional lines of credit, either as a principal or cosigner or through any corporate entity, without approval of the probation officer; and,

provide to the probation officer complete access to all business and personal financial information.

Judgment in a Criminal Case                                                                Page **4** of 4
Defendant:  HOLLIS MORRISON GREENLAW
Case Number:  4:21-CR-00289-O(1)

## FINE/RESTITUTION

The Court orders a fine in the amount of $50,000, payable immediately. If, upon commencement of the term of supervised release, any part of the $50,000 fine ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, Texas 76102, at the rate of at least $900 per month. The first such payment shall be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the fine amount is paid in full. Any unpaid balance of the fine ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release.

Restitution is not ordered because the Court finds the Government has not met their burden to show restitution should be imposed on Defendants as part of their sentence.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal

# TAB 6

 1   earlier investors.

 2          But I can tell the Court that at least as

 3   early the first draw that we see there, which was

 4   Government's Exhibit 350, that face sheet, shows as

 5   to when it started itself.

 6          THE COURT:  Okay.  Well, I think there's

 7   sufficient evidence to submit to the Jury.  I will deny the

 8   Rule 29 motions for all defendants.

 9          Before you sit down, what is your take on

10   Mr. Lewis's notice at the bench that they're

11   withdrawing advice of counsel defense such that this

12   motion to compel is now moot?

13          MS. EGGERS:  If I may have one moment, your Honor.

14          MR. ANSLEY:  While she checks on that, your

15   Honor --

16          MS. EGGERS:  I just need one second.  I can't talk

17   and listen.

18          My belief, your Honor, is that that would

19   nullify the need for the motion to compel.  That

20   being said, I'm going to put a big asterisk next to

21   it, and I don't know and I'm not asking, so I don't

22   know who's planning on testifying or what they're

23   planning on saying, but if someone arguably tries

24   to, you know, swivel in a "the lawyers told me I

25   could do this," then we're going to end up right

# TAB 7

UNITED STATES vs HOLLIS MORRISON GREENLAW (1)
4:21-cr-289-O                      Vol 7 January 19, 2022                    Page 1418

```
 1              MR. STEPHENS:  I think the balance of our
 2   objections are preserved.
 3              THE COURT:  And I was wrong on the supplemental
 4   briefing.
 5              Okay.  And do you have anything else?
 6              MS. MALLOY:  No, I don't.
 7              THE COURT:  Now, while you're here, do you want to
 8   reurge your Rule 29 motion?
 9              MR. STEPHENS:  Yes, I do.  On behalf of Ms. Obert.
10   I think I'm speaking for the group.
11              THE COURT:  Is that true?
12              MR. PELLETIER:  Yes, your Honor.
13              THE COURT:  And Mr. Lewis.
14              MR. LEWIS:  Yes, sir.
15              MS. GOODMAN:  Yes, your Honor.
16              THE COURT:  And Ms. Goodman.  I will deny the Rule
17   29 motion.
18              Anything else you need to preserve?
19              MR. STEPHENS:  I think through the written
20   pleadings we are preserved.
21              THE COURT:  Yes.
22              Now I'm going to have her respond.
23              MR. STEPHENS:  Yes, very well.
24              THE COURT:  Why don't we start with this falsity
25   opinion, Ms. Eggers?
```

# TAB 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HOLLIS GREENLAW (01)** | § | **Case No. 4:21-cr-289-O** |
| **BENJAMIN WISSINK (02)** | § | |
| **CARA OBERT (03)** | § | |
| **JEFFREY BRANDON JESTER (04)** | § | |
| a/k/a Brandon Jester | § | |

**ORDER**

Before the Court are Defendants' Motions for Acquittal Pursuant to Rule 29 (ECF Nos. 318, 319, 322, 323), filed February 7, 2022; Government's Response and Objection (ECF No. 340), filed February 25; Defendants' Replies (ECF Nos. 342, 344, 346, 349), filed March 4.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to convict." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005) (quoting *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998)). "[A] trial judge has the duty to grant the motion for judgment of acquittal when the evidence, viewed in the light most favorable to the government, is so scant that the jury could only speculate as to defendant's guilt." *United States v. Herberman*, 583 F.2d 222, 231 (5th Cir. 1978). "[A] verdict may not rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference." *United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011).

This Court analyzes motions for judgment of acquittal with "great deference to the jury's verdict." *United States v. Lopez-Monzon*, 850 F.3d 202, 206 (5th Cir. 2017) (internal quotation omitted). "In deciding the sufficiency of the evidence, the relevant question is whether

1

'*any* rational trier of fact could have found the essential elements of the crime beyond reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis original)).

"To uphold the conviction, 'the evidence need not exclude every hypothesis of innocence.'" *Id.* (quoting *United States v. Diaz-Carreon*, 915 F.2d 951, 953–54 (5th Cir. 1990)). "[I]f the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld." *Lucio*, 428 F.3d at 522. "A jury is free to choose among reasonable constructions of the evidence." *Diaz-Carreon*, 915 F.2d at 954 (quoting *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982) (en banc)).

Having reviewed the Motions, briefing, and applicable law, and viewing the evidence in the light most favorable to the Government, the Court finds the jury was presented with sufficient evidence on each count to support the jury's verdict. Therefore, the Court **DENIES** Defendants' Motions for Acquittal (ECF Nos. 318, 319, 322, 323).

**SO ORDERED** on this **18th day** of **May, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

2

# TAB 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HOLLIS GREENLAW (01)** | § | **Case No. 4:21-cr-289-O** |
| **BENJAMIN WISSINK (02)** | § | |
| **CARA OBERT (03)** | § | |
| **BRANDON JESTER (04)** | § | |

**<u>ORDER</u>**

Before the Court are Defendants' Motions for a New Trial Pursuant to Rule 33 (ECF Nos. 317, 320, 321, 324), filed February 7, 2022; Defendants' Notice of Joinder in Co-Defendants Motions (ECF Nos. 325–328), filed February 7 and 9; Defendant Jester's Supplemental Amendment (ECF No. 331), filed February 9; Government's Omnibus Response (ECF No. 341), filed February 25; and Defendants' Replies (ECF Nos. 343, 345, 347, 348), filed March 4. On May 9, Defendants filed an Amended Consolidated Rule 33 Motion for New Trial Based on Newly Discovered Evidence, Supporting Brief, and Request for Evidentiary Hearing (ECF No. 420). Pursuant to the Court's Order (ECF No. 421) the Government filed its Response and Objection (ECF No. 427) on May 12, and Defendants filed their Reply on May 17 (ECF No. 436).

For the reasons that follow, the Court finds these Motions (ECF Nos. 317, 320, 321, 324, 420) should be, and are, **DENIED**.

## I.   BACKGROUND

On October 15, 2021, a grandy jury returned a ten-count indictment against Defendants. *See* ECF No. 1. On January 21, 2022, a jury found each Defendant guilty on all ten counts. *See* ECF No. 298. Defendants are to be sentenced on May 20, *see* ECF No. 299, and now seek a new

22-10511.7733

trial, alleging errors at both the pre-trial and trial stages. The issues are briefed and ripe for this Court's review.

## II.    LEGAL STANDARD

"The grant of a new trial is necessarily an extreme measure, because it is not the role of the judge to sit as a thirteenth member of the jury." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (citation omitted). "The remedy of a new trial is rarely used; it is warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." *Id.* (citation omitted).

Rule 33 permits the district court to vacate judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. "However, Rule 33 divides motions for new trial based on the interest of justice into two different subcategories: (1) motions based on newly discovered evidence; and (2) motions based on 'other grounds.'" *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004).

## III.    ANALYSIS

### a.    Defendants' Motion to Dismiss for Failure to State an Offense

First, Defendants reassert arguments made in their Motion to Dismiss for Failure to State an Offense (ECF No. 128). *See* Def. Obert's Mot. 15, ECF No. 317. The Court previously rejected these arguments when denying the Motion to Dismiss. *See* ECF No. 239. Defendants raise no new grounds for the Court to find the Indictment failed to allege a criminal claim. Thus, the Court finds Defendants have failed to satisfy Rule 33's requirements.

### b.    Defendants' Motion to Dismiss for Prosecutorial Vindictiveness

Next, Defendants reassert arguments made in their pretrial Motion to Dismiss for Vindictive Prosecution (ECF No. 126). *See* Def. Greenlaw's Mot. 13–15, ECF No. 321.

22-10511.7734

Defendants further argue the continued participation of the NDTX USAO after Defendants filed a Bivens suit and FTCA administrative action provide a reason for a new trial. *See* Def. Greenlaw's Mot. 15–17, ECF No. 321.  And once again, the Defendants fail to articulate any reason, other than those previously rejected by the Court, that shows vindictive prosecution, or that the continued participation of NDTX USAO was improper. Therefore, for the reasons stated in the Court's previous Order (ECF No. 186), the Defendants have failed to articulate grounds for a new trial on this basis.

### c.   Motion to Dismiss for Violations of Defendants' Fourth, Fifth, and Sixth Amendment Rights

Defendants reassert arguments made in their Motion to Dismiss for Fourth, Fifth, and Sixth Amendment Violations (ECF No. 129), arguing "the government blatantly and extensively violated their attorney client privilege." Def. Greenlaw's Mot. 17, ECF No. 321. The Court denied the Defendants' Motion to Dismiss (ECF No. 206), and Defendants fail to present any trial-specific, or new, arguments that would entitle them to a new trial. Therefore, for the same reasons discussed in the Court's previous Order, the Court finds no sufficient Rule 33 argument.

### d.   Motion for a Franks Hearing and Suppression of Evidence

Defendants again raise argument previously rejected by the Court, *see* ECF Nos. 24, 79, alleging the Court erred in denying their motions to suppress and for a Franks hearing. Def. Wissink's Mot. 15–17, ECF No. 320. Defendants fail to raise any new arguments, therefore, for the reasons previously stated, the Court finds they are not entitled to a new trial on these grounds.

### e.   Third Motion to Continue

Defendants requested multiple continuances leading up to trial. *See* ECF Nos. 69, 82, 190. Two were joint (ECF Nos. 69, 82). The Court granted one in full (ECF No. 70) and granted the

22-10511.7735

other in part (ECF No. 91). Defendants then filed a third, opposed, Motion to Continue (ECF No. 190), which the Court denied (ECF No. 199). Defendants now argue that had the Court granted their third requested continuance, they would have been better prepared for trial. *See* Def. Greenlaw's Mot. 2–5, ECF No. 321. For the reasons previously stated, *see* ECF No. 199, and because Defendants fail to articulate any specific, sufficient harm, the Court rejects this argument and denies Defendants' Motions on these grounds.

### f.    Time Limits

Prior to trial, the Court imposed 15-hour time limits on each side. *See* ECF No. 230. Defendants objected prior to trial (ECF No. 244) but did not raise this issue again during trial. Defendants now argue the Court abused its discretion by imposing these time limits. Def. Greenlaw's Mot. 5–6, ECF No. 321; Def. Jester's Mot. 25–28, ECF No. 324.

As stated by the Fifth Circuit, "[i]f anything, it seems that time limits in criminal cases will generally pose more of a challenge for the prosecution as it typically presents far more of the evidence given that it has the burden of proof." *United States v. Morrison*, 833 F.3d 491, 504 (5th Cir. 2016). Defendants have failed to show the time limits unreasonably limited their defense and constituted an abuse of this Court's broad discretion. This is particularly true because "defense counsel did not make an offer of proof sufficient to preserve the objection to the exclusion of [any specific] testimony." *Id.* at 505.

At no point during the trial did Defendants request more time. Rather, a reasonable interpretation of Defendants' actions leads the Court to believe Defendants attempted to use these time limits as a litigation strategy, taking advantage of the challenge to the prosecution raised by the Fifth Circuit in *Morrison*. In this case, as trial testimony was coming to an end, the Government asked if Defendants intended to testify. Defendant Greenlaw's counsel indicated Greenlaw would

do so, but counsel for Defendants Obert, Wissink, and Jester remained silent. *See* Transcript 167–68, ECF No. 307. But at the conclusion of Greenlaw's counsel's re-direct of Greenlaw, before the Court could ask whether codefendants' counsel wished to ask any questions on re-direct, Obert's counsel announced he was calling her as a witness. Thus, the Court made a reasonable inference that this was planned and not a spur-of-the-moment decision. *Id.* at 209–210. In the end, three of the four Defendants—Greenlaw, Obert, and Jester—chose to testify.

It appears Defendants planned on the Government not having enough time to cross examine the testifying Defendants. Indeed, during a sidebar conversation between counsel and the Court during the cross examination of Defendant Obert, Defendants asserted that their tracking of the time indicated that the Government's time had expired. The Government's calculation nearly matched the Court's, which indicated the Government had time remaining. The reasonable inference is that Defendants strategically made no request for additional time to ensure the Government received no additional time so as to limit the Government's opportunity to engage in full cross examination.

Therefore, the reasonable inference is that Defendants strategically (1) failed to disclose that two more Defendants would testify, and (2) believed the Government would not have time to adequately cross examine those Defendants who testified. Regardless, had a specific rationale, supporting additional time to fully examine a witness (by either side) been presented, the Court surely would have granted the request. But no such request, or even a specific hardship, was presented to the Court. Thus, the Court finds the Defendants have failed to show they are entitled to a new trial on these grounds.

22-10511.7737

### g. Constructive Amendment of Indictment

Defendants argue the Government constructively amended the indictment. Def. Wissink's Mot. 8, ECF No. 320. The Court disagrees, the Government's arguments at trial were proper, and did not constructively amend the Indictment. Thus, the Motion is denied on these grounds.

### h. Excluding Evidence

Next, the Defendants argue they are entitled to a new trial because the Court erroneously excluded evidence. Each specific exclusion is addressed below.

#### 1. Timothy McCormick

The Defendants argue the Court erred in prohibiting Timothy McCormick to testify as an expert witness. Def. Jester's Mot. 22–23, ECF No. 324. Prior to trial, the Court found Defendants failed to provide sufficient disclosures, even after providing them an opportunity to cure the deficiencies, to allow McCormick to testify as an expert. ECF No. 233. The Court therefore limited McCormick's testimony to that of a lay witness, and Defendants presented his lay witness testimony. *Id*. Defendants have presented no trial-specific or new arguments warranting a new trial on this issue.

#### 2. Testimony Regarding K.B. and H.C.

Defendants attempt to rehash arguments the Court rejected multiple times prior to, and during, trial. They argue that testimony regarding K.B. and H.C. should have been admissible, and without it, Defendants constitutional rights were violated. Def. Obert's Mot. 24–25, ECF No. 317. As stated previously, evidence relating to K.B. is irrelevant to the issues presented at trial and would have been extremely time consuming and confusing. ECF No. 137. Therefore, the Court finds the Defendants have failed to satisfy Rule 33's requirements.

22-10511.7738

### 3.   Rule 16 Violation and Defense Exhibits

Finally, Defendants argue the Court erred in excluding several exhibits from trial because Defendants failed to timely disclose them to the Government. Def. Wissink's Mot. 17–20, ECF No. 320. For the reasons previously articulated at trial, the Court disagrees. Transcript 283–286, ECF No. 307. Therefore, the Motion is denied on these grounds.

### i.   Jury Instructions

Defendants argue they are entitled to a new trial because the Court erred in its giving of jury instructions. Def. Obert's Mot. 2, 7, 9–12, ECF No. 317; Def. Greenlaw's Mot 12, ECF No. 321; Def. Wissink's Mot. 1, 15 ECF No. 320. The Court disagrees; the jury instructions were proper as the Court previously found when adopting the instructions. Therefore, the Defendants have failed to show they are entitled to a new trial on these grounds.

### j.   Prosecutorial Misconduct

Defendants assert that the Government committed prosecutorial misconduct throughout the trial. *See* Def. Obert's Mot. 17–25; Def. Wissink 820, ECF No. 324. The Court disagrees. Even if any misstatements were made, the Defendants have failed to show "the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." *United States v. Iredia,* 866 F.2d 114 (5th Cir.) (per curiam), *cert. denied,* 492 U.S. 921 (1989). Thus, Defendants' substantial rights were not affected, as required for a new trial. *United States v. Alaniz*, 726 F.3d 586, 615 (5th Cir. 2013). Therefore, Defendants have failed to show they are entitled to a new trial on these grounds.

### k.   Jury Verdict

The Defendants argue they are entitled to a new trial because the jury's verdict was against the weight of the evidence. Def. Greenlaw's Mot. 17, ECF No. 321; Def. Jester's Mot. 23, ECF No. 324. The Court disagrees. To grant a new trial on these grounds, "[t]he evidence must

22-10511.7739

preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Shoemaker*, 746 F.3d 614, 631 (5th Cir. 2014) (citation omitted). That is not the case here. There was a substantial amount of evidence at trial that would allow the jury to reach their verdict of guilty. Therefore, Defendants have failed to show they are entitled to a new trial on these grounds.

### l.   **Brady Evidence**

In their latest motion for new trial based on newly discovered evidence, Defendants cite what they allege is Brady evidence that was not properly disclosed by the prosecution as grounds for a new trial. "Motions for new trial based on newly discovered evidence are disfavored and reviewed with great caution." *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004). The Defendants "bear a heavy burden." *United States v. Rodriguez*, 437 F.2d 940, 941 (5th Cir. 1971). "As a general rule, there are five prerequisites (typically referred to as the *Berry* rule) that must be met to justify a new trial on the ground of newly discovered evidence." *Wall*, 389 F.3d at 467. These five requirements are as follows:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

*Id.* "If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied." *Id.* The Court finds Defendants fall short on many factors. Specifically, the Court finds the evidence was made available to the Defendants prior to trial and any lack of knowledge of the contents is likely due to Defendants' lack of diligence. Additionally, the Defendants fail to show the evidence was material or likely to produce an acquittal.

22-10511.7740

Defendants similarly fail to satisfy the necessary elements to prevail on a *Brady* claim: (1) the prosecution suppressed evidence, (2) the evidence was favorable, (3) the evidence was material to either guilt or punishment, and (4) discovery of the allegedly favorable evidence was not the result of a lack of due diligence. *United States v. Skilling*, 554 F.3d 529, 574 (5th Cir. 2009), *vacated in part on other grounds*, 561 U.S. 358 (2010). As a preliminary, and dispositive matter, the alleged *Brady* evidence was seized and subject to the protection privileged documents are entitled. Thus, the prosecution team would not have been permitted to possess or review that evidence. The Defendants therefore fail on the first element, the prosecutors cannot suppress evidence it did not possess.  Further, the evidence cited by Defendants as *Brady* evidence is not material to guilt or punishment. There is no need to analyze the remaining factors, Defendants have failed to show they are entitled to a new trial on these grounds.

**m. Cumulative Error Doctrine**

Finally, Defendants seek relief under the Cumulative Error Doctrine. But "non-errors have no weight in a cumulative error analysis." *United States v. Stanford*, 823 F.3d 814, 842 (5th Cir. 2016) (citation omitted). As explained, there is nothing to accumulate. Thus, Defendants are not entitled to a new trial under this Doctrine.

**IV.    CONCLUSION**

For the reasons stated above, and throughout the course of this litigation, the Court **DENIES** Defendants' Motions.

**SO ORDERED** on this **18th day of May, 2022.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

9

# TAB 10

**Defendants' Proposed 20 – "Scheme to Defraud"**[25]

A *"scheme to defraud" means a plan intended to deprive another of money or property.*[26] *To return a verdict of guilty, you must find that the purpose underlying the scheme to defraud was to injure shareholders in UDF III, UDF IV and UDF V by depriving them of "money or property."*[27]

---

[25]The UDF Executives propose to define the term "scheme to defraud" in this section because it runs through each substantive count. As the government conceded in its response to the UDF Executives' motion to dismiss for failure to state a claim, "[t]he government does not dispute that 'scheme to defraud' means the same thing in the wire fraud and securities fraud statutes" and "will draw on cases interpreting the scheme-to-defraud element of the mail and bank [sic] fraud offenses in proving why this Indictment is sufficient." ECF No. 162, at 5 n. 2.

[26]Although the Fifth Circuit's Pattern Jury Instructions define a scheme to defraud as "any plan … intended to deprive another of money or property *or bring about some financial gain to the person engaged in the scheme*," district courts within this circuit have repeatedly (and correctly) rejected this overbroad definition in favor of the one proposed by the UDF Executives. *See, e.g.*, *United States v. Clark*, Case No. 4:16-CR-205-O, WL 8839212 (N.D. Tex. Nov. 16, 2016) (O'Connor, J.); *United States v. Bazemore*, No. 3:12-CR-319-O, WL 10903624 (N.D. Tex. July 16, 2013) (O'Connor). *United States v. Woods*, Case No. 3:17-CR-665-D(1), WL 10251049 (N.D. Tex. Oct. 4, 2019); *United States v. Frazier*, Case No. 4:18-cv-00481, WL 4890858 (E.D. Tex. Sept. 11, 2019).

   Including the second clause after a disjunctive "or" results in a misstatement of the law, because a jury could include that a defendant committed a scheme to defraud merely because he or she executed a "plan … intended to … bring about some financial gain to the person engaged in the scheme"—i.e., any lawful business enterprise.  But the Supreme Court has repeatedly held that a scheme to defraud *necessarily* includes a scheme to deprive others of money or property.  *See Cleveland v. United States*, 531 U.S. 12, 15 (2000) ("[F]or purpose of the . . . fraud statute[s], the thing obtained" by the scheme to defraud "must be property in the hands of the victim."); *see also* ECF No. 162 (explaining that a scheme to defraud must be one to obtain money or property).

[27]  Adapted from Jury Instruction given in *United States v. Clark*, Case No. 4:16-CR-205-O, WL 8839212 (N.D. Tex. Nov. 16, 2016) (O'Connor, J.). The government has included the definition of "scheme to defraud" in the offense specific counts.

*Defendants' Proposed 21 – "**Intent to Defraud**"[28]*

*A "**specific intent to defraud**" means a willful, conscious, knowing intent to* ~~*deceive or*~~ *cheat someone out of money or property.*[29]*

*In other words, an intent to defraud requires that a defendant had a specific intent to injure shareholders in UDF III, UDF IV and UDF V by depriving them of "money or property."*[30]*

---

[28] The UDF Executives propose to define the term "intent to defraud" because it runs through each substantive count, as the government's proposed instructions reflect.  Further, as the government conceded in its response to the UDF Executives' motion to dismiss for failure to state a claim, "[t]he government does not dispute that 'scheme to defraud' means the same thing in the wire fraud and securities fraud statutes" and "will draw on cases interpreting the scheme-to-defraud element of the mail and bank [sic] fraud offenses in proving why this Indictment is sufficient." ECF No. 162, at 5 n.2.

[29] The UDF Executives object to the Fifth Circuit Pattern Jury Instruction's definition of "intent to defraud" as the intent to "deceive or cheat."  The use of the disjunctive "or" makes this an inaccurate statement of law, because a juror could conclude that a defendant has an intent to defraud merely because he or she had an intent to *deceive*.  Even the government has conceded, in its response to the UDF Executives' motion to dismiss for failing to state a claim, that the "federal fraud statutes do not criminalize mere deceit."  ECF No. 162, at 10.  Indeed, the Supreme Court has repeatedly made clear that an intent to *deceive* is insufficient to sustain a wire fraud conviction.  In *Shaw v. United States*, the Supreme Court held that a "scheme to defraud" "must be one to deceive the [target] and deprive it of something of value."  137 S. Ct. 462, 469 (2016) (emphasis in original) (jury instruction erroneous if it "permit[ed] the jury to find [defendant] guilty if it found no more than that his scheme was one to deceive the bank but not to 'deprive' the bank of anything of value").  "[D]eceiving is a necessary condition of defrauding but not a sufficient one."  *United States v. Takhalov*, 827 F.3d 1307, 1312 (11th Cir.), as revised (Oct. 3, 2016), opinion modified on denial of reh'g, 838 F.3d 1168 (11th Cir. 2016).  The government objects to this proposed "intent to defraud" instruction.  The government's proposed "intent to defraud" is contained in the offense instructions.

[30] Adopted from Jury Instruction on "scheme to defraud" given in *United States v. Clark*, Case No. No. 4:16-CR-205-O, WL 8839212 (N.D. Tex. Nov. 16, 2016) (O'Connor, J.).

# TAB 11

First:  That the defendant knowingly devised or intended to devise a scheme to defraud the investing public or shareholders of UDF III, UDF IV, and UDF V;

Second:  That the scheme to defraud employed false material representations;

Third:  That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing for the purpose of executing such scheme; and

Fourth:  That the defendant acted with a specific intent to defraud.

Additionally, if you find that the government has proven the preceding four elements beyond a reasonable doubt, you should consider whether the government has also proven the following element beyond a reasonable doubt:

Fifth:  That the scheme to defraud affected a financial institution.

Although the Indictment may charge the Defendants with committing an offense in several ways by using the word "and," it is not necessary for the Government to prove that the Defendants did each of the things named in the Indictment. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant did one of the alternative acts as charged; however, you must unanimously agree on which act the Defendant committed.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

22-10511.7023

First:          That the defendant knowingly devised or intended to devise a scheme

to defraud the investing public or shareholders of UDF III, UDF IV,

and UDF V;

Second:         That the scheme to defraud employed false material representations;

Third:          That the defendant transmitted or caused to be transmitted by way of

wire communications, in interstate commerce, any writing for the

purpose of executing such scheme; and

Fourth:         That the defendant acted with a specific intent to defraud.

Additionally, if you find that the government has proven the preceding four

elements beyond a reasonable doubt, you should consider whether the government has also

proven the following element beyond a reasonable doubt:

Fifth:          That the scheme to defraud affected a financial institution.

Although the Indictment may charge the Defendants with committing an offense in

several ways by using the word "and," it is not necessary for the Government to prove that

the Defendants did each of the things named in the Indictment.  It is sufficient if the

Government proves beyond a reasonable doubt that the Defendant did one of the alternative

acts as charged; however, you must unanimously agree on which act the Defendant

committed.

A "scheme to defraud" means any plan, pattern, or course of action intended to

deprive another of money or property or bring about some financial gain to the person

engaged in the scheme.

22-10511.7024

Government to prove that a Defendants did each of the things named in the Indictment. It is sufficient if the Government proves beyond a reasonable doubt that a Defendant did one of the alternative acts as charged; however, you must unanimously agree on which act the defendant committed.

The following definitions may help in your deliberations:

The term "security" means any note, stock, treasury stock, bond, debenture, certificate of interest or participation in any profit-sharing agreement, or in general, any instrument commonly known as a "security;" or any certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase, any of the foregoing.

The phrase "in connection with any security" means that the "scheme and artifice to defraud" described in the Indictment must have had some relationship to or have been connected to a security.  The term "in connection with the purchase or sale of any security" means that the alleged fraudulent conduct occurred in some phase of a transaction involving the purchase or sale of a security.

The government need not show, however, that the defendant, or anyone associated with him or her, bought or sold any such securities.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

An "intent to defraud" means a conscious, knowing intent to deceive or cheat someone.  A representation is "false" if it is known to be untrue or is made with reckless

# TAB 12

1   the general public, they filed filings for the SEC, filings

2   that Defendant Obert submitted to the SEC, that Defendant

3   Greenlaw signed off on, that Defendant Wissink signed off

4   on.

5                And then this one, UDF III, they told the

6   investing public that the distributions that they were going

7   to be paid was going to be cash available for distribution

8   are the funds received by UDF III from operations.  That

9   interest the developers were paying back on these loans.

10  That's the basic idea.

11               There was a snag.  The snag was this, the

12  developers were not paying back their loans quickly enough.

13  They weren't paying back their loans quickly enough, and

14  although the defendants were never required to pay even one

15  dollar in distribution, they did.

16               Because the developers were not paying back the

17  loans quickly enough, the defendants formed UDF IV.  So what

18  did they do then with UDF IV?  Those new investors that

19  entrusted their money to defendants Greenlaw, Obert,

20  Wissink, and another man, they took those people's money.

21               UDF IV's investors' money.  They moved it around a

22  number of bank accounts.  And then what did they do?  They

23  paid distributions to those earlier investors.  Well, that

24  wasn't enough either, because the developers still were not

25  paying those loans back enough, fast enough.

 1              MR. PELLETIER:  If we can blow up that language,

 2    please.

 3              Thank you.

 4    BY MR. PELLETIER:

 5        Q.   Sir, on page 60, it talks about "the concentration

 6    of loans with the common borrower and how it may increase

 7    the risks."

 8        A.   Yes.

 9        Q.   So this paragraph discloses to the investors that

10    "UDF V may invest in multiple loan mortgage loans and share

11    a common borrower or common loans to related borrowers."

12        Is that correct?

13        A.   It actually reads "or loans to related borrowers."

14        Q.   I'm sorry.  "Common borrower or loans to related

15    borrowers."  Correct?

16        A.   That's correct.

17        Q.   So when Ms. Eggers asked you whether or not if

18    someone had told you that money was used to pay a UDF III

19    loan, or to pay a UDF III bank from the UDF V, she didn't

20    mention anything about a common borrower, did she?

21        A.   No.

22        Q.   Would it make a significant difference to you if

23    it was a common borrower in the middle of that transaction?

24        A.   I don't understand the question.

25        Q.   Yes.

UNITED STATES vs HOLLIS MORRISON GREENLAW (1)
4:21-cr-289-O                    Vol 4 January 13, 2022                    Page 635

```
 1          Q.   And if you can scoot just a little bit closer, she
 2   has to take down everything you say.
 3          Are you familiar with United Development
 4   Funding?
 5          A.   Yes, I am.
 6          Q.   What is your relationship to them?
 7          A.   They are an audit client of the firm.
 8          Q.   All right.
 9          So you are currently the auditor for United
10   Development Fund III, IV and V?
11          A.   Yes, we are.
12          Q.   And did you -- when did you become the auditor?
13          A.   We were initially engaged in June of 2016.
14          Q.   And was that following Whitley Penn as the
15   auditor?
16          A.   Whitley Penn was predecessor auditor.
17          Q.   Now I want to talk to you a little bit about your
18   training and experience.
19          You said with Eisner Amper and you are an
20   auditor.
21          Are you a CPA?
22          A.   Yes, I am.
23          Q.   How long have been a CPA?
24          A.   Over 40 years.
25          Q.   And where do you live and work; what city and
```

```
 1    question to you is, have you ever sent a document to

 2    the UDF company or entity, singular or plural,

 3    indicating that they had --

 4              THE WITNESS:  Not a written document, no.

 5              THE COURT:  The Government, you don't need to

 6    worry about it, but you just need to answer his question.

 7              MR. STEPHENS:  If I could restate the question so

 8    we have it on the record, sir.

 9    BY MR. STEPHENS:

10         Q.   My question to you, Mr. Downey, in your time at

11    Eisner Amper, working with United Development Fund, have you

12    sent a single piece of paper, an email, a document, anything

13    to anyone at United Development Fund indicating that they

14    have undisclosed related-party transactions that they need

15    to disclose.

16         A.   Not to my recollection.

17         Q.   All right.

18         Now, is it fair to say that other auditors

19    might have a different view as to what qualifies as

20    an undisclosed related-party transaction that needs

21    to be disclosed?

22         A.   Yes.

23         Q.   Okay.  Because it requires some analysis and some

24    judgment, fair?

25         A.   Yes.
```

 1   Jester.

 2        Have you met Brandon Jester before?

 3        A.   Yes, I have.

 4        Q.   Was he one of the people that you would speak with

 5   concerning details regarding the UDF V audit that you never

 6   finished?

 7        A.   Yes.

 8        Q.   And sitting here today, today, that audit of the

 9   UDF V is not finished, is it?

10        A.   That is correct.

11        Q.   Meaning that they are sitting here today, you have

12   no conclusion one way or the other whether or not UDF 25

13   engaged in or did not engage in affiliate transactions?

14        A.   Correct.

15        Q.   Are there -- what is the -- I get the initials

16   wrong -- what is the PCAOB?

17        A.   The Public Company Accounting Standards Board.

18        Q.   Is that something -- does that apply to folks like

19   you?

20        A.   Yes, it does.

21        Q.   And what in layman's terms, please, what is that?

22        A.   There are -- I'm sorry.  There they are our

23   regulators.

24        Q.   By regulators, they control --

25        A.   They regulate the audit firms, the practice in

 1    transactions?

 2         A.    That is correct.  That is why at the top of the

 3    form it says, Engagement Acceptance.

 4         Q.    So the answer no, is based on what they told you?

 5         A.    They and others.

 6         Q.    So let's talk about what they told you.

 7         You said that you have had multiple meetings

 8    with regard to the audit.

 9         Am I misstating that?

10         A.    Keep in mind, you know, the audit started in June

11    of 2016, and it is now June -- January of 2022.  So we are

12    talking a five and a half year time period.

13         So I don't specifically remember every single

14    meeting that we had.  But during the course of the

15    audit, we had a number of meetings to talk about the

16    various audit issues of which related parties were

17    one of those issues.

18         Q.    And -- and once you started looking at the

19    financials and the transactions, you formed an initial

20    opinion that there were transactions that were related-party

21    transactions in UDF filings?

22              MR. PELLETIER:  Objection, leading.

23              THE COURT:  Overruled.

24              THE WITNESS:  I did not form any opinions, because

25    we did not finish the audit.

```
 1        Q.   Okay.  Do you know who his position is?

 2        A.   To be honest, I don't know.  I would say maybe

 3   executive vice president.  Something along those lines, but

 4   I couldn't say for certain.

 5        Q.   That is fine.

 6        Well, we have got Jeff Shirley communicating

 7   with Ben and this gets then forwarded up to you,

 8   correct?

 9        A.   Yes, ma'am.

10        Q.   Okay.

11             MS. GOODMAN:  Thank you.

12   BY MS. GOODMAN:

13        Q.   Okay.  And all of these land release payments

14   where we see one loan being used to pay off another loan,

15   other lenders that work with Centurion America do that,

16   correct?

17        A.   Correct.

18        Q.   Is Trez an example of that?

19        A.   Yes, ma'am.

20        Q.   First Continental?

21        A.   Yes, ma'am.

22        Q.   Okay.  And the purpose of this is to move the

23   project forward, correct?

24        A.   Correct.

25        Q.   And allowing the project to be moved forward, that
```

 1   provides a benefit to Centurion America, correct?

 2       A.   Yes.

 3       Q.   Okay.  And we have been talking about land release

 4   the whole time.

 5       What does that mean for one of these projects?

 6       A.   Land release, the way I would interpret it, that

 7   would be a release from maybe one loan or released from a

 8   loan, a piece of land.

 9       Q.   And it allows, you would agree with me, it allows

10   that land to be moved to the development phase or whatever

11   phase in the process it is?

12       A.   Sure.  It could even be from once you develop the

13   lot, you could pay off that loan and refinance that with the

14   second loan.  You are at a different risk profile at that

15   point in time.

16           MS. GOODMAN:  May I have just one second, your

17   Honor?

18   BY MS. GOODMAN:

19       Q.   So by paying off the loan that we just discussed,

20   paying it down, does that free up capital for Centurion

21   America to continue building other projects or moving things

22   along, if you know?

23       A.   It could.  Sure.

24       Q.   Okay.

25           MS. GOODMAN:  Thank you so much, Mr. Burkhardt.

1      A.   In general, yes.

2      Q.   Okay.  So it's economic benefit if you ultimately

3  get repaid on a loan?

4           That's better than not getting repaid, right?

5      A.   That's correct.

6      Q.   So getting paid in full on the land acquisition

7  loan would provide an economic benefit to the UDF III

8  investors, fair?

9      A.   It can be a benefit, yes.

10     Q.   All right.  Now, when the UDF III investors are

11 paid in full, they now have the funds after getting paid in

12 full, and UDF III can then decide whether they want to

13 issue -- originate a new loan or they want to issue

14 distributions or use the cash in some other way in

15 operations, fair?

16     A.   It's possible.

17     Q.   Okay.  What happened to the lien that the UDF III

18 investors held on the land when their loan was paid off with

19 interest?

20     A.   I do not know what happens to the lien.  I assume

21 it probably gets released.

22     Q.   Okay.  You looked at the loan file for Shahan

23 Prairie, correct?

24     A.   Certain parts of it, yes.

25     Q.   Okay.  Did you look at the part that had the lien

UNITED STATES vs HOLLIS MORRISON GREENLAW (1)
4:21-cr-289-O                    Vol 6 January 18, 2022                    Page 1380

1      A.   I'm trying to think if there were any in the

2   exhibits to the SEC filings.  If there were any in the

3   exhibits to the SEC filings, I probably took a look at them.

4   But if not -- not -- not as an individual document, no.

5      Q.   Have you read the appraisal of the Shahan Prairie

6   property as you prepared to come and testify today?

7      A.   I don't recall reading that.

8      Q.   Have you read any documents related to Shahan

9   Prairie before you testified today?

10      A.   If they were in the SEC filings, then I probably

11   took a look at them and read them.  But if not, then no.

12      Q.   Have you done any analysis of the collateral

13   securing the loans in this case?

14      A.   Analysis?  Of collateral?  No.

15      Q.   Have you done any analysis of the settlement

16   statements from the title companies on any of the loan

17   transactions at issue in this case?

18      A.   No.

19      Q.   Have you ever tracked the transfer of value in any

20   land release payment in any of the transactions involved in

21   this case?

22      A.   No.

23      Q.   Have you ever tracked the transfer of property

24   rights via any lien releases in the transactions at issue in

25   this case?

```
 1        A.   No.
 2        Q.   Is it fair to say that a transaction can benefit
 3   both sides of the deal?
 4        A.   A transaction can bring benefit to both sides of
 5   the transaction?  Yes.
 6        Q.   You agree with that.
 7        Okay.
 8        Have you considered the economic benefits of
 9   any of the transactions to the UDF V investors in
10   preparing to come testify to the men and women of
11   this Jury today?
12        A.   Can you repeat that question again?
13        Q.   Sure.
14        Have you done anything to consider the economic
15   benefits provided to the UDF V investors in the
16   transactions at issue in this case before you came
17   to testify?
18        A.   No.
19        Q.   Did you consider the economic benefits of any of
20   the transactions obtained by the UDF IV investors in the
21   transactions involved in this case before you came here to
22   testify today?
23        A.   No.
24        Q.   Would you agree that receiving value in a
25   transaction is a good thing for an investor?
```

 1   financial statements?

 2       A.   I may have seen that in the SEC filings, yes.

 3       Q.   Okay.

 4       Can you identify a single loan in the

 5   transactions at issue in this case that doesn't

 6   involve a common borrower?

 7       A.   No.  I wasn't -- I wasn't asked to do that.  I was

 8   asked to see where the -- where the affiliate transactions

 9   were disclosed in the UDF V filings.

10       Q.   If multiple auditors testified to this Jury that

11   the analysis of related-party transactions involves judgment

12   where two different auditors, both acting in good faith,

13   could disagree on whether a particular transaction

14   constitutes a related-party transaction, you do not have the

15   expertise to contest that testimony from those auditors,

16   true?

17       A.   Are you saying -- can you repeat that again?

18       Q.   If multiple auditors, audit partners from audit

19   firms, have testified to this Jury that the analysis of

20   related-party transactions involves judgment, where two

21   different auditors, both acting in good faith, could look at

22   the same transaction and disagree on whether that specific

23   transaction qualifies as a related-party transaction, you,

24   sir, do not have the expertise to challenge that conclusion?

25       A.   That it was a related-party transaction?

1    told their investors that distributions are not guaranteed?

2         A.   Yes.

3         "We are under no obligation to pay cash

4    distributions."

5         Q.   Okay.

6         And then --

7              MR. STEPHENS:  James, if we can go to the

8    statement about Cash from Operations on the same page.

9    BY MR. STEPHENS

10        Q.   Mr. Carocci, can you please read into the record

11   what's highlighted there in yellow?

12        A.   Sure.

13        "There are no limitations on our general

14   partners' abilities to declare distributions in

15   excess of available cash.

16        "We may fund our distributions from borrowings,

17   and the amount of distributions paid at any time may

18   not reflect current cash flow from our investments."

19        Q.   So, Mr. Carocci, it's true, isn't it, that UDF III

20   was disclosing to its investors that they would -- they

21   could fund distributions and that -- from borrowings, and

22   that the amounts of those distributions paid at any time may

23   not reflect the current cash flow from their investments at

24   that point in time?

25        A.   Right.  That's what that says.

UNITED STATES vs HOLLIS MORRISON GREENLAW (1)
4:21-cr-289-O                    Vol 6 January 18, 2022                    Page 1388

```
 1        Q.   Okay.
 2             MR. STEPHENS:  James, if we can go to page 30 of
 3   the same document.
 4             Or 31, please.
 5   BY MR. STEPHENS:
 6        Q.   Mr. Carocci, it's true, is it not, that UDF also
 7   disclosed -- UDF III also disclosed to its investors, in its
 8   S-11, that UDF III was going to avoid the need for large
 9   idle cash reserves on hand?
10        A.   Yes, that is what it states there.
11        Q.   Okay.  So investors would know that before they
12   invested, right?
13        A.   Yes.
14        Q.   And an S-11 goes out to -- it's going to go out in
15   the market before anyone has invested a single penny in
16   UDF III, correct?
17        A.   Correct.  It's like the prospectus.  Right.
18             MR. STEPHENS:  All right.
19             James, if we can go to UDF IV, and go to
20   Defense 76 at 126.
21   BY MR. STEPHENS:
22        Q.   I'm now showing you a public disclosure from
23   UDF IV, Mr. Carocci.
24             This is also an S-11.  This is the S-11 for
25   UDF IV.
```

1    on the right and --

2         Q.    UDF III or UDF IV on the right?

3         A.    I'm sorry?

4         Q.    UDF III and UDF IV on the right?

5         A.    Yes.

6         Q.    Okay.

7         A.    Okay.  So you start off there with land as a

8    source.  Some of that land may be in the entitlement

9    process.  It's going to be in different parts.  And then

10   there's going to be different phases.  That's one of the

11   things that's important to consider, is that, you know, you

12   take down 1,000 acres, you're not going to develop it all at

13   the same time, so there may be pieces of that that come out

14   in terms of phases that are subsets of the original

15   1,000 acres.

16          But anyway, that land is moving, then, on over

17   into UDF V, where you're going to have -- all the way to the

18   left, where you're going to have the ultimate development

19   financing.  Those UDF V investors are going to get their

20   money lent out.  This is what we told them that they were

21   going to do.  We're going to keep -- we're going to have no

22   idle cash.  We're going to invest in these loans.

23          Their money immediately starts earning interest at

24   the 13 percent.  And they receive a priority lien, a very

25   high priority lien, first lien in many cases, on the

```
 1   builders to take down the lots.

 2        Q.   Okay.  So, Mr. Kitchens, let me focus you at the

 3   top of the middle column.  Do you see where it says, "New

 4   loan refi," and it's got an arrow going down.  And it

 5   says -- there's an arrow going over to the right to the UDF

 6   III box that says, "Portion of new loan pays off old loan."

 7             Do you see that?

 8        A.   Yes.  Yes.

 9        Q.   Can you describe what this slide -- or this

10   demonstrative reflects when it says, "Portion of new loan

11   pays off old loan"?

12        A.   Well, a portion of the new financing -- the

13   project loan is going to go back to the lender on the

14   original land acquisition to release the lien that they have

15   so that we have clear title on this development project.

16        Q.   And that portion of that new loan, that's the

17   UDF V loan, correct?

18        A.   Correct.

19        Q.   Did the UDF III or the UDF IV investors in these

20   transactions with this common borrower with UDF V, are they

21   receiving a benefit when the portion of the UDF V loan pays

22   off the UDF III or UDF IV loan that was the land acquisition

23   loan that secured -- that was secured by the collateral --

24        A.   Yes.

25        Q.   -- the land?
```

```
 1        A.   They're getting their debt paid down.  They're
 2   releasing their lien.
 3             But as you see at the very bottom of that
 4   right-hand section, you know, the original UDF III or IV
 5   investors, they get successful repayment of their loan.
 6             And like with any loan that gets repaid, the funds
 7   are available to lend and put into new investments or it's
 8   available to pay distributions or do, you know, whatever
 9   UDF III and UDF IV investors choose to do with that money.
10             And it also, you know, releases their lien on the
11   collateral so that UDF IV now has taken over this project
12   development will have free and clear title to support their
13   development loan.
14        Q.   All right.  So, Mr. Kitchens, let me take you back
15   to that middle aspect of this demonstrative, and it shows
16   new loan refi and it's got an arrow pointing down toward the
17   common borrower.
18             Do you see that?
19        A.   Yes.
20        Q.   What does that reflect?
21        A.   Well, any one of these is considered a loan
22   refinancing, right, because you're having to refinance for
23   the next purpose, you're going to go to development.  It's a
24   refinance from the borrowers' perspective.
25             And in these particular cases -- and you heard a
```

```
 1   lot about this over the last few days -- there's a common

 2   borrower and --

 3       Q.   But so -- if I could stop you there, Mr. Kitchens.

 4            That new loan refi, that will be the balance of

 5   the UDF V loan proceeds coming into the common borrower?

 6       A.   Not to the borrower.

 7       Q.   To the --

 8       A.   It goes -- it goes to pay down the liens.

 9       Q.   So I'm not talking about the arrow that goes over

10   to the UDF III or UDF IV --

11       A.   Oh, I get it.

12       Q.   -- I'm looking --

13            THE COURT:  Hold on.  Don't talk over each other.

14   (BY MR. STEPHENS:)

15       Q.   Mr. Kitchens, I'm looking at the arrow that's

16   coming down in the -- what's in the yellow, middle part of

17   the slide, down towards the common borrower.  Are there loan

18   proceeds from the UDF V loan that are going to the common

19   borrower in the development phase of the project to continue

20   on through the development of the project to get to finished

21   lots?

22       A.   Yes.

23       Q.   Okay.  Can you describe for the men and women of

24   the jury the benefits the common borrower gets receiving

25   those funds in the loan?
```

UNITED STATES vs HOLLIS MORRISON GREENLAW (1)
4:21-cr-289-O                    Vol 7 January 19, 2022                    Page 1181

```
 1       A.   The most obvious is they're getting the financing
 2   they need to do the development -- to pay the development
 3   costs, financing costs related to it, et cetera.
 4       Q.   Okay.  And when the developer, the common borrower
 5   can get the project funded where he or she can get finished
 6   lots on the ground, what happens?
 7       A.   He makes money.
 8       Q.   How so?
 9       A.   Selling the lots to the home builders.
10       Q.   Okay.  So when the home builders come in, the home
11   builders are going to pay the common borrower for those home
12   lots, correct?
13       A.   Yes.  He's basically selling the -- I mean, it's
14   something like a land manufacturing, you're talking raw
15   land, developing it into something that's a finished lot,
16   and then the home builders will take those down based on
17   their separate contracts for purchase.
18       Q.   And when the common borrower receives the money
19   from the home builders after they buy the finished lots,
20   what does the common borrower do with that money, based on
21   the debt that they have on this development loan with UDF V?
22       A.   They pay down their loan.
23       Q.   Okay.
24       A.   They have to pay off all costs associated with the
25   development, including financing, before they get their
```

```
 1   profit.

 2        Q.   Okay.  And when the common borrower sells the

 3   finished lots and has the proceeds to then pay off the UDF V

 4   loan, is that a benefit for the UDF V investors?

 5        A.   Yes.

 6        Q.   Okay.  All right.  Now, let's transition a little

 7   bit and talk about disclosures and what UDF V's disclosures

 8   were related to their business.

 9             Are you familiar with those?

10        A.   Yes, I am.

11        Q.   Okay.  And have you formulated an opinion

12   regarding whether the UDF V loans are consistent with the

13   information in UDF V's public disclosures?

14        A.   Yes, they are.

15        Q.   Okay.  So your opinion is that they are, correct?

16        A.   Correct.

17        Q.   All right.  What is your basis for reaching that

18   opinion?

19        A.   Well, it's my 40 years of experience in

20   understanding what the rules of the road, so to speak, are

21   with respect to the standards, but then also everything that

22   I've done in reviewing the transactions and the disclosures.

23        Q.   Okay.  Does UDF V have disclosures that disclose

24   to their investors that they were going to do loans with

25   common borrowers of other UDF funds?
```

 1   specific intent to defraud, what we think it's in

 2   violation of, the Supreme Court case, which we were

 3   talking a little bit about yesterday, the Rule 29.

 4         Your Honor, when they've got intent to

 5   deceive or achieve, we don't think it's disjunctive

 6   any longer, following Kelly.

 7         And it shouldn't -- the word "deceived"

 8   should be out.

 9         THE COURT:  I'm going to overrule that.

10         MR. STEPHENS:  Okay.

11         Your Honor, and this is -- and some of our

12   other ones, I do think that this is critically

13   important, given that we're talking about intent and

14   the Supreme Court has weighed in on some of this

15   stuff recently, that they also are not traveling on

16   a theory of a scheme to defraud, not just a scheme

17   to defraud another of money and property, and then

18   in the disjunctive -- and I'm at the bottom of page

19   11, your Honor.

20         So it is not just to deprive another of

21   money or property, but it's, as instructed here, "to

22   deprive another of money or property or to bring

23   about some financial gain to the person engaged in

24   the scheme."

25         We think that's inconsistent.

```
 1              THE COURT:  Let me ask you about that because this

 2   language, I went back to look, not today but while I was

 3   working on the charge over the last couple of days, is in

 4   the pattern.  It's in the pattern, in this section of the

 5   pattern.

 6              MR. STEPHENS:  So the Court is correct.  Not

 7   surprisingly, the Court is correct.  I agree with that.

 8              The 11th Circuit has changed their pattern

 9   following Kelly, based on this very language, so

10   it's a trend that's coming in the courts.

11              And your Honor, we had cited a couple of

12   cases that you had overseen, and we were reciting

13   the language that you had approved in other matters

14   and that's the language that we were going on.

15              We think it's, by far, the safest language

16   to use given where the Supreme Court has gone with

17   Kelly.

18              There's been a whole constriction over the

19   past 10 or 15 years on this various aspect.  So we,

20   we think it's critical that that language, that

21   clause, bring about some financial gain to the

22   person engaged in the scheme come out.

23              It's overbroad because it would include a

24   plan to bring about some financial gains to the

25   person, and that's not illegal.
```

1              THE COURT:  Okay.

2              MR. STEPHENS:  So it's basically saying, your

3    Honor, they are at their job.  They're going to get paid for

4    their job but it's making that illegal.  And we just --

5    that's not where the Supreme Court is.

6              THE COURT:  Is there a difference between the case

7    out of Louisiana, the name escapes me, but the case -- but

8    the man who was charged when he ran for election and he was

9    charged for making false statements in connection with the

10   election.

11             And the money he would receive would be

12   his salary for that office.  And the circuit

13   reversed and said they were going to pay that salary

14   to whoever is in that office, so that's not

15   defrauding them of money.  They're already going to

16   pay that money.

17             Is there a difference between that and the

18   defendant in Baker or Barker out of the Western

19   District, where the circuit, in addressing both in

20   the motion to dismiss and in the jury charge, part

21   of the opinion, they combined it, it seemed, when

22   they talked about it sequentially.  Where they say

23   that the Government had to prove and the indictment

24   sufficiently alleged or the charge sufficiently

25   covered that they received bonuses and their stock

 1    value remained high.

 2            Because they were doing this -- I forgot

 3    the name of it, like Arthro --

 4            I didn't -- so anyway, my point, though,

 5    is, why isn't this language here, bringing about

 6    the -- consistent with what the circuit said was

 7    acceptable in that Baker or Barker case?

 8            MR. STEPHENS:  So if you look at the judicial

 9    reasoning in the first case that you cited to me, your

10    Honor, and you compare it against the evidence in this case,

11    there's no evidence in this case that these individuals took

12    any money that they weren't allowed to have.  In fact,

13    that's the evidence in this case.

14            That's from the Government's expert and

15    from our expert who looked at it.  No one is

16    alleging that any of the executives took any

17    improper benefit at all.  So you are left with a

18    situation where like --

19            THE COURT:  Right.

20            But that's a factual basis.  That's a

21    factual issue, right?

22            And this is -- this is language that is or

23    is not permitted under this statute.  And they

24    either have facts to support this or they don't.

25            MR. STEPHENS:  No.

```
 1            THE COURT:  So tell me -- I'm sure I'm

 2   misunderstanding.

 3            So lay it out for me.  I sincerely mean

 4   that.

 5            MR. STEPHENS:  I understand, your Honor.

 6            And I was talking about the evidence.  The

 7   evidence is fresh in my mind.

 8            THE COURT:  Yes, of course.

 9            MR. STEPHENS:  But if you look at it from a legal

10   perspective and you look where the Supreme Court is going,

11   Kelly is clear that what we're talking about is only whether

12   there's intent to deprive another of either, of money or

13   property.  Period.  End.  Stop.

14            THE COURT:  Right.

15            MR. STEPHENS:  So I'm relying on the Supreme

16   Court, which I think is the one --

17            THE COURT:  Right.  I understood your argument.

18            It's just, as I was reading through this,

19   and thinking about this, I kept going back to the

20   Fifth Circuit pattern jury charge, and it's still

21   there.

22            I'm going to give your colleague a chance

23   to respond.  I don't want to beat this too much.

24            What else do you have?

25            MR. STEPHENS:  Well, so without trying to be
```

 1    didn't tell anyone in the SEC filings they didn't have

 2    enough money to make their own loan payments.  All those

 3    things I pointed out earlier.

 4            They went out of their way to tell the investing

 5    public, V is going to be different.  They made that

 6    decision.  Nothing required them to do that, but y'all heard

 7    why they did.  They did because they needed to open it up to

 8    other groups like Cetera.

 9            Some definitions.  Again, there's a number of

10    definitions that is used in this part of the charge as well.

11    So I'm not going to re-go over those, but you heard Judge

12    O'Connor read some of them.  And that was the definition of

13    an "affiliate."

14            I expect there's going to be argument by defense

15    counsel saying this is sort of a mushy kind of thing, people

16    have different opinions.  You read the definition that

17    Judge O'Connor gives you.

18            The term "affiliate" means a person that, directly

19    or indirectly, through one or more intermediaries, controls

20    or is controlled by, or is under common control with the

21    issuer.

22            The word "control" means the possession, direct or

23    indirect, of the power to direct or cause the direction of

24    management and policies of a person, whether through

25    ownership of voting securities -- and then I underlined "by

# TAB 13

(1)  The estimated maximum dollar amounts are based on the sale to the public of a maximum of 12,500,000 units at $20 per unit and 5,000,000 units under our distribution plan at $20 per unit. The estimated minimum dollar amounts assume that no purchases are made under our distribution reinvestment plan.

(2)  Although IMS Securities, Inc., (IMS Securities) is not affiliated with our general partner, certain members of the advisory board to UMT Holdings are principals of IMS, Inc., which is an affiliate of IMS Securities. In addition, certain registered representatives of IMS Securities, from time to time, may also be employees of UMTH Funding. Such persons are expected to perform wholesaling services in connection with this offering. For all sales that are made through such persons or other wholesalers associated with IMS Securities, IMS Securities will be paid a wholesaling fee equal to 1.2% of the gross proceeds from such sales.

(3)  Assumes 85.44% of the gross offering proceeds are invested in mortgages after the minimum offering amount is raised and 88.50% of the gross offering proceeds are invested in mortgages after the maximum offering is raised. Actual amounts are dependent upon outstanding loan balances held by us and therefore cannot be determined at the present time. Such amount will be payable annually, will be less than the amount indicated until such time that all of the offering proceeds are disbursed as loans and not held by us, and will decrease to the extent that capital proceeds that constitute a return of capital are distributed to the limited partners and are not used to make new loans.

(4)  Provided we have cash available from our operations (other than from repayment of the principal amounts of outstanding loans), we intend to pay distributions to our general partner and limited partners on a monthly basis.

(5)  In order for proceeds to be considered "committed" for purposes of calculation and payment of a carried interest, we must be obligated by contract or other binding agreement to invest such proceeds in mortgages, to the exclusion of any other use for such proceeds or no use at all. We expect to pay our general partner 1.47% of cash available for distribution as its carried interest. Such percentage may change from time to time and will be calculated immediately prior to any distribution of cash available for distribution or net proceeds from a capital transaction to the partners under our partnership agreement. Carried interest will be distributable to our general partner when cash available for distribution or net proceeds from a capital transaction are distributed to the limited partners.

(6)  "Cash available for distribution" is the cash funds received by us from operations (other than net proceeds from a capital transaction that produces proceeds from (a) the repayment of principal or prepayment of a mortgage to the extent classified as a return of capital for federal income tax purposes, (b) the foreclosure, sale, exchange, condemnation, eminent domain taking or other disposition of a mortgage loan or of a property subject to a mortgage, or (c) insurance or a guarantee with respect to a mortgage), including, without limitation, interest, points, revenue participations in property appreciation and interest or dividends from interim investments, less all cash used to pay partnership expenses and debt payments and amounts set aside for reserves.

(7)  Employees of UMTH General Services, L.P. will assist our general partner in our management, and we will reimburse UMTH General Services, L.P. for its actual expenses in providing unitholder relations and reporting services for us.

There are many additional conditions and restrictions on the amount of compensation our general partner and its affiliates may receive. There are also some smaller items of compensation and expense reimbursements that our general partner may receive. For a more detailed explanation of the fees and expenses payable to our general partner and its affiliates, see "Estimated Use of Proceeds" and "Compensation of Our General Partner and Its Affiliates." Our general partner may not receive compensation in excess of the maximum amount permitted under the Statement of Policy Regarding Mortgage Programs published by the North American Securities Administrators Association, referred to in this prospectus as the NASAA Guidelines.

14

22-10511.85621  21/256

*Larger loans result in less portfolio diversity and may increase risk and the concentration of loans with a common borrower may increase our risk.*

We will invest in loans that individually constitute an average amount equal to the lesser of (a) 0.25% to 1.5% of the total amount raised in the Offering, or (b) $2.5 million to $15 million. However, we may invest in larger loans depending on such factors as our performance and the value of the collateral. These larger loans are riskier because they may reduce our ability to diversify our loan portfolio. Our largest loan to a single borrower will not exceed an amount equal to 20% of the good faith expected total capital contributions to be raised in the Offering.

*The concentration of loans with a common borrower may increase our risks.*

We may invest in multiple mortgage loans that share a common borrower or loans to related borrowers. The bankruptcy, insolvency or other inability of any borrower that is the subject of multiple loans to pay interest or repay principal on its loans would have adverse consequences on our income and reduce the amount of funds available for distribution to investors. In addition, we expect to be dependent on a limited number of borrowers for a large portion of our business. The more concentrated our portfolio is with one or a few borrowers, the greater credit risk we face. The loss of any one of these borrowers would have a material adverse effect on our financial condition and results of operations.

*Investments in properties at a higher loan-to-value ratio may be subject to greater risk of default and there may not be sufficient funds or assets remaining to satisfy our loans, which could result in losses to us.*

We may invest in property in which the total amount of all secured loans outstanding on the property, including our loans with respect to the property, exceeds 85% of the appraised value of the property if substantial justification exists because of the presence of other underwriting criteria. Investment in properties where the combined loan-to-value ratio exceeds 85% may be riskier then investments in property with a combined loan-to-value ratio of less than 85%, because a decrease in the value of the underlying property due to market or other factors may cause the borrower to hold a property that is worth less than the mortgage balance on the property. Thus, there may be greater risk of default by borrowers who enter into loans with a higher loan-to-value ratio. In the event of a defaulted loan, we would foreclose on the underlying collateral, which may have declined in value. In addition, there are significant costs and delays associated with the foreclosure process. Any of these factors may result in losses to us.

*Incorrect or changed property values could result in losses and decreased distributions to shareholders.*

We will depend primarily upon our real estate security to protect us on the loans that we make. We will depend partly upon the skill of independent appraisers to value the security underlying our loans and partly upon our Advisor Entities' internal underwriting and appraisal process. However, notwithstanding the experience of the appraisers selected by our Advisor Entities, they or our Advisor Entities may make mistakes, or regardless of decisions made at the time of funding, market conditions may deteriorate for various reasons, causing a decrease to the value of the security for our loans. As a result, there may be less security than anticipated at the time the loan was originally made. If there is less security and a default occurs, we may not recover the full amount of our loan, thus reducing the amount of funds available to distribute to our shareholders.

*Changes in market interest rates may reduce our income and distributions to our shareholders.*

A substantial portion of all of our loans will be fixed-interest rate loans. Market yields on investments comparable to the yield on the shares could materially increase above the general level of our fixed-rate loans. Our distributions could then be less than the yield our shareholders may obtain from these other investments. We also will make loans with variable interest rates, which will cause variations in the yield to us from these loans. We may make loans with interest rate guarantee provisions in them, requiring a minimum period of months or years of earned interest even if the loan is paid off during the guarantee period. The duration of the guarantee is subject to negotiation and will likely vary from loan to loan. Other than these provisions, the majority of our loans will not include prepayment penalties for a borrower paying off a loan prior to maturity. The absence of a prepayment penalty in our loans may lead borrowers to refinance higher interest rate loans in a market of falling interest rates. This would then require us to reinvest the prepayment proceeds in loans or alternative short-term investments with lower interest rates and a corresponding lower yield to our shareholders. All of these risks increase as the length of maturity of a loan increases and the amount of cash available for new higher interest loans decreases. A material increase in market interest rates could result in a decrease in the supply of suitable secured loans to us, as there will likely be fewer attractive transactions for borrowers and less activity in the marketplace.

Produced Pursuant to a Protective Order

22-10511.95628

GOV_LTSC_000118177

(c)    Discretionary Advances. Lender is hereby authorized from time to time to make Advances without notice to Borrower that Lender, in its sole discretion, deems necessary or desirable upon the occurrence of any of the following (such Advances made upon the occurrence of the following events are referred to herein as the "**Discretionary Advances**"): (i) Lender determines, in its sole discretion, that an Advance is be necessary or desirable for the purpose of paying any Loan Expense, cost, expense, fee or other amount to or for the benefit of Borrower or chargeable to Borrower under the Loan Documents, (ii) any Event of Default occurs, or (iii) upon request by Borrower for a Commitment Advance that would cause the aggregate amount of all Commitment Advances made hereunder to exceed the Commitment. Each Discretionary Advance shall, upon disbursement, automatically constitute principal outstanding hereunder and cause a corresponding increase in the aggregate amount of the Debt (even if such Discretionary Advance causes the outstanding principal amount of the Note to exceed the Commitment or the face amount of the Note). Borrower agrees that each Discretionary Advance may, in Lender's discretion, reduce the amount of availability, if any, under the Commitment and may, in Lender's discretion, reduce the amount of available Interest Reserve, if any. The making by Lender of any Discretionary Advance shall not cure or waive any Event of Default hereunder (except only for an Event of Default that has been cured to Lender's satisfaction as confirmed by Lender's execution of a written agreement specifically acknowledging and describing the Event of Default so cured, and for an Event of Default that has been waived by Lender as confirmed by Lender's execution of a written agreement specifically acknowledging and describing the Event of Default so waived).

4.    Revolving Advances. In Lender's sole and absolute discretion, Lender may re-advance the Commitment in whole or in part; provided, that Lender is under no obligation to re-advance any part of the Commitment, and provided further, that if Lender decides to re-advance any part of the Commitment, Lender shall have no obligation to fund such re-advance unless each of the Lender Conditions has been satisfied (a re-advance made for the foregoing purposes are referred to herein as a "**Re-Advance**"). Each Re-Advance made under the Note shall, upon disbursement, automatically constitute principal outstanding under the Note and shall cause a corresponding increase in the aggregate outstanding principal amount of such Note and such Re-Advance shall not cause the aggregate amount outstanding under the Note to exceed the face amount of such Note or causes the outstanding principal amount of the Note to exceed the Commitment. Borrower agrees that each Re-Advance shall automatically reduce the amount of availability, if any, under the Commitment. The making by Lender of any Re-Advance shall not cure or waive any Event of Default (except only for an Event of Default that has been cured to Lender's satisfaction as confirmed by Lender's execution of a written agreement specifically acknowledging and describing the Event of Default so cured, or for an Event of Default that has been waived by Lender as confirmed by Lender's execution of a written agreement specifically acknowledging and describing the Event of Default so waived).

Loan Agreement                             11
Frisco 113, Collin County, Texas

SK| RESEARCH



policy document, and thus its application may be subject to interpretation. In addition, the Company has entered into an Allocation Policy Agreement with certain of the prior programs sponsored by affiliates of the UDF Sponsor (as discussed further below), which indicates that the Company may not: (i) sell any loan or asset to; (ii) acquire any loan or asset from; (iii) participate in any loan or asset with; or (iv) invest jointly in any asset with any of the UDF Funds that are a party to the agreement; however, the agreement does not include all prior UDF Funds (including UMT) or affiliates of the prior UDF Funds. Further, the Prospectus indicates that the Board has approved an Affiliated Transactions Best Practices Policy, which incorporates the Dealer Manager's guidelines, pursuant to which the Company, generally, may not invest with or make any loans to any investment program or entity sponsored by either of the Co-Sponsors. While the adoption of such policies may limit related-party transactions, these policies may be amended or waived by the Board without shareholder approval. A charter provision containing limitations on related-party transactions would be more binding, as it would require shareholder approval to be amended or deleted from the charter.

- *Lending to Common Borrowers.* While the Company is limited with respect to related-party transactions, as described above, the Company is not prohibited from lending to unaffiliated borrowers that are or have also been borrowers of prior UDF-sponsored programs. For example, the Company's first investment was a $10.7 million loan to CTMGT Frisco 113, LLC, to refinance the borrower's land acquisition of 81 acres of residential land in Collin County, Texas and to develop the land into single family residential lots for sale to homebuilders. UDF IV has also entered into a loan agreement with the same borrower, and management acknowledged that a portion of the loan made by the Company will be used to repay amounts owed to UDF IV. Management indicated that CTMGT is not affiliated with the UDF Sponsor, based on our review of publicly available materials, CTMGT is an affiliate of Centurion American Development Group, a Texas-based development group that has developed more than 15,000 single-family lots in North Texas since 1990.

- *Risk Associated with Borrower Concentration.* Certain of the UDF Sponsor's prior programs have had significant concentrations of investments in single borrowers and their affiliates. For example, the largest individual borrower (including its affiliates) for UDF IV comprised 63% of the outstanding loan portfolio as of September 30, 2014. Such a concentration among borrowers increases the risk associated with defaults by that borrower, and may also be indicative of limits on the scalability of the UDF Sponsor's business, at least until it establishes relationships with a broader group of borrowers. However, the Company expects to invest in certain geographic areas that the prior UDF Funds have not invested in, which may mitigate such risk.

- *Material Weakness in UDF IV's Internal Control over Financial Reporting.* Management for UDF IV identified a material weakness in its internal control over financial reporting for the annual and interim periods ended December 31, 2009 through December 31, 2013. During that time, UDF IV capitalized acquisition and origination fees incurred and amortized them on a straight-line basis over the fund's expected economic life, as opposed to amortizing qualifying expenses over the life of the loan. In response to the material weakness described above, management engaged a consulting firm to advise and aid management with respect to accounting standards application and reporting matters. On a going forward basis, UDF IV will account for acquisition and origination fees by expensing all such fees as incurred. UDF IV restated the previous years' financial statements (2009 through 2013) to expense the acquisition and origination fees as incurred. According to Cara Obert, the chief financial officer and treasurer of the Company, the material weakness has been resolved and will not affect financial reporting for the Company. See "Accounting – UDF IV Material Weakness in Internal Control over Financial Reporting" for additional details.

FOR BROKER DEALER USE ONLY
NOT FOR DISTRIBUTION TO REGISTERED REPRESENTATIVES, INVESTMENT ADVISERS, CLIENTS OR INVESTORS

22-10511.125413

Produced Pursuant to a Protective Order

GOV_LTSC_001366984

## CERTIFICATE OF SERVICE

I, Kannon K. Shanmugam, a member of the Bar of this Court and counsel for appellant Hollis Morrison Greenlaw certify that, on August 15, 2022, a copy of the attached Record Excerpts was filed with the Clerk through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ Kannon K. Shanmugam

KANNON K. SHANMUGAM